1  Daniel J. Weintraub – Bar #132111
   David B. Zolkin – Bar #155410
2  WEINTRAUB ZOLKIN TALERICO & SELTH LLP
   11766 Wilshire Boulevard, Suite 730
3  Los Angeles, CA 90025
   Telephone: (310) 207-1494
4  Email: dweintraub@wztslaw.com
   Email: dzolkin@wztslaw.com
5

6  *General Bankruptcy Counsel to*
   *Chapter 11 Debtor and Debtor in Possession,*
7  *KOMBU KITCHEN SF LLC, dba NIBLL*

8

9

10                 **UNITED STATES BANKRUPTCY COURT**

11        **CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

12  In re:                                Case No. 2:23-bk-17276-SK

13  KOMBU KITCHEN SF LLC, dba NIBLL,      Chapter 11, Subchapter V

14                                        **OPPOSITION TO MOTION TO**
          Debtor and Debtor In Possession.  **REMOVE DEBTOR IN POSSESSION**
15                                        **PURSUANT TO 11 U.S.C. § 1185(a);**
                                          **DECLARATION OF DAVID B. ZOLKIN**
16                                        **IN SUPPORT THEREOF**

17                                        Hearing:
                                          Date:      August 14, 2024
18                                        Time:      9:00 a.m.
                                          Courtroom: 1575
19                                                   255 East Temple Street
                                                     Los Angeles, CA 90012
20

21                                        Hon. Sandra R. Klein

22

23

24

25

26

27

28

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

# TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ............................................................................ 2

II.   RELEVANT BACKGROUND ............................................................................ 4

III.  THE WAGE CLAIMANTS FAIL TO ESTABLISH CAUSE TO
      REMOVE THE DEBTOR IN POSSESSION .................................................... 7

      A.    Legal Standard ...................................................................................... 7

      B.    The Thibeault's Interest in the Outcome of the Litigation Does Not
            Constitute "Cause" Warranting the Removal of the Debtor From Possession .......... 8

      C.    The Debtor Already Has Addressed the Wage Claimants' Argument
            Regarding Claims Against the Thibeaults in the Plan, Thereby
            Rendering the Argument Moot .............................................................. 13

      D.    The Motion is Little More Than a Litigation Tactic Designed to
            Improperly Damage the Debtor and Strengthen the Wage Claimants'
            Position in this Bankruptcy Case and in the State Court Action ............................ 13

IV.   CONCLUSION .............................................................................................. 15

DECLARATION OF DAVID B. ZOLKIN ................................................................. 16

      Exhibit 1 – Proof of Claim 25 ............................................................ 17

      Exhibit 2 – Proof of Claim 26 ............................................................ 22

      Exhibit 3 – Section 10.2 from the Second Amended Plan of Reorganization ................. 28

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Bader v. Anderson,*
179 Cal. App. 4th 775 (2009) ..................................................................................10

*Espinoza v. Hepta Run, Inc.,*
74 Cal. App. 5th 44 (2022) ......................................................................................12

*Guzman v. Peri & Sons Farms of California, LLC,*
2022 WL 1785041 (E.D. Cal. Dec. 22, 2022) .........................................................12

*In re 4 C Sols., Inc.,*
289 B.R. 354 (Bankr. C.D. Ill. 2003) ........................................................................8

*In re Neosho Concrete Prod. Co.,*
No. 20-30314, 2021 Bankr. LEXIS 1198, at *22 (Bankr. W.D. Mo. May 6, 2021) .........7, 8

*In re Peak Serum, Inc.,*
623 B.R. 609 (Bankr. D. Colo. 2020) ........................................................................7

*In re Sillerman,*
605 B.R. 631 (Bankr. S.D.N.Y. 2019) .......................................................................8

*In re Sundale, Ltd.,*
400 B.R. 890 (Bankr. S.D. Fla. 2009) ........................................................................8

*In re The 1031 Tax Grp., LLC,*
374 B.R. 78 (Bankr. S.D.N.Y. 2007) .........................................................................8

*Keeley & Grabanski Land P'ship v. Keeley (In re Keeley & Grabanski Land P'ship),*
455 B.R. 153 (B.A.P. 8th Cir. 2011) ..........................................................................8

*Keene v. Penske Truck Leasing Co. LP.,*
2023 WL 1478439 C.D. Cal. Feb. 2, 2023) .............................................................12

*Rios v. Linn Star Transfer, Inc.,*
2020 WL 1677338 (N.D. Cal. April 6, 2020) ..........................................................12

*Usher v. White.,*
64 Cal. App. 5th 883 (2021) ....................................................................................12

## STATUTES

11 U.S.C. § 363 .........................................................................................................

11 U.S.C. § 363(b) ..........................................................................................................

11 U.S.C. § 1104(a) ......................................................................................................... 7

11 U.S.C. § 1107 ............................................................................................................. 4

11 U.S.C. § 1108 ............................................................................................................. 4

11 U.S.C. § 1184 ............................................................................................................. 7

11 U.S.C. § 1185(a) ........................................................................................... 2, 4, 7, 13

11 U.S.C. § 1186(b) ........................................................................................................ 7

18 U.S.C. § 152 ............................................................................................................... 6

18 U.S.C. § 157 ............................................................................................................... 6

18 U.S.C. § 357 ............................................................................................................... 6

California Labor Code § 558.1 ................................................................................... 9, 11

California Labor Code § 2802(a) ................................................................................... 10

California Labor Code § 2802(c) ................................................................................... 10

**OTHER REFERENCES**

*Protocol for Engagement of Jay Alix & Associates and Affiliates* .........................................

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

KOMBU KITCHEN SF LLC, dba NIBLL ("Kombu" or the "Debtor") hereby files this opposition (the "Opposition"), to the Motion to Remove Debtor in Possession Pursuant to 11 U.S.C. § 1185(a) (the "Motion") [Dkt. No. 260] filed by the wage claimants (the "Wage Claimants") now in litigation with the Debtor before the Alameda Superior Court.

## I.

## PRELIMINARY STATEMENT

The Debtor, under the management of Kevén Thibeault and Kristen Thibeault (the "Thibeaults"), has worked diligently and has done an excellent job of operating its business in an extremely difficult environment in bankruptcy while also litigating with the Wage Claimants.

The Debtor has complied with all requirements imposed upon a debtor under Subchapter V of Chapter 11. It timely filed its schedules and statement of financial affairs, appeared at its initial case conference and 341(a) meeting, attended all status conferences, has filed all monthly operating reports, timely filed a plan and amended plans of reorganization, has attempted to negotiate with the Wage Claimants to reach a consensual plan, and has had extensive meetings with Mark Sharf, the Subchapter V Trustee (the "Trustee"), in order to make full and complete disclosures regarding (i) the Debtor's present and historical business operations (ii) its proposed plans and plan projections and (iii) to answer any questions the Trustee has posed. The Debtor and its professionals have worked meticulously to make sure that its plan projections are supportable. Where there have been questions raised by the Court and the Trustee, the Debtor has answered them. The Debtor modified its plan of reorganization not only in response to concerns raised by the Court, but in response to concerns raised by the Trustee, including increasing proposed plan payments over and above the Debtor's projected disposable income.

Notwithstanding the Debtor's performance and transparency, the Wage Claimants now seek to remove the Debtor and the Thibeaults from control of the Debtor's entire operation pursuant to section 1185(a) of the Bankruptcy Code. Notably, the Wage Claimants do not allege that "cause" exists to remove the Debtor on grounds of fraud, dishonesty, incompetence or gross mismanagement by the Debtor of its operations.

Rather, the Wage Claimants maintain that cause exists to remove the Debtor from possession of its estate because the Thibeaults are "conflicted" due to (i) the Court's finding, in the context of the Debtor's application to employ Garofolo & Ramsdell, LLP ("G&R") as the Debtor's special litigation counsel in the Wage Claimants' actions against the Debtor and the Thibeaults now before the Alameda Superior Court (the "State Court Actions"), that the Thibeaults' interests are adverse to those of the Debtor and (ii) the Wage Claimants' assertion that the Debtor might have indemnification claims against the Thibeaults (and the Thibeaults against the Debtor) if they and the Debtor are found to be co-liable to the Wage Claimants and in connection with other speculative claims that the Debtor might have against the Thibeaults but will not pursue.

The irony of the Motion is not lost on the Debtor.  The Wage Claimants, creditors who filed proofs of claim that **overstate their claims by almost 189%**, now seek to remove the Debtor from possession and place the Trustee in complete control not only of the Debtor's defense of itself in the State Court Actions, but of the Debtor's entire business, on the theory that the Debtor and the Thibeaults, the very parties that objected to the Wage Claimants' vastly overstated, arguably fraudulent, claims, have conflicting interests in their defense of the State Court Actions because the Thibeaults are motivated to "shift" liability onto the Debtor and away from themselves.  Had the Debtor, under the Thibeaults' management, sought to shift liability to itself, the Debtor would never have joined in the objection to the Wage Claimants' excessive and unsupported claims against it. Instead, it would have allowed those claims to remain without objection.

Furthermore, there is no support for the proposition that the Debtor would have any indemnification claims against the Thibeaults because of its potential liability to the Wage Claimants.  The Wage Claimants have not cited to a single authority that supports the proposition that a company is entitled to indemnification from responsible officers for the company's labor law violations.  To the contrary, it is the officers of a company that typically hold indemnification claims against the violating company.  In this instance, the Thibeaults do not intend to assert such claims against the Debtor and have not filed any proof of claims against the Debtor.

Finally, to the extent that the Debtor could have any claims against the Thibeaults, such claims are addressed in the Debtor's pending Second Amended Plan of Reorganization (the "Plan")

[Dkt. No. 224], which has been on file since June 12, 2024, and are not a legitimate basis for removal of the Debtor here. Numerous chapter 11 debtors hold potential claims against their owners and operators. This circumstance is common, and if the potential for such claims constitutes "cause" to remove a debtor under section 1185(a) of the Bankruptcy Code, then cause to remove debtors in possession would become commonplace, and the longstanding rule that a chapter 11 debtor should remain in possession of its estate would be upended.

The Wage Claimants fail to satisfy the heightened burden for the relief that they seek. Nothing asserted in the Motion rises to the level of the egregious conduct evidenced in other court decisions that have found for the removal of Subchapter V debtors in possession. Notably, neither the UST nor the Trustee have joined in the Motion. The Debtor believes that the Motion is little more than a litigation tactic designed to add further layers of complication and expense for the Debtor in the State Court Actions and this bankruptcy case and to prevent the Debtor from being able to vigorously defend itself at trial in the State Court Actions.

## II.

## RELEVANT BACKGROUND

The Debtor commenced this bankruptcy case ("Bankruptcy Case") by filing an emergency petition for relief under Chapter 11, Subchapter V, of the Bankruptcy Code on November 1, 2023 (the "Petition Date"). The Debtor continues to carry out its business operations and manage its financial affairs as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108. As stated above, the Trustee is the Subchapter V Trustee in the Bankruptcy Case.

The Debtor is owned and managed by the Thibeaults. Kevén Thibeault is the Debtor's CEO, and Kristen Thibeault is its Secretary. In the nine months that the Bankruptcy Case has been pending, the Debtor, led by the Thibeaults, has successfully negotiated the many difficulties faced by chapter 11 debtors, including very real concerns by vendors, existing clients and prospective clients regarding the Debtor's ongoing viability. During its time in bankruptcy, the Debtor has fulfilled all of its obligations as a Subchapter V debtor, including timely filing pleadings and other documents required of the Debtor under the Bankruptcy Code and by the guidelines of the Office of

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

1  the United States Trustee (the "UST").  The Debtor has cooperated with all requests made by the

2  Trustee.

3         There have been no assertions that the Debtor has engaged in fraud or dishonesty, or that it

4  has grossly mismanaged its business or the Bankruptcy Case.  There have been no assertions that

5  the Debtor or its management are incompetent.

6         The fight in the Bankruptcy Case is the fight that led the Debtor to file the Bankruptcy Case

7  in the first instance:  the Debtor's dispute with the Wage Claimants over their claims that the Debtor

8  engaged in violations of California labor laws.

9         On January 10, 2024, the Wage Claimants filed two separate proofs of claim in the

10  Bankruptcy Case.  One subgroup of the Wage Claimants, made up of a class led by Ara De

11  Coudreaux, Daeun Hwang, Myriah Sims, Vera Lopez, Nicole Vassallo, and Zena Evans, filed Proof

12  of Claim 25 ("Claim 25"). Claim 25 is blank and unsigned (and, hence, unsworn).  A true and correct

13  copy of Claim 25 is attached as **Exhibit 1** to the Declaration of David B. Zolkin (the "Zolkin Decl.")

14  filed in support hereof.  Attached to the blank and unexecuted proof of claim form of Claim 25 is a

15  single page that contains a summary chart with dollar figures totaling $11,097,459.41.

16         Another group of the Wage Claimants, made up of a class led by Maria de Jesus Vergara,

17  Paholo Ramos, and Roberto Reyes (the "Vergara Claimants"), filed Proof of Claim 26 ("Claim 26",

18  and, collectively with Claim 25, the "Proofs of Claim").[1]  Claim 26 was completed and was executed

19  by Cody Bolce, counsel for the Vergara Claimants.  A true and correct copy of Claim 26 is attached

20  as **Exhibit 2** to the Zolkin Decl.  The only attachment to Claim 26 is the identical summary chart

21  that was attached to Claim 25.

22         On April 12, 2024, a mere three months after the Wage Claimants filed the Proofs of Claim,

23  the Wage Claimants and the Thibeaults, as parties to the ongoing State Court Action, filed an

24  *Amended Joint Mandatory Settlement Conference Statement* (the "MSC Statement"). In the MSC

25  Statement, the Wage Claimants affirmatively represented that that their economic damages

26  amounted to no more than $5,876,406.  A far cry from the almost $11.1 million asserted by them in

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

---

[1] To date, neither of the Proofs of Claim have been amended.

OPPOSITION TO MOTION TO REMOVE DEBTOR IN POSSESSION

the Proofs of Claim. A true and correct copy of the MSC Statement is attached as **Exhibit 1** to the Declaration of Craig P. Ramsdell (the "Ramsdell Decl.") filed contemporaneously herewith.

On May 21, 2024, the Thibeaults filed objections to the Proofs of Claim. Because (i) the Proofs of Claim were filed without support (with one being blank and unexecuted), and (ii) the Debtor became cognizant that there was an approximate $5.2 million disparity between the Wage Claimants' assertion in the State Court Actions and the approximate $11.1 million figure contained in the Proofs of Claim, the Debtor believed the Proofs of Claim were facially invalid and inconsistent with the requirement that proofs of claim not be fraudulent (*see*, 18 U.S.C. §§ 152, 157, and 357). Consequently, the Debtor joined in the Thibeaults' claims objections.

Because the objections and joinders thereto were filed on the eve of the Debtor's May 22, 2024 confirmation hearing, the Court continued confirmation. It also, *sua sponte*, lifted the automatic stay to allow the State Court Actions against the Debtor to move forward to allow the Wage Claimants' claims to be liquidated there. Once the Court lifted the stay, the Debtor was required to find counsel to represent it in a trial in the State Court Actions that was then scheduled to commence in June 2024.

The Court is aware of most of the events that followed: (i) trial in the State Court Actions was continued from June, 2024 to August 12, 2024, to allow the Debtor the opportunity to find a replacement for its prior counsel, Bent, Caryl & Kroll, LLP; (ii) the Debtor filed its application to employ G&R as its special litigation counsel for the trial; (iii) the Court denied that application after concluding that the Thibeaults' interests in the State Court Actions were adverse to those of the Debtor; and (iv) the Court took the hearing on confirmation of the Plan off calendar to allow for the Wage Claimants' claims first to be liquidated in the State Court Actions.

The Debtor is now in the process of identifying replacement counsel qualified to represent it in the State Court Actions. Obviously, the process is made more difficult because the Debtor is in bankruptcy, which poses additional barriers to the Debtor's finding replacement counsel. Until yesterday, August 1, 2024, trial in the State Court Action had been the date set to commence August 12, 2024.

On August 1, 2024, however, the state court overseeing the State Court Actions took the August 12, 2024 trial date off calendar to permit the Debtor a reasonable opportunity to find replacement counsel. The state court will establish a new date for a pre-trial conference and trial following the conclusion of an August 13, 2024 hearing on G&R's motion to be relieved as counsel for the Debtor. A true and correct copy of the state court's *ORDER re: Pre-Trial Conference* is attached to the Ramsdell Decl. as **Exhibit 2**.

Finally, as noted above, the Wage Claimants' concerns regarding the Debtor's being conflicted in its investigation of any claims against the Thibeaults are not only overstated but are fully addressed in Article 10.2 of the Plan, the provisions of which were negotiated with the Trustee to preserve the Trustee's rights to investigate and, if appropriate, commence suit against the Thibeaults.  A true and correct copy of the relevant excerpts of the Plan that address the Wage Claimants' concerns are attached as **Exhibit 3** to the Zolkin Decl.

### III.

### THE WAGE CLAIMANTS FAIL TO ESTABLISH CAUSE
### TO REMOVE THE DEBTOR IN POSSESSION

**A.    Legal Standard**

In a Subchapter V bankruptcy, the debtor remains in possession of the assets of its estate as debtor in possession, with the rights, duties, and powers of a traditional Chapter 11 debtor in possession, including operation of the debtor's business. See 11 U.S.C. §§ 1184, 1186(b).  Under § 1185(a), however, "a party in interest" may seek the court's removal of the Subchapter V debtor in possession "for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor, either before or after the date of commencement of the case . . . ." 11 U.S.C. § 1185(a).

In assessing whether to remove a Subchapter V debtor in possession "for cause" under § 1185(a), courts have been guided by caselaw construing 11 U.S.C. § 1104(a), which governs appointment of a trustee in a traditional Chapter 11 case and contains identical language. *See, e.g., In re Neosho Concrete Prod. Co.*, No. 20-30314, 2021 Bankr. LEXIS 1198, at *22 (Bankr. W.D. Mo. May 6, 2021) (citing *In re Peak Serum, Inc.*, 623 B.R. 609, 614 n.1 (Bankr. D. Colo. 2020)).

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

Courts have taken "a 'flexible' approach to determining whether cause exists to remove a debtor in possession, balancing competing interests to determine whether the costs of removal outweigh the benefits." *In re Neosho Concrete*, 2021 Bankr. LEXIS 1198, at \*23 (citing *Keeley & Grabanski Land P'ship v. Keeley (In re Keeley & Grabanski Land P'ship)*, 455 B.R. 153, 163 (B.A.P. 8th Cir. 2011)).

Removal of a debtor in possession is "an extraordinary remedy," and "the movant's burden is high." 2021 Bankr. LEXIS 1198, at \*23 (citing *In re Keeley & Grabanski Land P'ship*, *supra* at 163; *see also In re The 1031 Tax Grp., LLC*, 374 B.R. 78, 85 (Bankr. S.D.N.Y. 2007) ("The appointment of a chapter 11 trustee is an extraordinary remedy."). The moving party bears the burden of establishing cause for removal "by clear and convincing evidence." *In re The 1031 Tax Grp., LLC*, *supra*; *see also In re Sillerman*, 605 B.R. 631, 640-41 (Bankr. S.D.N.Y. 2019) ("cause" for removal must be shown "by clear and convincing evidence"). Indeed, "[t]here is a strong presumption in favor of allowing a chapter 11 debtor in possession to remain in possession." *In re Neosho Concrete*, *supra* (citing Keeley & Grabanski Land P'ship., *supra* at 162); *see also 1031 Tax Grp.*, 374 B.R. *supra*. "The preference for retention of current management is stronger where the Debtor is a closely held entity whose reputation and good will is closely identified with its owners and/or management team." *In re 4 C Sols., Inc.*, 289 B.R. 354, 370 (Bankr. C.D. Ill. 2003); see also *In re Sundale, Ltd.,* 400 B.R. 890, 899 (Bankr. S.D. Fla. 2009) (errors by current management, including failure to pay taxes, observe corporate formalities, and disclose all transfers, did not rise to the level of "cause" to appoint trustee).

**B.    The Thibeaults' Interest in the Outcome of the Litigation Does Not Constitute "Cause" Warranting the Removal of the Debtor From Possession**

The Court previously concluded in the context of G&R's employment application that the Thibeaults' interests are adverse to the Debtor's in connection with their defense of the State Court Actions. The Debtor has accepted and has no intention of challenging the Court's determination that G&R cannot be employed as its counsel in the State Court Actions. But in light of the relief now sought in the Motion, the Debtor respectfully asks that the Court further consider its

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

conclusions, or alternatively, expand upon its thinking, that the Thibeaults' interests in the State Court Actions are at odds with those of the Debtor.

The Debtor recognizes that, like itself, the Thibeaults seek to exonerate themselves of liability to the Wage Claimants. The Thibeaults' contention that they personally did not cause labor code violations, however, does not mean they are suggesting that the Debtor committed such violations, and the Thibeaults have steadfastly denied that the Debtor has committed the alleged labor code violations. Any contention by the Thibeaults that others at the Debtor oversaw the employee-related matters in question does not in any way constitute an admission that the Debtor committed labor code violations. If labor code violations occurred, then the Debtor will have liability no matter which members of management oversaw such violations. If the Thibeaults also violated the labor code, or caused such labor code violations, under California Labor Code § 558.1, as alleged by Wage Claimants, then they would have personal liability alongside, and not lieu of, the Debtor. Other than for the Thibeaults and the Debtor, there are no other defendants in the State Court Actions who could have liability.

The notion that the Thibeaults would ever want the Debtor to suffer an increased claim is a fallacy. Had the Thibeaults wanted to "shift" liability to the Debtor, they would not have objected to the Proofs of Claim and the Debtor would not have joined in that objection. Had the objections to the Proofs of Claim not been filed, the Wage Claimants would have asserted their entitlement to claims against the Debtor exceeding their presumably best case scenario for economic damages in the State Court Actions by at least $5.2 million.

And the Wage Claimants' argument that the Thibeaults might direct litigation counsel for the Debtor to undertake responsibilities that their own counsel would otherwise undertake in order to burden the bankruptcy estate with additional professional fees ignores certain practical realities. First, any new counsel that can be found to represent the Debtor will be at a severe disadvantage due to its lack of familiarity with the facts (and, presumably, the specific legal issues) underlying the State Court Actions. As a result, such counsel will need to heavily lean upon the Thibeaults' counsel, G&R, in order to bring it up to speed and coordinate trial strategies and presentations. Furthermore, new Debtor's counsel will be heavily dependent upon G&R to prepare pleadings and make

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

arguments that would be far easier for G&R to make based upon its experience with the State Court Actions to date.   The far more likely outcome here is the opposite of what the Wage Claimants' now suggest: as between the Debtor and the Thibeaults, it is the Thibeaults who will bear the disproportionate financial burden of the litigation.  The Thibeaults have every incentive to ensure that the Wage Claimants' claims against the Debtor and themselves are rejected or, alternatively, minimized.  So there is little likelihood they would want to choose to rely upon the work of a professional less familiar with the State Court Actions than their own counsel.

The Wage Claimants' argument that the Debtor cannot act in accordance with its fiduciary duties because the Thibeaults might be subject to indemnification claims also is misleading.   The Wage Claimants mischaracterize *Bader v. Anderson*, 179 Cal. App. 4th 775, 788 (2009), when they suggest that it has application to this case.  *Bader* does stand for the proposition that "a corporate entity can sue its officers or directors 'where conduct, including mismanagement by corporate officers, causes damage to the corporation . . . ."  *Bader*, however, involved a derivative shareholder lawsuit.  The Wage Claimants have failed to cite a single case or other authority that stands for the proposition that a corporate officer or member of management would have personal liability to its employer for overseeing labor code violations.  The Debtor does not believe such authority exists.

Conversely, California Labor Code § 2802(a) expressly provides as follows:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

California Labor Code § 2802(a).

Moreover, California Labor Code § 2802(c) provides that

> [f]or purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section.

California Labor Code § 2802(c).

Although the Thibeaults were permitted by law to file a claim against the Debtor seeking indemnity for their costs and attorney's fees incurred and any potential losses, they have not done

so.  So there is no risk of conflict arising from the Thibeaults' assertion of claims back against the Debtor.

The Wage Claimants' suggestion that the Debtor cannot be trusted to settle the Wage Claimants' claims also is false.  As the Court is aware, any settlement that the Debtor would enter with the Wage Claimants would require the Court's review and approval after the Debtor has filed a noticed motion seeking such approval.  Any settlement would be subject to review not only by the Court, but by the UST and the Trustee.  Furthermore, there would be no settlement absent the Wage Claimants' agreement to enter into a settlement.  The Debtor fails to understand how the Wage Claimants can have any objection to a hypothetical settlement that, definitionally, could not exist without them.  Presumably, if the Debtor and the Wage Claimants come before this Court, walking hand-in-hand, having reached an agreement for the world to review, the Bankruptcy Case would quickly proceed to confirmation.

The Debtor asks that the Court continue to keep in mind that the very creditors who now argue that the Thibeaults' are looking to shift liability to the Debtor, are the same creditors who have done and will continue to do whatever they can to inflate their own claims against the Debtor at the expense of other creditors.  As evidence of this, the Court need only look as far as the Proofs of Claim and compare them against the representations made by the Wage Claimants in the MSC Statement.

Finally, the Debtor has been unable to find a single case in which a court has found that a law firm would have an actual conflict of interest in representing both an employer sued for alleged California Labor Code violations and its managing agents sued under California Labor Code § 558.1 for the same alleged violations.  Similarly, it does not appear that a single case exists in which a court has found that a conflict of interest exists between a company sued for alleged Labor Code violations and managing agents sued under California Labor Code § 558.1 for the same alleged violations.  To the contrary, the following are several examples of cases in which the same law firm represented the employer and its managing agents for the same alleged California Labor Code violations when the theory of liability against the managing agents was pursuant to California Labor Code § 558.1:

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

- *Espinoza v. Hepta Run, Inc.*, 74 Cal. App. 5th 44 (2022) - the same attorney represented the employer Hepta Run, Inc. and its owner (who was sued under California Labor Code § 558.1) against claims by plaintiffs for alleged California Labor Code wage and hour violations.

- *Usher v. White*., 64 Cal. App. 5th 883 (2021) - the same law firm represented the employer White Communications, LLC and its owner (who was sued under California Labor Code § 558.1) against claims by plaintiffs for alleged California Labor Code wage and hour violations.

- *Rios v. Linn Star Transfer, Inc.*, 2020 WL 1677338 (N.D. Cal. April 6, 2020) - the same attorneys represented the employer Linn Star Transfers, Inc. and owners, officers, and directors (who were sued under California Labor Code § 558.1) against claims by plaintiffs for alleged California Labor Code wage and hour violations.

- *Guzman v. Peri & Sons Farms of California, LLC*, 2022 WL 1785041 (E.D. Cal. Dec. 22, 2022) - the same attorneys represented the employer Peri & Sons Farms of California and alleged managing agents of the employer (sued under California Labor Code § 558.1) against claims by plaintiffs for alleged California Labor Code wage and hour violations.

- *Keene v. Penske Truck Leasing Co. LP.*, 2023 WL 1478439 C.D. Cal. Feb. 2, 2023) - the same attorneys represented the employer Penske Truck Leasing Co. LP and an alleged managing agent (sued under California Labor Code § 558.1) against claims by plaintiffs for alleged California Labor Code wage and hour violations.

While the Court previously concluded that the Thibeaults hold interests adverse to the Debtor in the context of G&R's employment under section 327(e) of the Bankruptcy Code, the Debtor submits that, in the context of a motion in which the Debtor's litigation opponent seeks to have the Debtor removed from possession of its estate and from control of its litigation defense, that adverse

OPPOSITION TO MOTION TO REMOVE DEBTOR IN POSSESSION

interest, to the extent it actually exists, is not so material as to warrant the Debtor's removal as debtor in possession.

**C.      The Debtor Already Has Addressed the Wage Claimants' Argument Regarding Claims Against the Thibeaults in the Plan, Thereby Rendering the Argument Moot**

Article 10.2 of the Plan, which has been on file in its present form since June 12, 2024, addresses the concerns raised by the Wage Claimants regarding the investigation and preservation of any claims against the Thibeaults.

Under the Plan, such claims are preserved and survive confirmation of the Plan.  In the event of a default under the Plan, the right to prosecute such claims will vest in the Trustee or any successor to the Trustee.

The provisions of Article 10.2 were the direct result of the Debtor's discussions with the Trustee and were acceptable to the Trustee.

**D.      The Motion is Little More Than a Litigation Tactic Designed to Improperly Damage the Debtor and Strengthen the Wage Claimants' Position in this Bankruptcy Case and in the State Court Actions**

The Court should recognize that, in the absence of legitimate "cause" under Bankruptcy Code § 1185(a), the Wage Claimants should not be able to dictate the Debtor's operations or its litigation defense efforts against them.  Cause does not exist here.

The Motion is simply another litigation tactic of the Wage Claimants; not entirely dissimilar to the tactic recently used by them in the State Court Actions to convince the state court that the trial that had been set to commence on August 12, 2024 should not be continued.  In a pleading filed with the state court on July 11, 2024 entitled *Plaintiffs' Joint Opposition to Defendants' Ex Parte Application to Continue Trial*, the Wage Claimants made the following representations:

> Defendants mischaracterize Plaintiffs' response to Kombu's filing in the bankruptcy case as seeking to prevent Kombu from retaining Garofolo & Ramsdell, LLP ("G&R").  To the contrary, Plaintiffs have no objection to G&R representing Kombu in this matter and the bankruptcy court has no authority to prevent G&R from representing Kombu. The only question at issue in the bankruptcy matter is whether G&R can be paid out of the bankruptcy estate in light of the conflict-of-interest issues that arise when one firm represents multiple parties in the same action as G&R does here.

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

> Since the Bankruptcy Code strictly prohibits a debtor from employing a conflicted attorney using estate assets, Plaintiffs objected to Kombu's application in accordance with their fiduciary duty to absent class members who are creditors of the bankruptcy estate (i.e., to ensure they are not prejudiced by improper diminishment of the estate). Nothing prevents this trial from going forward as scheduled.

See, Ramsdell Decl., **Exhibit 3**, p. 3.

And in a separate pleading entitled *Plaintiffs' Opposition to Defendants' Renewed Ex Parte Application to Continue Trial Due to Bankruptcy Court's Decision to Deny Kombu Kitchen SF, LLL's Application To Employ Garofolo & Ramsdell, LLP as Special Trial Counsel*, filed with the state court on July 19, 2024, only days after the hearing at which the Court denied G&R's employment by the Debtor, the Wage Claimants stated as follows:

> Though it's not wholly clear from its papers, Kombu's application is seemingly based on an assumption this Court will eventually grant G&R's currently hypothetical motion to withdraw based on a conflict of interest. But this motion hasn't been filed, let alone granted, so Plaintiffs and the Court cannot properly evaluate G&E's need to withdraw. As such, Kombu's application is premature. Before determining whether this application has merit, G&R should file a motion to withdraw with a supporting declaration explaining the factual basis for its conflict so this Court can evaluate whether such withdrawal is *truly* necessary. Only then can the Court properly determining whether Kombu's request should be granted. Notably, G&R repeatedly maintains it disagrees with the bankruptcy court and doesn't believe it has a conflict.... Its motion should explain why it needs to withdraw despite its belief it doesn't have a conflict.

Ramsdell Decl., **Exhibit 4**, p. 5.

The Debtor recommends that the Court review each of **Exhibit 3** and **Exhibit 4** to the Ramsdell Decl. in full. In each instance, the Wage Claimants' made misleading statements to the state court regarding what transpired before this Court simply to prevent the trial in the State Court Actions from being continued to accommodate the Debtor's need to find and hire new litigation counsel. The Wage Claimants clearly recognize that, absent the Debtor's finding counsel to represent it in the State Court Actions, the Debtor could not appear at trial and would be forced to take a default judgment. That could not have been this Court's intention when it lifted the stay back in May.

/ / /

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

-14-

# IV.

## CONCLUSION

The Debtor and the Thibeaults, as its management, have acted in good faith throughout the Bankruptcy Case. The Wage Claimants have failed to demonstrate "cause" to remove the Debtor from possession, have not been honest with the Court or with the state court regarding their intentions or with respect to the prevailing facts and should not be given the benefit of the doubt now. The removal of a debtor from possession is the exception to the rule. The Wage Claimants' position, if accepted by the Court, would turn the exception on its head in every case in which a debtor's owner or operator is co-liable with the debtor in a lawsuit or on a contract or guaranty. The relief requested by the Wage Claimants is overreaching, unwarranted and should be denied.

Dated: August 2, 2024                    Respectfully submitted,

**WEINTRAUB ZOLKIN TALERICO & SELTH LLP**

By:  */s/ David B. Zolkin*
            David B. Zolkin
*General Bankruptcy Counsel to*
*Chapter 11 Debtor and Debtor in Possession,*
*KOMBU KITCHEN SF LLC, dba NIBLL*

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

## <u>DECLARATION OF DAVID B. ZOLKIN</u>

I, David B. Zolkin, do hereby declare:

1.      I am an attorney at law, admitted to practice in all the courts of the State of California and in the United States District Court for the Central District of California.  The facts set forth herein are based upon my personal knowledge, and if called as a witness, I could and would testify competently thereto.

2.      I am partner in the law firm of Weintraub Zolkin Talerico & Selth LLP (the "<u>Firm</u>"), located at 11766 Wilshire Blvd., Suite 730, Los Angeles, California 90025. The Firm is general bankruptcy counsel to KOMBU KITCHEN SF LLC, dba NIBLL ("<u>Kombu</u>" or the "<u>Debtor</u>"), the debtor and debtor in possession in the above-captioned Subchapter V bankruptcy case.

3.      I submit this Declaration in support of the Debtor's *Opposition to Motion to Remove Debtor in Possession Pursuant to 11 U.S.C. § 1185(a)* (the "<u>Opposition</u>") to which this Declaration is annexed.  Terms not defined herein shall have the same meanings ascribed to them in the Opposition.

4.      Attached hereto as **<u>Exhibit 1</u>** is a true and correct copy of Claim 25 as it appears on the Court's electronic claims register for this Case.

5.      Attached hereto as **<u>Exhibit 2</u>** is a true and correct copy of Claim 26 as it appears on the Court's electronic claims register for this Case.

6.      I obtained copies of each of the Proofs of Claim directly from the Court's website by causing each to be downloaded to my computer.

7.      Attached hereto as **<u>Exhibit 3</u>** is a true and correct copy of the pages from the Debtor's Second Amended Plan of Reorganization (the "<u>Plan</u>") [Dkt. No. 224] that set forth Article 10.2 of the Plan.  My firm filed the Plan with the Court on June 12, 2024.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 2nd day of August 2024, at Los Angeles, California.

*/s/ David B. Zolkin*
David B. Zolkin

DECLARATION OF DAVID B. ZOLKIN IN SUPPORT OF OPPOSITION TO MOTION TO REMOVE DEBTOR IN POSSESSION

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

# EXHIBIT 1

# Proof of Claim 25*

*Proof of Claim 25 downloaded from the Court's website is a "live" form that was not flattened by the creditors prior to filing; the copy attached has been flattened pursuant to the Court's Local Rules and the Central Guide for filing as an exhibit to the Zolkin Declaration.

<table>
<tr><td colspan="2">**Fill in this information to identify the case:**</td></tr>
</table>

| Debtor 1 | _____ |
| Debtor 2 (Spouse, if filing) | _____ |
| United States Bankruptcy Court for the: | Central District of California |
| Case number | _____ |

## Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense.** Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

---

| **Part 1:** | **Identify the Claim** |

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim) _____

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|
| Name _____ | Name _____ |
| Number      Street | Number      Street |
| City            State        ZIP Code | City            State        ZIP Code |
| Contact phone _____ | Contact phone _____ |
| Contact email _____ | Contact email _____ |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☐ No
☐ Yes.  Claim number on court claims registry (if known) _____       Filed on _____
                                                                        MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes.  Who made the earlier filing? _____

---

Official Form 410                                  Proof of Claim                    **ZOLKIN DECL. - EXHIBIT 1 - Page 18**

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

---

**6. Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____

---

**7. How much is the claim?**    $_____ . **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

---

**9. Is all or part of the claim secured?**

☐ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe:  _____

**Basis for perfection:**  _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**    $_____

**Amount of the claim that is secured:**    $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

---

**10. Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

---

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

---

**ZOLKIN DECL. - EXHIBIT 1 - Page 19**

12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:    Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name _____
First name          Middle name          Last name

Title _____

Company _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
Number          Street

_____
City          State          ZIP Code

Contact phone _____    Email _____

| Print | Save As... | Add Attachment | Reset |
|---|---|---|---|

Official Form 410                    **Proof of Claim**

|  | | BOH | | FOH |
|---|---|---|---|---|
| Rest Wages | $ | 416,220.28 | $ | 294,183.84 |
| Meal Wages | $ | 291,846.27 | $ | 214,597.59 |
| 226 | $ | 202,231.60 | $ | 151,150.00 |
| 203 | $ | 643,543.40 | $ | 546,401.20 |
| PAGA 203/256/1197.1 | $ | 643,543.40 | $ | 546,401.20 |
| 226.3 | $ | 2,229,134.91 | $ | 1,616,250.00 |
| 558 | $ | 209,617.99 | $ | 151,150.00 |
| 210 | $ | 419,235.98 | $ | 302,300.00 |
| Fees | $ | 899,765.00 | $ | 1,230,956.00 |
| Costs | $ | 7,300.00 | $ | 14,630.76 |
| Totals | $ | 5,962,438.82 | $ | 5,068,020.59 |
| LC 2802 | $ | - | $ | 67,000.00 |
| **TOTAL** | $ | **5,962,438.82** | $ | **5,135,020.59** |

# EXHIBIT 2

# Proof of Claim 26

**Fill in this information to identify the case:**

Debtor 1     Kombu Kitchen SF, LLC

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:  Central District of California

Case number   2:23-bk-17276-S

Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense.** Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309)** that you received.

## Part 1:    Identify the Claim

| | |
|---|---|
| 1. Who is the current creditor? | Maria De Jesus Vergara et al., the Certified Class, & Class Counsel Mallison & Martinez |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor |
| 2. Has this claim been acquired from someone else? | ☑ No<br>☐ Yes. From whom? |

| 3. Where should notices and payments to the creditor be sent? | Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|---|
| Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Maria De Jesus Vergara <br> Name | <br> Name |
| | 1939 Harrison Street Suite 730 <br> Number    Street | <br> Number    Street |
| | Oakland        CA        94612 <br> City        State        ZIP Code | <br> City        State        ZIP Code |
| | Contact phone (510) 832–9999 | Contact phone |
| | Contact email enotices@themmlawfirm.com | Contact email |
| | Uniform claim identifier for electronic payments in chapter 13 (if you use one): <br> __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ | |

| | |
|---|---|
| 4. Does this claim amend one already filed? | ☑ No<br>☐ Yes.  Claim number on court claims registry (if known) _____     Filed on ____ / __ / ____ <br> MM / DD / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No<br>☐ Yes.  Who made the earlier filing? |

**Part 2:** **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____ |

7. **How much is the claim?**    $_____5,962,438.82__ . **Does this amount include interest or other charges?**

   ☑ No

   ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

   Limit disclosing information that is entitled to privacy, such as health care information.

   Class/PAGA Claims/Fees & Costs (Alameda Case #RG20057449)_____

9. **Is all or part of the claim secured?**

   ☑ No

   ☐ Yes.   The claim is secured by a lien on property.

   **Nature of property:**

   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

   ☐ Motor vehicle

   ☐ Other. Describe: _____

   **Basis for perfection:** _____

   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property:**    $_____

   **Amount of the claim that is secured:**    $_____

   **Amount of the claim that is unsecured:**   $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:**    $_____

   **Annual Interest Rate** (when case was filed)_____%

   ☐ Fixed
   ☐ Variable

10. **Is this claim based on a lease?**

    ☑ No

    ☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

11. **Is this claim subject to a right of setoff?**

    ☑ No

    ☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

|  | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:   Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   01/10/2023
                   MM / DD / YYYY

/s/ Cody A. Bolce
Signature

Print the name of the person who is completing and signing this claim:

| Name | Cody | Alexander | Bolce |
|---|---|---|---|
|  | First name | Middle name | Last name |

| Title | Attorney for Maria De Jesus Vergara and the Class |
|---|---|

| Company | Mallison & Martinez |
|---|---|
|  | Identify the corporate servicer as the company if the authorized agent is a servicer. |

| Address | 1939 Harrison Street, Suite 730 |
|---|---|
|  | Number      Street |
|  | Oakland                    CA      94612 |
|  | City                       State   ZIP Code |

| Contact phone | (510) 832-9999 | Email | enotices@themmlawfirm.com |
|---|---|---|---|

| Print | Save As... | Add Attachment | Reset |
|---|---|---|---|

Official Form 410                                                              Proof of Claim

# ATTACHMENT 1

|  |  | BOH |  | FOH |
|---|---|---|---|---|
| Rest Wages | $ | 416,220.28 | $ | 294,183.84 |
| Meal Wages | $ | 291,846.27 | $ | 214,597.59 |
| 226 | $ | 202,231.60 | $ | 151,150.00 |
| 203 | $ | 643,543.40 | $ | 546,401.20 |
| PAGA 203/256/1197.1 | $ | 643,543.40 | $ | 546,401.20 |
| 226.3 | $ | 2,229,134.91 | $ | 1,616,250.00 |
| 558 | $ | 209,617.99 | $ | 151,150.00 |
| 210 | $ | 419,235.98 | $ | 302,300.00 |
| Fees | $ | 899,765.00 | $ | 1,230,956.00 |
| Costs | $ | 7,300.00 | $ | 14,630.76 |
| Totals | $ | 5,962,438.82 | $ | 5,068,020.59 |
| LC 2802 | $ | - | $ | 67,000.00 |
| **TOTAL** | $ | **5,962,438.82** | $ | **5,135,020.59** |

ZOLKIN DECL. - EXHIBIT 2 - Page 27

# EXHIBIT 3

# Section 10.2 from the Second
# Amended Plan of Reorganization

Fill in this information to identify the case:

Debtor Name KOMBU KITCHEN SF, LLC, dba NIBLL

United States Bankruptcy Court for the: CENTRAL District of CALIFORNIA
                                            (State)

Case number:  2:23-bk-17276-SK

☒ Check if this is an amended filing

## Official Form 425A

# Second Amended Plan of Reorganization for Small Business Under Chapter 11

**Debtor KOMBU KITCHEN SF, LLC, dba NIBLL's Second Amended Plan of Reorganization ("Plan") dated June 12, 2024**

## A. Background for Cases Filed Under Subchapter V

### 1. Description and History of the Debtor's Business

The Debtor commenced this bankruptcy case ("Bankruptcy Case") by filing an emergency petition for relief under Chapter 11, Subchapter V, of the Bankruptcy Code on November 1, 2023 (the "Petition Date"). The Debtor continues to carry out its business operations and manage its financial affairs as a Debtor in Possession pursuant to 11 U.S.C. §§ 1107 and 1108.  Mark Sharf has been appointed as the Subchapter V Trustee in the Bankruptcy Case.

The Debtor operates a commercial catering service providing nutritious, high-quality meals to corporations, professional sports teams and schools.  The Debtor's clients include four (4) independent schools in Orange County, California, numerous corporate clients including Salesforce, Fox Entertainment, Disney, Warner Brothers, Wynn Resorts, Rock and Roll Hall of Fame, iHeart, and the Anaheim Ducks.  The Debtor maintains three (3) commercial kitchens, one in each of Southern and Northern California and one in Henderson, Nevada, as well as on-site catering services at the four (4) schools and approximately fifteen (15) business locations.  The Debtor has approximately eight-five (85) employees.

The Debtor is a California limited liability company which was established in April 2014.  Keven Thibeault is the Debtor's CEO and Kristen Thibeault is its Secretary.  The company is owned by the Thibeaults and Mr. and Mrs. Thibeault are also the sole managers of Kombu.   The company was founded to support health and wellbeing through the preparation and delivery of healthy food.  Mrs. Thibeault survived cancer in 2008 and was inspired to build a business to promote food that heals and strengthens the body while boosting mental focus and energy.

The Covid-19 epidemic was extremely trying for the Debtor as all of its clients ceased on-site operations due to government orders to "shelter in place" and enter into a protracted lock-down of all offices and public events.  In response to the pandemic, when virtually all private businesses were put into stasis, Mr. and Mrs. Thibeault were able to pivot operations from corporate catering to identify and enter into contracts with the State of California to provide and serve individually packaged meals to first responders in the medical community and government funded senior citizen home delivery.  The Debtor built this division of its business out from zero in July 2020 to $567,000 per month in September 2020.  While countless restaurants, food services and hospitality businesses closed their doors during the pandemic, the Thibeaults carefully navigated the long months of the pandemic and kept operations going, retaining as many jobs as possible while other restaurants and food businesses shut down.

ZOLKIN DECL. - EXHIBIT 3 - Page 29

## Article 9: Discharge

If the Debtor's Plan is confirmed under § 1191(a), on the Effective Date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

   (i)    imposed by this Plan; or
   (ii)   to the extent provided in § 1141(d)(6).

If the Debtor's Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the Bankruptcy Court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

   (i)    on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192; or
   (ii)   excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## Article 10: Other Provisions

   1.    **Disputed Claims and Claim Reserve**

No distribution will be made on the disputed portion of a claim unless allowed by a Final Order.  FRBP 9019 authorizes the Debtor to settle disputed claims with court approval; but court approval shall not be required if a proposed settlement does not exceed $10,000.00.  Payments to Class 3 will be made as soon as practicable after the Effective Date. The Debtor shall hold distributions for any claims that cannot be paid until they are allowed by Bankruptcy Court Order, such as professional fees or Disputed Claims (Reserved Claims). The Disbursing Agent (defined above in Article 7) is required to reserve enough funds to pay the distributions that each Reserved Claim will be entitled to receive if it is allowed in full (unless the Bankruptcy Court approves a different amount). To the extent a Disputed Claim is disallowed, the funds that had been reserved for such claim will be distributed on a *pro rata* basis to holders of Allowed Claims in Class 3a.

   2.    **Investigation and Prosecution of Claims and Causes of Action Including Avoidance Actions.** With the exception of avoiding power claims against Keven and Kristen Thibeault which are governed by the next section, the Debtor or the Reorganized Debtor, as the case may be, shall investigate all claims and causes of action, including causes of action under any of Sections 544, 546, 547, 548, 550, 551 and 552 of the Bankruptcy Code (the "Avoiding Power Claims"), of the Debtor and this estate and determine which, if any, should be prosecuted.  All Claims and causes of action of the Debtor and its estate are preserved by the Plan.  Subject to approval of the Trustee or the Bankruptcy Court, the Reorganized Debtor shall have the full power and authority to file, prosecute, settle, adjust, retain, enforce or abandon any such Claim or cause of action as the representative of the Debtor's estate under section 1123(b) of the Bankruptcy Code or otherwise, whether such Claims and causes of action were commenced by the Debtor prior to the Effective Date or by the Reorganized Debtor after the Effective Date.

Preservation of All Avoidance Actions Under California and Federal Law Against Keven and Kristen Thibeault ("Potential Defendants"), on one hand, and the Debtor, on the other hand, agree (and Potential Defendants shall execute a tolling agreement to be filed with the Clerk of the Bankruptcy Court prior to the Confirmation Hearing) that any and all claims or causes of action that may exist against Potential Defendants, including but not limited

ZOLKIN DECL. - EXHIBIT 3 - Page 30

to any and all avoidable transfer and preference recoveries which may exist against Potential Defendants based upon: Potential Defendants personal guarantees of obligations to third parties on which the Debtor has made payment in the year prior to the Petition Date are explicitly preserved in favor of the within bankruptcy estate, survive confirmation of the within Plan, and may only be settled upon motion to the Bankruptcy Court for approval of same pursuant to Bankruptcy Rule 9019.  If there is a material default under the within Plan the right to prosecute any and all claims against the Potential Defendants shall vest in the Subchapter V Trustee if his services have not terminated under 11 U.S.C. §1183(c)(1), or shall revest in such Trustee as may be appointed thereafter (whether it be a Chapter 7 or Chapter 11 Trustee)

3.      **Unclaimed Distributions**

Payments or other distributions made under the Plan that are unclaimed or undeliverable for six (6) months after the attempted distribution will revest in the post-confirmation debtor free of restrictions.  Any entitlement to distribution will be barred.

4.      **Additional Provisions Should Confirmation Be Non-Consensual**

4.1      **Subchapter V Trustee Fees**. In the event that the Plan is confirmed non-consensually the post-confirmation fees of the Subchapter V Trustee shall be paid at the same hourly rate as set forth in the Subchapter V Trustee's Verified Statement on file in this case.

4.2      **Delayed Revesting of Assets**. No assets shall revest in the Debtor until the Debtor receives its discharge. In addition: A. The Bankruptcy Case shall remain open until the completion of all plan payments; B. Avoiding power actions shall not revest in the Debtor; C. The Debtor is prohibited from settling, waiving or in any way altering avoidance power actions without a Bankruptcy Court Order (overriding explicit provisions in the Plan to the contrary); and D. The deadline to file avoiding power actions against the Debtor's shareholders is extended through the completion of plan payments.

5.      **Provision in Event of Default**

5.1      In the event of a default, the Debtor will have a ten (10) day cure period, and should the Debtor fail to cure, the claimholder may seek relief from this Court to enforce the Plan or seek relief available under Federal or applicable state law.

---

Respectfully submitted,

x _____        6-12-2024

KOMBU KITCHEN SF LLC, dba NIBLL          Keven Thibeault, CEO

x _____        _____

Daniel J. Weintraub
David B. Zolkin
Weintraub Zolkin Talerico & Selth LLP
Attorneys for Debtor and Debtor-in-Possession
Kombu Kitchen SF LLC, dba NIBLL

17

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
      11766 Wilshire Blvd, Suite 730, Los Angeles, CA 90025

A true and correct copy of the foregoing document entitled (*specify*): **Opposition to Motion to Remove Debtor in Possession Pursuant to 11 U.S.C. Section 1185(a); Declaration of David B. Zolkin in Support Thereof,** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) August 2, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

      See attached NEF service list.

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) August 2, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Attorneys for Creditors Maria de Jesus Vergara et al.
Stan S Mallison Esq
Mallison & Martinez
1939 Harrison St Ste 730
Oakland, CA 94612-3547

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) August 2, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Sandra R. Klein          (Via US Priority Mail)
United States Bankruptcy Court
255 East Temple St, Suite 1582
Los Angeles, CA 90012

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 2, 2024 | Martha E. Araki | /s/ Martha E. Araki |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                 **F 9013-3.1.PROOF.SERVICE**

In re Kombu Kitchen SF LLC                                                      Case No. 2:23-bk-17276-SK

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Attorneys for Debtor Kombu Kitchen SF LLC: **Daniel J. Weintraub, David B. Zolkin, James R. Selth, Catherine Liu**:  dweintraub@wztslaw.com; dzolkin@wztslaw.com; jselth@wztslaw.com; cliu@wztslaw.com; maraki@wztslaw.com; sfritz@wztslaw.com
- Subchapter V Trustee: **Mark Sharf**:  mark@sharflaw.com; C188@ecfcbis.com; sharf1000@gmail.com; 2180473420@filings.docketbird.com
- Attorneys for American Express National Bank c/o Zwicker & Associates, P.C.: **Karen L. Belair**: kbelair@zwickerpc.com
- Attorneys for Creditors Maria de Jesus Vergara and Aja de Coudreaux, and Attorney Paul Pfeilschiefter: **Cody Alexander Bolce**:  cbolce@themmlawfirm.com; enotices@themmlawfirm.com
- Interested Party/Courtesy NEF: **Todd S. Garan**:  ch11ecf@aldridepite.com; TSG@ecf.inforuptcy.com; tgaran@aldridgepite.com
- Attorneys for Interested Party Sysco Corporation, Sysco San Francisco, Inc., and Newport Meat Northern California, Inc.: **Robert P. Goe, Brandon J. Iskander**:  kmurphy@goeforlaw.com; rgoe@goeforlaw.com; goeforecf@gmail.com; biskander@goeforlaw.com
- Attorneys for Creditor AmTrust North America, Inc. on behalf of Wesco Insurance Company: **Alan Craig Hochheiser**:  ahochheiser@mauricewutscher.com; arodriguez@mauricewutscher.com
- Attorneys for Creditors Aja de Coudreaux and Maria De Jesus Vergara, and Attorney Paul Pfeilschiefter: **Paul Pfeilschiefter**:  paul.pfeilschiefter@workerrightsattorney.com
- Attorneys for Interested Parties Keven Thibeault and Kristen Thibeault: **Craig Ramsdell**: cramsdell@garofololaw.com
- Attorneys for Ally Bank c/o AIS Portfolio Services, LLC: **Amitkumar Sharma**:  amit.sharma@aisinfo.com
- Attorneys for Creditor Wells Fargo Bank, N.A. dba Wells Fargo Auto: **Ashley Soto**: ashley.p.soto@wellsfargo.com
- Attorneys for Creditor Bi-Rite Restaurant Supply Co., Inc.: **Kaipo K.B. Young**:  KYoung@BL-Plaw.com
- Attorneys for Creditor Night Heron Oakland, LLC: **A. David Youssefyeh**:  david@adylaw.com
- US Trustee's Office:  ustpregion16.la.ecf@usdoj.gov; **Ron Maroko**:  ron.maroko@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                              **F 9013-3.1.PROOF.SERVICE**