Daniel J. Weintraub – Bar #132111
David B. Zolkin – Bar #155410
WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 Wilshire Boulevard, Suite 730
Los Angeles, CA 90025
Telephone: (310) 207-1494
Email: dweintraub@wztslaw.com
Email: dzolkin@wztslaw.com

General Bankruptcy Counsel to
Chapter 11 Debtor and Debtor in Possession,
KOMBU KITCHEN SF LLC, dba NIBLL

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>KOMBU KITCHEN SF, LLC, dba NIBLL,<br>a California limited liability company,<br><br>Debtor and Debtor in<br>Possession. | Case No. 2:23-bk-17276-SK<br><br>Chapter 11<br><br>Subchapter V<br><br>**JULANDER BROWN & BOLLARD, LLP'S REPLY TO CLASS CREDITORS' JOINT OPPOSITION TO APPLICATION OF JULANDER BROWN & BOLLARD, LLP, DEBTOR'S SPECIAL LITIGATION COUNSEL, FOR APPROVAL OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**<br><br>Date:      October 16, 2024<br>Time:      10:00 a.m.<br>Courtroom:  1575<br>              255 East Temple Street<br>              Los Angeles, CA 90012<br><br>Judge:     Hon. Sandra R. Klein |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

On October 1, 2024, at a case management conference in the consolidated class actions brought by AJA DE COUDREAUX *et. al.* and MARIA DE JESUS VERGARA, *et al.* (collectively, "Wage Claimants"), the parties discussed with the state court judge whether there was a conflict of interest which might affect Julander, Brown, and Bollard ("JBB"), the attorneys for Kombu Kitchen SF LLC, dba NIBLL ("Kombu"). During this discussion, M. Adam Tate, a partner at JBB, specifically and emphatically stated, "***I do not and cannot represent any of the class members.***" Mr. Tate and his co-counsel explained to the state court (the "State Court") the circumstances that led up to the instant disagreement, and explicitly assured the Court that JBB would not contact any of the class members directly or indirectly. The issue appeared to be resolved as the State Court then changed the subject and set a trial date of February 10, 2025. At the conclusion of the hearing, the State Court specifically stated that the case was not able to be tried earlier due to procedural and due process issues, but now that Kombu had counsel, the State Court was looking forward to working with Mr. Tate and the other attorneys to get the case resolved.

The very next day, Wage Claimants filed an opposition to JBB's application for interim compensation (the "Application"), disingenuously asserting that JBB has a conflict of interest because it is supposedly representing both Kombu and three members of the class represented by the Wage Claimants (the "Opposition"). Conveniently absent from the Opposition is any mention of Mr. Tate's unequivocal representation to the State Court the day before that JBB is not representing any of the class members.

Other than briefing the conflict-of-interest issue, the Wage Claimants do not seriously challenge the Application. Accordingly, the Application should be granted.

### II.    STATEMENT OF RELEVANT FACTS AND PROCEDURAL POSTURE

JBB was formally approved by this Court to be counsel for Kombu for purposes of defending the consolidated class actions on September 4, 2024. (Dkt. 285.) The other defendants in the consolidated class actions are Keven and Kristen Thibeault, who are represented by the attorneys at Garofolo & Ramsdell. (Declaration of M. Adam Tate ["Tate Decl."], ¶ 2.)

On September 5, 2024, the attorneys at Garofolo & Ramsdell filed two motions for summary adjudication on behalf of Keven and Kristen Thibeault. In support of the motions for summary adjudication, twelve of Kombu's managerial employees signed declarations. All twelve declarants are exempt employees, and it was believed that none of them were members of the classes (because only non-exempt employees are part of the classes). JBB was not in any way involved with obtaining these declarations or with communicating with the twelve declarants. (Tate Decl., ¶ 3.)

After the filing of the motions, on September 20, 2024, class counsel inquired of the attorneys at Garofolo & Ramsdell as to whether they were permitted to interview the declarants. Deeply concerned that class counsel would attempt to harass and intimidate Kombu's managerial employees, Kombu asked the declarants if they wanted to be represented by JBB to help them defend the statements made in their declarations. Kombu reasonably believed that this was proper inasmuch as all of the declarants were exempt employees, and Kombu's principals were not aware of any apparent reason why they could not be represented by JBB. All but one of the employees indicated that they wished to be represented. One of the employees did not immediately respond, but Kombu reasonably assumed that he would be responding likewise. (Tate Decl., ¶ 4.)

Based on the foregoing, on September 25, 2024, Mr. Tate sent an email to class counsel stating that he represented the declarants. This email is the backbone of the Opposition. (Tate Decl., ¶ 5, Ex. 1.)

On September 30, 2024, Wage Claimants filed a Supplemental Case Management Conference Statement which generally accused the attorneys at Garofolo & Ramsdell and JBB of improper conduct. (Tate Decl., ¶ 6, Ex. 2.) Attached to the Supplemental Case Management Conference Statement was a list of potential class members that was previously prepared by the class administrators over two years ago. This list of class members included three of the twelve declarants (the "Subject Declarants"). This was the first time that anyone at JBB or Garofolo & Ramsdell had ever seen this class list, which was provided to the Wage Claimants' counsel well before either firm appeared in the actions. Prior to seeing the list, JBB had no reason to suspect that

1  any of the currently-exempt employees were potentially class members – let alone the Subject

2  Declarants. (Tate Decl., ¶ 6.)

3      Up to this point (as well as thereafter), JBB had not had any direct contact with the Subject

4  Declarants. JBB was not involved with obtaining the declarations in support of the motions for

5  summary adjudication, and Kombu (not JBB) asked the Subject Declarants if they wanted to be

6  represented by JBB mere days before. (Tate Decl., ¶ 7.)

7      The parties attended a case management conference the following day on October 1, 2024.

8  At the hearing, counsel for the Thibeaults and Mr. Tate explained the situation to the State Court

9  and further explained that having being made aware that the Subject Declarants were on the class

10  list, JBB would not represent them. Apparently dissatisfied with the explanation, the Wage

11  Claimants' counsel specifically asked Mr. Tate if he continued to represent the Subject Declarants.

12  In open court, Mr. Tate clearly and emphatically said that "***I do not and cannot represent any of***

13  ***the class members***." He also explicitly represented that he would not contact the Subject Declarants

14  either directly or indirectly. (Tate Decl., ¶ 8.)

15      To resolve the matter to the Wage Claimants' satisfaction, the State Court requested that

16  the Thibeaults' counsel produce any communications with the three declarants in question (as JBB

17  has not had any such communications).[1]  The issue appeared to be resolved as the State Court then

18  changed the subject and set a starting trial date of February 10, 2025. At the case management

19  conference, the Wage Claimants' counsel never mentioned that they intended to effectively seek

20  to disqualify JBB and, instead, sought the earliest trial date possible. At the conclusion of the

21  hearing, the State Court stated that the case was not able to be tried earlier than February 10, 2025,

22  due to procedural and due process issues, but now that Kombu had counsel, the State Court was

23  looking forward to working with Mr. Tate and the other attorneys to get the case resolved. (Tate

24  Decl., ¶ 9.)

25

26

27  [1]  The Thibeaults' counsel produced 13 pages of documents on October 4, 2024, which consisted
only of the declarations themselves and the DocuSign confirmations for the execution of those

28  declarations. In other words, the document production showed that the Thibeaults' counsel did not
have any substantive communications with any of the Subject Declarants. (Tate Decl., ¶ 9.)

On October 2, 2024, the very day after Mr. Tate specifically and emphatically stated in open court that he did not represent the Subject Declarants, the Wage Claimants filed the Opposition. The Opposition falsely argues that JBB represents the Subject Declarants. The Opposition fails to mention Mr. Tate's October 1, 2024 representation at the case management conference that JBB was not representing any of the Subject Declarants. (Tate Decl., ¶ 10.)

Although there was a period of approximately a week where JBB believed that it would represent three of the Subject Declarants, such representation never occurred.  JBB never had any direct contact with the Subject Declarants.  The Subject Declarants never engaged JBB.  When JBB became aware that the Subject Declarants could be potential class members, JBB let it be known that it would not (and could not) represent them. JBB did not consult with the Debtor's bankruptcy counsel, Weintraub Zolkin Talerico & Selth LLP ("WZTS"), regarding JBB's possible representation of the three Subject Declarants.  Based upon discussions with WZTS that occurred immediately following the filing of the Opposition, JBB fully understands that it must disclose to this Court any circumstance in which it would represent any party other than Kombu in connection with the litigation before the State Court. (Tate Decl., ¶ 11.)

## III.    ARGUMENT

### A.    <u>Legal Standard</u>

As cited in the Opposition, 11 USC §328(c) states:

> (c) Except as provided in section 327(c), 327(e), or 1107(b) of this title [11 USC § 327(c), 327(e), or 1107(b)], the court may deny allowance of compensation for services and reimbursement of expenses of a professional person employed under section 327 or 1103 of this title [11 USC § 327 or 1103] if, at any time during such professional person's employment under section 327 or 1103 of this title [11 USC § 327 or 1103], such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed.

The statute is permissive, providing that the Court "may" deny compensation for services to a professional if the professional is not a disinterested person or if the professional holds an interest adverse to the interest of the estate. Thus, 11 U.S.C. § 328(c) permits the Court to deny

1  compensation to professionals found not to be disinterested persons but does not require denial of

2  fees in those instances. *In re Easterday Ranches, Inc.* 647 B.R. 236, 246 (Bankr. E.D. Wash. 2022).

3  **B.    The Present Circumstances Do Not Trigger Section 328(c)**

4      As described in detail above, no conflict of interest is present here.   As such, Section 328(c)

5  is not implicated. For a period of a few days in late September, JBB believed that: (1) the Subject

6  Declarants were not class members; and (2) that JBB would represent the Subject Declarants in

7  connection with declarations that they signed prior to JBB's involvement. When, however, JBB

8  learned that the Subject Declarants were on a class list (one that JBB had never seen as it had been

9  prepared more than two years ago), JBB determined that it would **not** represent the Subject

10  Declarants. JBB never had any direct contact with the Subject Declarants.  The Subject Declarants

11  never retained JBB.  During the October 1 case management conference, in the presence of the

12  Wage Claimants' counsel, JBB explicitly represented to the State Court not only that it had not and

13  would not represent the Subject Declarants, but that JBB would not attempt to contact the Subject

14  Declarants, either directly or indirectly.

15      The Opposition has not been put forward in good faith.  As officers of the Court, it was

16  incumbent upon counsel for the Wage Claimants to fully disclose to the Court what transpired

17  before the State Court a mere twenty-four hours before having filed the Opposition.  Counsel for

18  the Wage Claimants instead chose to mislead this Court in an effort to get the proverbial second

19  bite at the apple.  Having already failed to disqualify JBB as counsel before the State Court, they

20  now try to do so through this Court.[2]

21  **C.    The Court Should Not Exercise its Discretion to Deny Compensation**

22      As explained above, JBB has never had a conflict in its representation of Kombu.

23  Consequently, there is no basis to deny or to reduce JBB's fees.

24  ///

25  ///

26

27  [2] Unfortunately, this is not the first occasion that counsel for the Wage Claimants has engaged in

28  misdirection of a court in this matter. *See*, *e.g.*, *Opposition to Motion to Remove Debtor in Possession Pursuant to 11 U.S.C. Section 1185(a)* (Dkt. No. 266), 13:13-14:27.

1    The Wage Claimants seek to gain an upper hand against Kombu by attempting to prevent

2    Kombu from being represented by JBB in the State Court litigation.  But there is no legitimate basis

3    upon which to disqualify JBB.

4    Nor is there a legitimate basis upon which to disallow any of the compensation sought in

5    the Application.  "Because the denial of compensation and reimbursement of expenses after

6    services have been performed may be draconian and inherently unfair, this sanction should not be

7    rigidly applied in the absence of actual injury or prejudice to the debtor's estate." *In re Easterday*

8    *Ranches, Inc.*, 647 B.R. 236, 255 (Bankr. E.D. Wash. 2022) (quoting 3 Collier on Bankruptcy ¶

9    328.05[3] (16th ed. rev. 2022).)  Here, there is no conflict and no evidence of injury or prejudice

10   to Kombu, its bankruptcy estate, or the Wage Claimants. Moreover, even, assuming *arguendo*,

11   there had been a conflict (there was not), to the extent that a sanction against JBB would be

12   appropriate (it is not), that sanction would only be appropriate to reduce fees during the small

13   window of time when the alleged conflict existed. See, e.g. *In re Nilhan Developers, LLC*, 2021

14   Bankr. LEXIS 1036, at *77–81 (Bankr. N.D. Ga. Apr. 19, 2021) (concluding that the appropriate

15   sanction under section 328(c) was a reduction of fees for the specific period during which a conflict

16   existed). The compensation being requested in the Application does not fall within that narrow

17   window.

18   **D.**    **There is No Other Reason Why Compensation Should be Denied or Reduced**

19   The only other issue raised in the Opposition regarding JBB's fee request is set forth in a

20   footnote in which the Wage Claimants suggest that JBB's fees are excessive because JBB

21   supposedly spent too much time drafting motions and strategizing. This argument is without merit.

22   First, contrary to Wage Claimants' suggestion, the 32.4 hours spent by JBB professionals on

23   "Pleadings/Motions" is not limited to the motion to reopen expert discovery. As disclosed in the

24   Application, JBB also spent time drafting motions for summary adjudication and analyzing motions

25   in limine that had already been filed in the State Court litigation. (Dkt. 291, p. 5.) Second, the 32.4

26   hours spent on "Litigation Strategy" was warranted given the procedural posture of the actions,

27   which have been pending for almost five years, and were fiercely litigated for much of that time. It

28   has been essential for JBB's attorneys to talk with clients, co-counsel, bankruptcy counsel, and

1    with each other in order to get up to speed and to figure out how best to litigate the case on Kombu's

2    behalf. (Tate Decl., ¶ 12.)

3    IV.    **CONCLUSION**

4    For the reasons set forth herein, the Court should grant the Application in full.

5

6    DATED:  October 9, 2024                    WEINTRAUB ZOLKIN TALERICO & SELTH LLP

7

8                                        By:    /s/ David B. Zolkin

9                                               David B. Zolkin

10                                              Atorneys for KOMBU KITCHEN SF, LLC
                                                Debtor and Debtor-in-Possession
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF M. ADAM TATE

I, M. ADAM TATE, declare as follows:

1.      I am an attorney licensed to practice law before all Courts in the State of California. I am a partner with the law firm of Julander, Brown & Bollard ("JBB"), attorneys of record for Defendant KOMBU KITCHEN SF, LLC (dba NIBLL) ("Kombu") in the consolidated class actions brought by AJA DE COUDREAUX *et. al.* and MARIA DE JESUS VERGARA, *et al.* (collectively "Wage Claimants"). I have personal knowledge of the facts set forth herein, which are known to me to be true and correct, and if called upon to testify, I can and will competently testify thereto.

2.      JBB was formally approved by this Court to be counsel for Kombu for purposes of defending the consolidated class actions on September 4, 2024. The other defendants in the consolidated class actions are Keven and Kristen Thibeault, who are represented by the attorneys at Garofolo & Ramsdell.

3.      On September 5, 2024, the attorneys at Garofolo & Ramsdell filed two motions for summary adjudication on behalf of Keven and Kristen Thibeault. In support of the motions for summary adjudication, twelve of Kombu Kitchen's managerial employees signed declarations. I have been informed that all twelve declarants are exempt employees, and it was believed that they are not members of the classes because only non-exempt employees are part of the classes. JBB was not in any way involved with obtaining these declarations or with talking to the twelve declarants.

4.      After the filing of the motions, on September 20, 2024, Wage Claimants' counsel inquired of Mr. Ramsdell whether they were permitted to interview the declarants. Deeply concerned that Wage Claimants' counsel would attempt to harass and intimidate Kombu's managerial employees, Kombu asked the declarants if they wanted to be represented by JBB to help them defend the statements made in their declarations. Kombu reasonably believed that this was proper inasmuch as all of the declarants were exempt employees, and Kombu's principals were not aware of any apparent reason why the declarants could not be represented by JBB.  All but one of the employees indicated that they wished to be represented. One of the employees did not immediately respond, but Kombu reasonably assumed that he would be responding likewise.

1    5.    Based on the foregoing, on September 25, 2024, I informed Wage Claimants'

2  counsel that I represented the declarants. A true and correct copy of this email correspondence is

3  attached hereto as **<u>Exhibit 1</u>**. This email is the backbone of Wage Claimants' opposition to the

4  instant application for compensation (the "Opposition").

5    6.    On September 30, 2024, Wage Claimants' counsel filed a Supplemental Case

6  Management Conference Statement which generally accused the attorneys at Garofolo & Ramsdell

7  and my firm of improper conduct. A true and correct copy of the Supplemental Case Management

8  Conference Statement is attached hereto as **<u>Exhibit 2</u>**. Attached to the Supplemental Case

9  Management Conference Statement was a list of potential class members that was previously

10  prepared by the class administrators over two years ago. This list of class members included three

11  of the twelve declarants (the "Subject Declarants"). This was the first time that anyone at my firm

12  or Garofolo & Ramsdell (to my knowledge) had ever seen this class list, which was provided to the

13  Wage Claimants' counsel well before either firm appeared in the actions. Prior to seeing the class

14  list, I had no reason to suspect that any of the currently-exempt employees were potentially class

15  members – let alone the Subject Declarants – the classes which have been certified are comprised

16  of non-exempt employees.

17    7.    Up to this point (as well as thereafter), my firm had not had any direct contact with

18  the Subject Declarants. My firm was not involved with obtaining the declarations in support of the

19  motions for summary adjudication, and Kombu (not JBB) asked the Subject Declarants if they

20  wanted to be represented by JBB mere days before.

21    8.    The parties attended a case management conference the following day on October 1,

22  2024. At the hearing, my co-counsel and I explained the situation to the State Court and that, having

23  being made aware that the Subject Declarants were on the class list, further explained that I was not

24  going to represent the Subject Declarants. Apparently dissatisfied with my explanation, the Wage

25  Claimants' counsel specifically asked me if I continued to represent the Subject Declarants. In open

26  court I clearly and emphatically said that "***I do not and cannot represent any of the class members***."

27  I also explicitly represented that I would not contact the Subject Declarants either directly or

28  indirectly.

DECLARATION OF M. ADAM TATE

9. To resolve the matter to the Wage Claimants' satisfaction, the State Court requested that the Thibeaults' counsel produce any communications with the three declarants in question (as JBB has not had any such communications).[1] I believed that the issue had been resolved as the State Court then changed the subject and set a starting trial date of February 10, 2025. At the case management conference, the Wage Claimants' counsel never mentioned that they intended to effectively seek to disqualify JBB and, instead, sought the earliest trial date possible. At the conclusion of the hearing, the State Court stated that the case was not able to be tried earlier than February 10, 2025, due to procedural and due process issues, but now that Kombu had counsel, the State Court was looking forward to working with me and the other attorneys to get the case resolved.

10. On October 2, 2024, the very next day after I specifically and emphatically stated in open court that I did not represent the Subject Declarants, the Wage Claimants' attorneys filed their Opposition to my firm's fee application for compensation, falsely arguing that JBB represents the Subject Declarants.

11. Although there was a period of approximately one week where I believed that my firm would be representing the three Subject Declarants, that representation never occurred. JBB never had any direct contact with the Subject Declarants, and when I learned that the Subject Declarants could potentially be class members, I agreed that JBB would not (and could not) represent them. I did not consult with the Debtor's bankruptcy counsel, Weintraub Zolkin Talerico & Selth LLP ("WZTS"), regarding JBB's possible representation of the three Subject Declarants. Based upon discussions that I had with WZTS partner David Zolkin immediately following the filing of the Opposition, I fully understand that I must disclose to the Bankruptcy Court any circumstance in which my firm would represent any party other than Kombu in connection with the litigation before the State Court.

---

[1] The Thibeaults' counsel later produced 13 pages of documents on October 4, 2024, which consisted only of the declarations themselves and the DocuSign confirmations for the execution of those declarations. In other words, the document production showed that the Thibeaults' counsel also did not have any substantive communications with any of the Subject Declarants.

12.     In a footnote contained in the Opposition, the Wage Claimants suggest that JBB's fees are excessive because JBB supposedly spent too much time drafting motions and strategizing. The argument is without merit. First, contrary to the Wage Claimants' suggestion, the 32.4 hours spent by JBB professionals on "Pleadings/Motions" is not limited to the motion to reopen expert discovery.  As disclosed in the Application, JBB also spent time drafting motions for summary adjudication and analyzing the motions in limine that had already been filed in the State Court litigation. Second, the 32.4 hours spent on "Litigation Strategy" was warranted given the procedural posture of the actions which have been pending for almost five years, and were fiercely litigated for much of that time. It has been essential for JBB's attorneys to talk with clients, co-counsel, bankruptcy counsel, and with each other in order to come up to speed and to figure out how best to litigate the case.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on October 9, 2024, in Irvine, California.

By: _____
     M. ADAM TATE

DECLARATION OF M. ADAM TATE

# EXHIBIT 1

**EXHIBIT 1 - Page 13**

**From:** **Adam Tate** Adam@jbblaw.com 📎
**Subject:** RE: Nybll Wage Claims - MSJ Witness Declarants
**Date:** September 25, 2024 at 3:46 PM
**To:** stan mallison  stanm@themmlawfirm.com,  Craig Ramsdell  CRamsdell@garofololaw.com
**Cc:** Paul Pfeilschiefter  paul@workerrightsattorney.com,  Cody Bolce  cbolce@themmlawfirm.com



I do.

-Adam

---

**From:** stan mallison <stanm@themmlawfirm.com>
**Sent:** Wednesday, September 25, 2024 3:46 PM
**To:** Craig Ramsdell <CRamsdell@garofololaw.com>
**Cc:** Paul Pfeilschiefter <paul@workerrightsattorney.com>; Adam Tate <Adam@jbblaw.com>; Cody Bolce <cbolce@themmlawfirm.com>
**Subject:** Re: Nybll Wage Claims - MSJ Witness Declarants

Who represents them?

Stan Mallison
Mallison & Martinez
1939 Harrison Street, Suite 730
Oakland, CA 94612
(510) 832-9999

E SERVICE NOTICE: This email address may not be used for service of notices, pleadings or discovery.  For approved email notice or service use enotices@themmlawfirm.com

On Sep 25, 2024, at 3:40 PM, Craig Ramsdell <CRamsdell@garofololaw.com> wrote:

**EXHIBIT 1 - Page 14**

Dear Paul,

The declarants named in your e-mail are represented by counsel.  Please refer to Rule 4.2 of the California Rules of Professional Conduct, which governs attorneys' communications with a represented person.

If you have any questions, please let me know.  Thank you.

Best regards,

Craig

Craig P. Ramsdell
Garofolo & Ramsdell, LLP
3443 Golden Gate Way, Suite H
Lafayette, CA 94549
cramsdell@garofololaw.com
781.820.5473 (Direct)
415.981.8870 (Fax)
www.garofololaw.com

*This e-mail and any attachments contain private, confidential, and attorney-client privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this e-mail (or any attachments hereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and delete the original and any copies of this e-mail and any attachments. Any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.*

---

**From:** Paul Pfeilschiefter <paul@workerrightsattorney.com>
**Sent:** Friday, September 20, 2024 2:52 PM
**To:** Craig Ramsdell <CRamsdell@garofololaw.com>
**Cc:** stan mallison <stanm@themmlawfirm.com>; Cody Bolce <cbolce@themmlawfirm.com>
**Subject:** Nybll Wage Claims - MSJ Witness Declarants

Mr. Ramsdell,

We would like to interview the following declarants which were used in your MSJ:

Dontae Haggerty
Eduardo Rodriguez
EJ Estrella
Gabriella Bracamonte

EXHIBIT 1 - Page 15

Hever Mendez
Janett Mayoral
Mercedes Gleich
Miguel Tapia
Yolanda Lopez
Yadira Urbano

Your discovery responses mention many of these witnesses and assert that we should contact them through counsel.  Do you have any basis for us not to contacting them directly about the fact of this case?

Regards,


**Paul K. Pfeilschiefter**
769 Center Blvd.
Fairfax, CA 94930
844-WRK-LAWS
paul@workerrightsattorney.com


**CONFIDENTIAL COMMUNICATION NOTICE**:  This e-mail message constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the privileged nature of the communication.  Any review or distribution by others is strictly prohibited.  If you are not the intended recipient, please contact the sender by return electronic mail and delete all copies of this communication.

EXHIBIT 1 - Page 16

# EXHIBIT 2

**EXHIBIT 2 - Page 17**

1  STAN S. MALLISON (Bar No. 184191)
      StanM@TheMMLawFirm.com
2  HECTOR R. MARTINEZ (Bar No. 206336)
      HectorM@TheMMLawFirm.com
3  CODY A. BOLCE (Bar No. 322725)
      CBolce@TheMMLawFirm.com
4  MALLISON & MARTINEZ
   1939 Harrison Street, Suite 730
5  Oakland, California 94549
   Telephone: 510-832-9999
6  Facsimile: 510-832-1101

7  Attorneys for Plaintiffs *Vergara et al.*

8  Paul K. Pfeilschiefter, Esq. (301463)
   PFEILSCHIEFTER LAW
9  769 Center Blvd. #111
   Fairfax, CA 94930
10 Telephone: 415-966-2919
   paul@workerrightsattorney.com

11

12 Attorney for Plaintiffs *Coudreaux et al.*

13              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14              **IN AND FOR THE COUNTY OF ALAMEDA**

15 | MARIA DE JESUS VERGARA, PAHOLA | Lead Case No. RG20058323
   | RAMOS, and ROBERTO REYES, on behalf of | Consolidated Case No. RG20057449
16 | themselves and all others similarly situated, |

17 |             Plaintiffs, | **PLAINTIFFS' SUPPLEMTNAL CASE**
                              | **MANAGEMENT CONFERENCE**
                              | **STATEMENT**
18 |             vs. |
                     | *Before the Honorable Michael M. Markman*
19 | KOMBU KITCHEN SF, LLC; KEVEN |
   | THIBEAULT; KRISTEN N. THIBEAULT; | Action Filed: March 6, 2020
20 | ALFONSO VENTURA; and DOES 1 through 20, |

21 |             Defendants. |

22

23

24

25

26

27

28

-1-

PLAINTIFFS' SUPPLEMENTAL CASE MANAGEMENT CONFERENCE STATEMENT

EXHIBIT 2 - Page 18

1 | AJA DE COUDREAUX, an individual; ZENA
EVANS, an individual; DAEUN HWANG, an
2 | individual; VERA LOPEZ, an individual;
MYRIAH SIMS, an individual; and NICOLE
3 | VASSALLO;

4 |         Plaintiffs,

5 |     vs.

6 | KOMBU KITCHEN SF, LLC; KEVEN
THIBEAULT, and individual; KRISTEN
7 | THIBEAULT, an individual; and DOES 1-20,

8 |         Defendants.

9 |

10 | **PLAINTIFFS' SUPPLEMENTAL MANAGEMENT CONFERENCE STATEMENT**

11 | Plaintiffs Maria De Jesus Vergara, Pahola Ramos, Roberto Reyes, Aja De Coudreaux, Zena

12 | Evans, Daeun Hwang, Vera Lopez, Myriah Sims, and Nicole Vassallo ("Plaintiffs") submit the

13 | following supplemental Case Management Conference Statement:

14 | On December 14, 2022, Judge Brad Seligman certified three subclasses (meal period, rest

15 | period, and reimbursement) in *Coudreaux et al. v. Kombu Kitchen SF, LLC et al.* (Case No.

16 | RG20058323). A true and correct copy of this order is attached as **Exhibit 1**. On December 16,

17 | 2022 Judge Seligman certified a meal period subclass in *Vergara et al. v. Kombu Kitchen SF, LLC*

18 | *et al.* (Case No. RG20057449). A true and correct copy of that order is attached as **Exhibit 2**.

19 | Pursuant to court order, notice was sent to class members who were provided opportunity to opt-

20 | out. Class members were identified by Kombu Kitchen SF, LLC based on its records. After the

21 | notice period, Phoenix Settlement Administrators provided a list of all class members who did not

22 | opt out and were thus members of the certified classes. A true and correct copy of the final non-opt

23 | out class list is attached as **Exhibit 3**.

24 | On September 5, 2024, Defendants Keven Thibeault and Kristen Thibeault filed motions for

25 | summary adjudication in each case. Among the supporting documents, were declarations from

26 | Dontae Haggerty, Hever Mendez, and Jannet Mayoral. True and correct copies of these declarations

27 | are attached as **Exhibits 4-6**. Mr. Haggerty, Mr. Mendez, and Ms. Mayoral are each a member of

28 | one or more of the certified classes as they received notice and did not opt out (see Exhibit 3). As

1   members of a certified class, they are represented by class counsel and it is therefore impermissible

2   for defense counsel to communicate directly with them. *Hernandez v. Vitamin Shoppe Indus., Inc.*,

3   174 Cal.App.4th 1441, 1460 (2009) (absent class members are parties represented by class counsel).

4   Upon review, class counsel discovered Craig P. Ramsdell, counsel for Kristen Thibeault and Keven

5   Thibeault, had also obtained and submitted a declaration from Ms. Mayoral in support of his clients'

6   motions to decertify the classes. That declaration, which was obtained in May 2024 after

7   certification, is attached as **Exhibit 7**.

8        On September 20, 2024, class counsel in the *Vergara* and *Coudreaux* actions each emailed

9   Mr. Ramsdell to the effect they intended to contact the declarants and asking whether there was any

10  reason they could not do so. Those emails are attached as **Exhibits 8-9**. Having not heard back,

11  class counsel called their client Mr. Haggerty who confirmed he was not represented by anyone

12  other than class counsel in this matter. Despite this, on September 25, 2024, Mr. Ramsdell and

13  Adam Tate, counsel for Kombu Kitchen SF, LLC emailed class counsel claiming Mr. Tate

14  represented Mr. Haggerty, Mr. Mendez, and Ms. Mayoral in this matter, despite the fact these three

15  individuals are members of a certified class represented by class counsel in this matter and adverse

16  to each of the Defendants, including Mr. Tate's client, Kombu Kitchen SF, LLC, and Mr. and Ms.

17  Thibeault. Those emails are attached as **Exhibits 10-11**.

18       Because Mr. Haggerty was their client and said he was not represented by anyone other than

19  class counsel, they called Mr. Haggerty again on September 26, 2024, and he again confirmed he

20  was not represented by anyone other than class counsel in this matter. Mr. Haggerty provided the

21  declaration attached as **Exhibit 12**, in which he declares under penalty of perjury that he is not

22  represented by any person in these matters other than class counsel. He further states Kristen

23  Thibeault emailed him offering to have Kombu Kitchen SF, LLC's attorney represents him and that

24  he had not replied to that email. He further states Ms. Thibeault previously contacted him requesting

25  he sign a document, and that Mr. Ramsdell sent him an email with the document to sign. Because

26  Ms. Thibeault first contacted Mr. Haggerty, it appears Mr. Ramsdell attempted to circumvent the

27  rule against *ex parte* communication with represented parties by using his client as a conduit for

28  such improper communications.

1      By the conduct described above, Mr. Ramsdell engaged in improper *ex parte*

2 communication with a represented party without obtaining permission from plaintiffs' counsel. In so

3 doing, Mr. Ramsdell improperly interfered with class counsel's representation of their own clients

4 and obstructed the proceedings of this tribunal. Mr. Ramsdell also obtained evidence from Mr.

5 Haggerty adverse to Mr. Haggerty's interest as a class member without informing Mr. Haggerty of

6 the implication of providing this evidence.

7      Mr. Tate also dishonestly claimed he represented Mr. Haggerty and the other represented

8 class-member declarants to improperly prevent class counsel from speaking with their own clients,

9 who are likely to be key witnesses. If Mr. Tate does indeed represent the class members, he also has

10 a direct conflict and must therefore withdraw from the matter as counsel.

11

12 Dated: September 30, 2024                **MALLISON & MARTINEZ**

13

14                             By:

15                             Stan S. Mallison
                            Hector R. Martinez

16                             Cody A. Bolce
                            Attorneys for Plaintiffs Maria De Jesus

17                             Vergara, Pahola Ramos, and Roberto
                            Reyes

18

19 Dated: September 30, 2024                **PFEILSCHIEFTER LAW**

20

21                             By:
                            Paul K. Pfeilschiefter

22                             Attorneys for Creditors, Aja De
                            Coudreaux, Zena Evans, Daeun Hwang,

23                             Vera Lopez, Myriah Sims, and Nicole
                            Vassallo

24

25

26

27

28

-4-

PLAINTIFFS' SUPPLEMENTAL CASE MANAGEMENT CONFERENCE STATEMENT

**EXHIBIT 2 - Page 21**

# Exhibit 1

**EXHIBIT 2 - Page 22**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
### Rene C. Davidson Courthouse

| | |
|---|---|
| Aja De Coudreaux  et al<br>Plaintiff/Petitioner(s)<br>vs.<br>Kombu Kitchen SF, LLC et al<br>Defendant/Respondent(s) | No.     RG20058323<br><br>Date:   12/14/2022<br>Time:   1:20 PM<br>Dept:   23<br>Judge:  Brad Seligman<br><br>ORDER re: Ruling on Submitted Matter |

The Motion for Class Certification filed by Vera Lopez, Daeun Hwang, Aja De Coudreaux, Nicole Vassallo, Myriah Sims, Zena Evans on 08/15/2022 is Granted.

The Court, having taken the matter under submission on 12/13/2022, now rules as follows:
Introduction
In this wage and hour case, plaintiffs seek to certify a class of non-exempt concierge employees who worked for Komba Kitchens SF, LLC (DBA Nybll), a catering and meal delivery service, from March 11, 2016 to present. Specifically, plaintiffs seek to certify the following subclasses: 1) Meal Period Subclass for employees denied meal periods; 2) Rest Period subclass for employees denied rest periods; and 3) Reimbursement subclass for employees who used their own cell phones for work purposes but were not reimbursed for that usage.
Plaintiffs support the motion with declarations from the named plaintiffs and from an expert who analyzed defendant's time records as well as depositions testimony of Keven and Kristen Thibeault, the co-owners of Komba Kitchens. Defendant opposes the motion, offering numerous employee and manager declarations, but not an opposing expert declaration.
Komba provides offsite catering and meal delivery services for its clients in Northern and Southern California. Concierge employees (also referred to as front of the house personnel) deliver and serve the food to clients. (Keven Thibeaullt dec. par. 5.) This work includes loading and unloading prepared food that is delivered to the client site, setting up and serving the food, breaking down the set up and loading and unloading the food on return to the Komba site. (Kristen Thibeault dec. par. 17.)
As explained below, the court will grant the motion and certifies the three subclasses.
Class Action Standards
The California Supreme Court has repeatedly enunciated the basic requirements for class certification. Expanding on the terse language of Code of Civil Procedure section 382 ("when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all"), the Court has explained that a party seeking class treatment must "demonstrate the existence of an ascertainable and sufficiently numerous class, a well-defined community of interest, and substantial benefits from certification that render proceedings as a class superior to the alternatives." (Brinker Restaurant Corp. v. Superior Court (2012) 53 Cal.4th 1004, 1021; Duran v. U.S. Bank Nat. Assn. (2014) 59 Cal.4th 1, 28; Sav-on Drug Stores, Inc. v. Superior Court (2004) 34 Cal.4th 319, 326.) The community-of-interest requirement embodies three factors: "(1) predominant common questions of law or fact; (2) class representatives with

EXHIBIT 2 - Page 23

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
Rene C. Davidson Courthouse

claims or defenses typical of the class; and (3) class representatives who can adequately represent the class." (Brinker, supra, 53 Cal.4th at p. 1021.)

Thus, class certification depends in large part on whether the Plaintiffs have established that common issues will predominate in this action. Predominance of common issues is established where "the issues which may be jointly tried, when compared with those requiring separate adjudication, are so numerous or substantial that the maintenance of a class action would be advantageous to the judicial process and to the litigants." (Collins v. Rocha (1972) 7 Cal.3d 232, 238, quoted by Brinker, supra, 53 Cal.4th at p. 1021.) This determination is "essentially a procedural one that does not ask whether an action is legally or factually meritorious." (Linder v. Thrifty Oil Co. (2000) 23 Cal.4th 429, 439–440.) While courts may have to consider the merits of legal issues that are enmeshed with class action requirements, a class certification motion "is not a license for a free-floating inquiry into the validity of the complaint's allegations…." (Brinker, supra, at p. 1023.)

The determination of whether common issues predominate calls for a comparative analysis. (Sav on, supra, 34 Cal.4th at p. 334.) The fact that some issues in a case may require individualized class-member-by-class-member analysis does not automatically preclude class certification. "Individual issues do not render class certification inappropriate so long as such issues may be effectively managed." (Richmond v. Dart Indus., Inc. (1981) 29 Cal.3d 462, 473.) Thus, the need for individualized adjudi¬ca¬tion of class member entitlement to and amount of damages does not necessarily preclude class certifi¬cation. (Duran, supra, 59 Cal.4th at p. 28; Brinker, supra, 53 Cal.4th at pp. 1021–1022.) But common issues may not predominate if every member of the class must litigate "numerous and substantial questions determining his individual right to recover following the 'class judgment' on common issues." (Duran, supra, at p. 28, quoting City of San Jose v. Superior Ct. (1974) 12 Cal.3d 447, 459.) Where there are individual issues, the court must consider whether class treatment is manageable. (Duran, supra, at p. 29 [court must "conclude that litigation of individual issues, including those arising from affirmative defenses, can be managed fairly and efficiently"].) In managing class actions, courts are obliged to "consider the use of innovative procedural tools proposed by a party to certify a manage¬able class." (Osborne v. Subaru of Am., Inc. (1988) 198 Cal.App.3d 646, 653, quoted by Sav-on, supra, at p. 339.)

The starting point in determining whether common issues predominate is whether "the theory of recovery advanced by the proponents of class certification is, as an analytic matter, likely to prove amenable to class treatment." (Sav-on, supra, 34 Cal.4th at p. 327; see also Brinker, supra, 53 Cal.4th at p. 1025 ["a trial court must examine the plaintiff's theory of recovery, assess the nature of the legal and factual disputes likely to be presented, and decide whether individual or common issues predominate"].)

California public policy "encourages the use of the class action device." (Sav-on, supra, 34 Cal.4th at p. 340, quoting Richmond, supra, 29 Cal.3d at p. 473.) In a case based on asserted Labor Code or Wage Order violations, there is likewise a clear public policy "directed at enforcement of California's wage and overtime laws for the benefit of workers." (Sav-on, supra, at p. 340, quoting Earley v. Superior Court (2000) 79 Cal.App.4th 1420, 1429–1430.)

Thus, at first blush, a claim that a defendant's uniform policy violates Wage Order requirements is "by its nature a common question eminently suited to class treatment." (Brinker, supra, 53 Cal.4th at p. 1033.) Nevertheless, while all class cases must meet class certification standards, "class wide relief remains the preferred method of resolving wage and hour claims, even those in which the facts appear to present difficult issues of proof." (Martinez v. Joe's Crab Shack Holdings (2014) 231 Cal.App.4th 362, 384, as modified on denial of reh'g (Dec. 3, 2014).)

EXHIBIT 2 - Page 24

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
### Rene C. Davidson Courthouse

The typicality requirement looks at the named plaintiffs' claims to determine if the claims of the plaintiffs align with those of the class:

The test of typicality "is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." [Citations.] A class representative who does not have a claim against the defendants cannot satisfy the typicality requirement. (Martinez, supra, 231 Cal.App.4th at p. 375.) A plaintiff may be untypical only where there are "unique defenses" to his or her claims that may "distract the class representative from common issues." (Fireside Bank v. Superior Court (2007) 40 Cal.4th 1069, 1090–1091.) Ultimately, "the relevant inquiry is whether, and to what extent, the proffered defenses are 'likely to become a major focus of the litigation.'" (Id. at 1091 (citations omitted).)

Adequacy of representation is closely aligned to typicality and ultimately tests whether there are conflicts of interest between the plaintiffs and the class they seek to represent. (Capitol People First v. State Dept. of Developmental Servs. (2007) 155 Cal.App.4th 676, 697.)

Ascertainable and Numerous Class

There is no question that defendant's payroll and time records identify concierge employees during the relevant time period. There is also no dispute that the time records are accurate. Records reviewed by plaintiffs' expert for the period from 2018 through mid-2020 identify 160 front of the house (concierge) employees who worked during this period. (Woolfson Dec. par. 38.) These records also document that most of these employees had shifts greater than 5 hours or six hours, and, as discussed below, a very high portion of these employees had missed, short or late meal breaks. (Id.) The records also document that 158 concierge employees had shifts greater than 3 and ½ hours. (Id., par. 39.) Defendants do not dispute this data but argue that the data does not establish the factual basis for the claims. Defendants conflate the questions of whether class members may be ascertained from defendant's records with the merits of their claims.

Defendants note, however, that plaintiffs have offered no evidence regarding the number of putative class members denied expense reimbursement. As discussed below, there is no dispute that employees were required to use a phone application in their duties. The parties dispute whether Komba offered employees company phones. But for purposes of ascertainability, it is sufficient if the class is identified in objective terms and class members can self-identify based on those terms. (Noel v. Thrifty Payless, Inc. (2019) 7 Cal.5th 955, 980.) The court concludes that the class definitions allow such self-identification.

Commonality Analysis

Meal Period Claim

There is no dispute that defendant had written meal break policies that applied at all of its locations. (Kristen Thibeault dec. par. 20 and exh. G & H thereto.) There is likewise no claim that the policy was facially illegal. Rather, plaintiffs assert that they were required to be available at all times of the day and not allowed meal or rest breaks. (Declarations of plaintiff Coudreaux, Evans, Hwang, Lopez, Sims and Vassallo.) Plaintiffs' testimony is supported by statistical evidence that their time records reflect missed or non-compliant meal breaks. (Woolfson Decl. par. 42.) For the proposed class as a whole, as discussed below, plaintiffs' expert documented a statistical pattern of noncompliance with the policy and California law. Plaintiffs also cite a Komba Employee Conduct Policy that appears to bar concierge employees from consuming food or beverages (other than a water bottle brought by the employee) on site "before service, during service, after service…." (Pfeilschiefter dec., exh. 5.) While defendant asserts this latter policy only applies to consumption of client's food and beverages (Kristen Thibeault decl. par. 3),

---

ORDER re: Ruling on Submitted Matter                                      Page 3 of 7

EXHIBIT 2 - Page 25

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
### Rene C. Davidson Courthouse

nothing on the face of this policy so states.

California requires an employer to provide a 30-minute meal period to employees no later than the end of the employee's fifth hour of work and a second meal period no later than the tenth hour of work, absent waiver. (Brinker, supra, 53 Cal.4th p. 1041.) The employer satisfies this duty if it relieves the employee of all duty during this break, allows an uninterrupted break and does not discourage employees from taking it. (Id. at p. 1040.) The failure to provide a compliant break entitles the employee to one hour of "premium" pay. The obligation to pay premium pay applies to any non-compliant, i.e., missed, shortened, or interrupted breaks. (Donohue v. AMN Services, L.L.C. (2021) 11 Cal.5th 58, 69.) Even a "minor infringement" of a meal period triggers the premium pay obligation. (Id. at p. 68.) The employee is not required to request a premium; the employee is "immediately" entitled to the premium, absent a waiver of the break. (Safeway, Inc. v. Superior Court (2015) 238 Cal.App.4th 1138, 1155-1156 & n.5).

Plaintiffs' expert reviewed the time records and found a very high rate of non-compliant (missed, late or short) meal breaks. He found that there was an overall 98.2% non-compliance rate for shifts over 5 hours, and an 86% rate for shifts greater than 6 hours. (Woolfson dec. par. 38 at p. 16.) He found no evidence that a meal period premium (or a rest break premium) had ever been paid (Id. at par. 40), a finding confirmed by co-owner Kristen Thibeault. (Depo. at p. 83, Ex. 1 to Pfeilschiefter dec.)

Defendant does not dispute this statistical evidence, nor does it offer its own counter-analysis. (Defendant's Opposition brief at p. 13.) Rather, it argues that this data does not establish a meal period violation since it does not show whether class members were offered compliant meal period and chose not to take them.

The data shows widespread non-compliant meal breaks and thus raises a rebuttable presumption of illegality. (Donohue, supra, 11 Cal.5th at p. 77.) "Employers can rebut the presumption by presenting evidence that employees were compensated for noncompliant meal periods or that they had in fact been provided compliant meal periods during which they chose to work." (Ibid.) This presumption of meal break violations minimizes the number of potentially unwieldy individualized issues and shows "the facts necessary to establish liability are capable of common proof." (Safeway, Inc., supra, 238 Cal.App.4th at p. 1160.)

Defendant does not offer any systematic, admissible evidence that employees waived compliant meal periods. Nor does defendant offer a survey or representative sample of employee testimony to rebut the presumption. (Donohue, supra, at p. 77.) Instead, it offers the declaration of its principals that state they saw employees take meal and rest breaks and never discouraged this. (Keven Thibeault dec. pars 9, 11; Kristen Thibeault dec. pars. 24-27.) While Kristen Thibeault asserts that defendant provides newly hired employees a meal period waiver form to waive meal periods for shifts of less than 6 hours and claims a "vast majority" of employees executed such forms, defendant has not located or produced most of these forms. (Id., par. 21, and exh. K.) No such forms have been produced for any concierge employee. (Pfeilschiefter dec. par. 5.) The absence of written waivers is significant since Komba's policies require a written request and employer approval to waive a meal break. (Kristen Thibeault dec. exhs. G & H.) Moreover, even if such waivers existed, the waiver form cited by Ms. Thibeault is for waiver of meals between 5 and 6 hours. Plaintiffs' expert found widespread non-compliance for shifts of more than 6 hours. (Woolfson dec. par. 38 at p. 16, 18.)

Defendants also rely on 19 employee and manager declarations and 2 declarations from clients, attesting to employees who have taken rest and meal breaks. Many of the employee declarations are from current employees. All of these employees' declarations were signed during this litigation, after the motion for class certification was filed. There is no explanation of how these

EXHIBIT 2 - Page 26

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
### Rene C. Davidson Courthouse

declarations were solicited, or whether they are a representative sample of employees. There is also no explanation of what admonishments or disclosures were made to the employees or whether they were informed that the defendant might have an interest adverse to the employees as putative class members Without such explanation, the court looks upon these declarations with suspicion. (Cf. Brown v. Upside Gading, LP (2019) 42 Cal.App.5th 140, 145; Barriga v. 99 Cents Only Stores LLC (2020) 51 Cal.App.5th 299, 336.) In fact, one declarant, offered by plaintiffs on reply, describes how she was contacted, and attaches email and text messages from Kristen Thibeault. The messages ask her to sign a declaration similar to those filed in this case and refer to the plaintiffs' claims as "a lot of lies." (Dec. of Ruby Rew.) Rew refused to provide the requested declaration and instead provided a declaration to plaintiffs that is consistent with their claims. (Id.)

Compounding the suspect nature of these declarations, most of defendant's declarants are not reflected in company time and payroll records produced to plaintiffs. (Woolfson reply decl. par. 4-5.) Woolfson identified time records regarding 5 of these declarants and their records reflected non-compliant meal breaks. (Id., pars. 6-11.)

Defendant's declarations do not establish that individual issues will predominate since these declarations do not rebut the Donohue presumption. It was defendant's burden to show individual issues will predominate once the presumption is raised. (Estrada v. Royalty Carpet Mills, Inc. (2022) 76 Cal.App.5th 685, 723-724, review granted on PAGA issue but case not depublished, (June 22, 2022) 11 P.3d 191; see also Brinker, supra, 53 Cal.4th at p. 1053 (J. Werdegar, concurring) ["the assertion [that the employer relieved employee of duty but the employee waived the break] is an affirmative defense, and thus the burden is on the employer, as the party asserting waiver, to plead and prove it. [Citations.]"].) This it has failed to do. Moreover, the fact that some employees, including plaintiffs, may have taken breaks does not rebut the showing of systemic lack of compliance. "[A]necdotal evidence that some employees had valid off-duty rest breaks does not preclude class certification; rather, it is evidence that is relevant to damages." (Lubin v. The Wackenhut Corp. (2016) 5 Cal.App.5th 926, 956; see also Alberts v. Aurora Behavioral Health Care (2015) 241 Cal.App.4th 388, 408.)

The court concludes plaintiffs have established that common issues will predominate for the meal period subclass.

Rest Period Subclass

Employees working over 3.5 hours on a shift are entitled to a rest break of 10 minutes. (IWC Wage Order 5-2001, sec. 12(A).) As construed by the California Supreme Court, the wage order requires a 10 minute rest break for shifts from 3 and ½ hours to 6 hours in length, 20 minutes for shifts of more than 6 hours up to 10 hours, and 30 minutes for longer shifts. (Brinker, supra, 53 Cal.4th at p. 1029.) There is no dispute that defendant's written rest break policy is compliant with this. (Ex. G, H to Kristen Thibeault dec.) Defendant's declarants, particularly the Thibaults, assert compliance with this policy in practice. Plaintiffs assert, to the contrary, that there was a practice to deny rest breaks. Unlike the meal break claim, there is no electronic data showing rest breaks. If all the court were faced with were dueling declarations, it would not find that plaintiffs have sustained their burden of showing common issues predominate. Anecdotal evidence of a "handful of individual instances" hardly amounts to "substantial evidence of a systematic company policy to pressure or require employees to work off-the-clock." (Brinker, supra, at p. 1051-52.)

But plaintiffs cite several policies and practices to buttress their claims. First, as noted above, defendant has never paid a break premium, despite thousands of shifts where a break would

EXHIBIT 2 - Page 27

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
### Rene C. Davidson Courthouse

otherwise be required. There is no written evidence of any requests to waive such breaks either. In addition, plaintiffs cite a conduct policy, discussed above, that appears to bar concierges from eating or even drinking while on client sites. (Pfeilschiefter dec., Exh. 5.) The same policy discourages restroom breaks at client sites. This policy should be read in conjunction with Kirsten Thibeault's admission that food-serving time at client sites takes up to 90 minutes. (Kristen Thibeault dec. par. 18, 31.) She does not account for loading and travel time between Komba offices and client locations, but states that unloading and set-up typically takes 15-30 minutes, leaving 45 minutes before the meal service. (Id., par. 18.) She does not account for re-loading and return travel. The total time serving client locations appears likely to often exceed 3.5 hours. Plaintiffs also point out that they are required to have various applications on their phones and be available to respond to them while off-site. (Plaintiff decl.; Pfeilschiefter dec., exh. 1 at 116:5-13; 117:16-118:5; exh. 7.)

The court concludes that plaintiffs have shown that common issues predominate regarding rest breaks.


Reimbursement Subclass

Labor Code 2802(a) requires an employer to indemnify employees for "all necessary expenditures…incurred by the employee in direct consequence of his or her duties." Plaintiffs do not identify any noncompliant business expense reimbursement policy. Defendant has a policy that requires approval of expenses for which reimbursement is sought. (Kristen Thibeault dec. par. 33 and exh. L-M thereto.) Plaintiffs declare they were required to use their phones to download various applications and to respond to text messages. Defendants do not dispute that phone use was required for the job, or that the applications had to be used. (Keven Thibeault dec. par.16; Kristen Thibeault dec. pars. 34, 36.)

The real dispute is whether employees were given the option of using a company device, as the Thibeaults declare (Keven Thibeault decl. par. 16; Kristen Thibeault dec. par. 34) or not, as the plaintiffs claim. The court finds it significant that none of defendants' other declarants note the availability of company phones and tablets, nor is any written policy regarding this identified. The failure of defense declarants to note the option of using company phone must be viewed in conjunction with the reply declaration of Ruby Rew, who attached texts and emails from Kirsten Thibeault asking her support of the company claim that "we offered tablet/phones to do work on client sites…." Rew refused to so declare and in fact supported plaintiffs' claim. (Rew Decl. par. 11 and Exh. A & B thereto.) Under Evidence Code 412, where a party offers weaker evidence when it was within its power to offer stronger evidence, the evidence offered "should be viewed with distrust."

The overriding common question is whether there was a policy of offering company phones or tablets. Thus plaintiffs have establish a predominate common issue.


Typicality and Adequacy Analysis

Defendant challenges plaintiffs' typicality largely by rehashing its fact-based arguments regarding commonality. It offers no claim of inadequacy.

Defendant has not shown plaintiffs are untypical or inadequate.


Superiority and Trial Plan

The court finds that class resolution is a superior manner of proceeding, particularly where numerous members of the class are still employed by defendant. The alternative to a class is either a multitude of individual actions (Sav-On Drugs, supra, 34 Cal.4th at p. 399) or no remedy

---

EXHIBIT 2 - Page 28

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
### Rene C. Davidson Courthouse

for class members.

Defendants point out that plaintiffs have not submitted a trial plan, citing the case of Duran v. U.S. Bank Nat. Assn. (2014) 59 Cal. 4th 1. Plaintiffs state they rely on their expert Woolfson to analyze defendant's data and intend to retain an expert to conduct random sampling of employees. This latter point is raised in reply and is not well developed. Duran was a misclassification case that rested - and fell - on an invalid statistical sample. The court explained that if "statistical evidence will comprise part of the proof of class action claims," then "trial courts would be well advised to obtain such a plan before deciding to certify a class action." (Id. at p. 32.) Duran doesn't mandate a trial plan in all cases at the class certification stage, and here, where there is a record keeping obligation and a rebuttable presumption, the lack of a formal trial plan at the class certification stage is not a basis to deny certification if the court concludes the trial would be manageable. In any event, the court retains the authority to decertify the class if a trial plan proves unworkable. (Duran, supra, at p. 32.)

Conclusion

The court accordingly certifies the subclasses. The parties are ordered to meet and confer on a class notice plan and to file and email to the department clerk a joint statement, listing agreements and disputes, no later than January 3, 2023. The court sets a Case Management Conference to address this issue and any others the parties wish to raise, on January 13, 2023 at 9:30 am.


The Court orders counsel to obtain a copy of this order from the eCourt portal.

Dated: 12/14/2022

**Brad Seligman / Judge**

---

ORDER re: Ruling on Submitted Matter

EXHIBIT 2 - Page 29

# Exhibit 2

EXHIBIT 2 - Page 30

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
### Rene C. Davidson Courthouse

| | |
|---|---|
| Ma De Jesus Vergara  et al<br>Plaintiff/Petitioner(s)<br>vs.<br>Kombu Kitchen SF, LLC et al<br>Defendant/Respondent(s) | No.    RG20057449<br><br>Date:   12/06/2022<br>Time:   3:00 PM<br>Dept:   23<br>Judge:  Brad Seligman<br><br>ORDER re: Hearing on Motion - Other<br><br>Motion for Class Certification |

The Motion for Class Certification filed by Pahola Ramos, Roberto Reyes, Ma De Jesus Vergara on 08/15/2022 is Granted in Part.

Introduction

In this wage and hour case, plaintiffs seek to certify a class of non-exempt kitchen employees (also referred to as "back-of-the-house" employees) who worked for Komba Kitchen, a catering and meal delivery service with numerous commercial kitchens in Northern and Southern California, from March 6, 2016 to present. Specifically, plaintiffs seek to certify the following subclasses: 1) Meal Period Subclass for employees who have short, late or no meal periods reflected in their records; 2) Reimbursement subclass for employees who were not reimbursed for kitchen equipment they purchased and used in their jobs; 3) Rest Period subclass for employees who worked more than 3.5 hours in a shift; and 4) Unpaid time subclass for employees not paid for all time worked.

Plaintiffs support the motion with declarations from the named plaintiffs and from an expert who analyzed defendant's time records. Defendant opposes the motion, offering numerous employee and manager declarations, but not an opposing expert declaration.

As explained below, the court will grant the motion in part, and certifies the Meal Period subclass only.

Class Action Standards

The California Supreme Court has repeatedly enunciated the basic requirements for class certification. Expanding on the terse language of Code of Civil Procedure section 382 ("when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all"), the Court has explained that a party seeking class treatment must "demonstrate the existence of an ascertainable and sufficiently numerous class, a well-defined community of interest, and substantial benefits from certification that render proceedings as a class superior to the alternatives." (Brinker Restaurant Corp. v. Superior Court (2012) 53 Cal.4th 1004, 1021; Duran v. U.S. Bank Nat. Assn. (2014) 59 Cal.4th 1, 28; Sav-on Drug Stores, Inc. v. Superior Court (2004) 34 Cal.4th 319, 326.) The community-of-interest requirement embodies three factors: "(1) predominant common questions of law or fact; (2) class representatives with claims or defenses typical of the class; and (3) class representatives who can adequately represent the class." (Brinker, supra, 53 Cal.4th at p. 1021.)

Thus, class certification depends in large part on whether the Plaintiffs have established that

EXHIBIT 2 - Page 31

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
### Rene C. Davidson Courthouse

common issues will predominate in this action. Predominance of common issues is established where "the issues which may be jointly tried, when compared with those requiring separate adjudication, are so numerous or substantial that the maintenance of a class action would be advantageous to the judicial process and to the litigants." (Collins v. Rocha (1972) 7 Cal.3d 232, 238, quoted by Brinker, supra, 53 Cal.4th at p. 1021.) This determination is "essentially a procedural one that does not ask whether an action is legally or factually meritorious." (Linder v. Thrifty Oil Co. (2000) 23 Cal.4th 429, 439–440.) While courts may have to consider the merits of legal issues that are enmeshed with class action requirements, a class certification motion "is not a license for a free-floating inquiry into the validity of the complaint's allegations...." (Brinker, supra, at p. 1023.)

The determination of whether common issues predominate calls for a comparative analysis. (Sav on, supra, 34 Cal.4th at p. 334.) The fact that some issues in a case may require individualized class-member-by-class-member analysis does not automatically preclude class certification. "Individual issues do not render class certification inappropriate so long as such issues may be effectively managed." (Richmond v. Dart Indus., Inc. (1981) 29 Cal.3d 462, 473.) Thus, the need for individualized adjudi¬ca¬tion of class member entitlement to and amount of damages does not necessarily preclude class certifi¬cation. (Duran, supra, 59 Cal.4th at p. 28; Brinker, supra, 53 Cal.4th at pp. 1021–1022.) But common issues may not predominate if every member of the class must litigate "numerous and substantial questions determining his individual right to recover following the 'class judgment' on common issues." (Duran, supra, at p. 389, quoting City of San Jose v. Superior Ct. (1974) 12 Cal.3d 447, 459.) Where there are individual issues, the court must consider whether class treatment is manageable. (Duran, supra, at p. 29 [court must "conclude that litigation of individual issues, including those arising from affirmative defenses, can be managed fairly and efficiently"].) In managing class actions, courts are obliged to "consider the use of innovative procedural tools proposed by a party to certify a manage¬able class." (Osborne v. Subaru of Am., Inc. (1988) 198 Cal.App.3d 646, 653, quoted by Sav-on, supra, at p. 339.)

The starting point in determining whether common issues predominate is whether "the theory of recovery advanced by the proponents of class certification is, as an analytic matter, likely to prove amenable to class treatment." (Sav-on, supra, 34 Cal.4th at p. 327; see also Brinker, supra, 53 Cal.4th at p. 1025 ["a trial court must examine the plaintiff's theory of recovery, assess the nature of the legal and factual disputes likely to be presented, and decide whether individual or common issues predominate"].)

California public policy "encourages the use of the class action device." (Sav-on, supra, 34 Cal.4th at p. 340, quoting Richmond, supra, 29 Cal. 3d at p. 473.) In a case based on asserted Labor Code or Wage Order violations, there is likewise a clear public policy "directed at enforcement of California's wage and overtime laws for the benefit of workers." (Sav-on, supra, at p. 340, quoting Earley v. Superior Court (2000) 79 Cal.App.4th 1420, 1429–1430.)

Thus, at first blush, a claim that a defendant's uniform policy violates Wage Order requirements is "by its nature a common question eminently suited to class treatment." (Brinker, supra, 53 Cal.4th at p. 1033.) Nevertheless, while all class cases must meet class certification standards, "class wide relief remains the preferred method of resolving wage and hour claims, even those in which the facts appear to present difficult issues of proof." (Martinez v. Joe's Crab Shack Holdings (2014) 231 Cal.App.4th 362, 384, as modified on denial of reh'g (Dec. 3, 2014).)

The typicality requirement looks at the named plaintiffs' claims to determine if the claims of the plaintiffs align with those of the class:

The test of typicality "is whether other members have the same or similar injury, whether the

---

EXHIBIT 2 - Page 32

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
Rene C. Davidson Courthouse

action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct. [Citations.] A class representative who does not have a claim against the defendants cannot satisfy the typicality requirement. (Martinez, supra, 231 Cal.App.4th at p. 375.) A plaintiff may be untypical only where there are "unique defenses" to his or her claims that may "distract the class representative from common issues." (Fireside Bank v. Superior Court (2007) 40 Cal.4th 1069, 1090–1091.) Ultimately, "the relevant inquiry is whether, and to what extent, the proffered defenses are 'likely to become a major focus of the litigation.'" (Id. at 1091 (citations omitted).)

Adequacy of representation is closely aligned to typicality and ultimately tests whether there are conflicts of interest between the plaintiffs and the class they seek to represent. (Capital People First v. State Dept. of Developmental Servs. (2007) 155 Cal.App.4th 676, 697.)

Ascertainable and Numerous Class

There is no question that defendant's payroll and time records identify kitchen employees during the relevant time period. Records for the period from 2018 through mid-2020 identify 126 kitchen employees who worked during this period. (Woolfson Dec. par. 29.) Defendant does not dispute this but argues that the data does not establish the factual basis for the claims. Defendant conflates the questions of whether class members may be ascertained from defendant's records with the merits of their claims. Moreover, with regard to the meal period claim, as discussed below, Woolfson documents a high number of missed, short or late meal breaks for these employees. He also identifies a high number of rest period eligible shifts for these 126 employees. (Id. at par.39.) Defendant notes, however, that plaintiff has offered no evidence regarding the number of putative class members denied expense reimbursement or denied pay for off-the-clock work, nor any means of identifying these employees. As discussed below, there are serious commonality and manageability issues with such claims. But for purposes of ascertainability, it is sufficient if the class is identified in objective terms and class members can self-identify based on those terms. (Noel v. Thrifty Payless, Inc. (2019) 7 Cal.5th 955, 980.)

Commonality Analysis

Meal Period Claim

There is no dispute that defendant had written meal break policies that applied at all of its locations. There is likewise no claim that the policy was facially illegal. Rather, plaintiffs assert that there was a statistical pattern of noncompliance with the policy and California law. California requires an employer to provide a 30-minute meal period to employees no later than the end of the employee's fifth hour of work and a second meal period no later than the tenth hour of work, absent waiver. (Brinker, supra, 53 Cal.4th p. 1041.) The employer satisfies this duty if it relieves the employee of all duty during this break, allows an uninterrupted break and does not discourage employees from taking it. (Id. at p. 1040.) The failure to provide a compliant break entitles the employee to one hour of "premium" pay. The obligation to pay premium pay applies to any non-compliant, i.e., missed, shortened, or interrupted breaks. (Donahue v. AMN Services, L.L.C. (2021) 11 Cal.5th 58, 69.) Even a "minor infringement" of a meal period triggers the premium pay obligation. (Id. at p. 68.) The employee is not required to request a premium; the employee is "immediately" entitled to the premium, absent a waiver of the break. (Safeway, Inc. v. Superior Court (2015) 238 Cal.App.4th 1138, 1155-1156 & n.5).

Plaintiffs' expert reviewed the time records and found a very high rate of non-compliant (missed, late or short) meal breaks. Thus he found that there was an overall 74.1% non-compliance rate for shifts over 5 hours, and the rate increased to 74.3% if limited to shifts greater than 6 hours. (Woolfson dec. par. 38 p.16.) He also found that over 95% of the employees working 5 hour or more had experienced a non-compliant shift, a rate slightly reduced to 95.1% if limited to

EXHIBIT 2 - Page 33

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
### Rene C. Davidson Courthouse

employees who worked a shift greater than 6 hours. (Id. at p. 18.) He found no evidence that a meal period premium had ever been paid. (Id. at par. 40.)

Defendant does not dispute this statistical evidence, nor does it offer its own counter-analysis. (Defendant's Opposition brief at p. 10, 14-15.) Rather, it argues that this data does not establish a meal period violation since it does not show whether class members were offered compliant meal period and chose not to take them.

The data shows widespread non-compliant meal breaks and thus raises a rebuttable presumption of illegality. (Donahue v. AMN Services, LLC (2021) 11 Cal.5th 58, 77.) "Employers can rebut the presumption by presenting evidence that employees were compensated for noncompliant meal periods or that they had in fact been provided compliant meal periods during which they chose to work." (Ibid.) This presumption of meal break violations minimizes the number of potentially unwieldy individualized issues and shows "the facts necessary to establish liability are capable of common proof." (Safeway, Inc., supra, at p.1160.)

Defendant does not offer any systematic, admissible evidence that employees waived compliant meal periods. Nor does defendant offer a survey or representative sample of employee testimony to rebut the presumption. (Donahue, supra, p. 77.) Instead, it offers the declaration of its principals that state they never saw employees get interrupted in their meal periods and denied employees were discouraged from taking such meal periods. (Keven Thibeault dec. pars 9, 11; Kristen Thibeault dec. pars. 17, 20.) While Kristen Thibeault asserts that defendant provides newly hired employees a meal period waiver form to waive meal periods for shifts of less than 6 hours and claims a "vast majority" of employees executed such forms, defendant has not located or produced most of these forms. (Id., par. 16.) Moreover, even if such waivers existed, the waiver is only for shifts of less than 6 hours. Plaintiffs' expert found widespread non-compliance for shifts of more than 6 hours. (Woolfson dec. par. 38 at p. 16, 18.)

Defendant also relies on 37 employee and manager declarations. Nine of these declarations are from managers and officers of defendant. As an initial matter, the court notes that aside from the Thibeault declarations, other than statements about dates of employment and location, these declarations are virtually identical, what some might call "cookie-cutter" declarations. Of the 26 employee declarations, the vast majority are recently hired employees (20 hired in 2022, 2 in 2021, and 1 in 2020). All of these employees are current employees and their declarations were all signed during this litigation, after the motion for class certification was filed. There is no explanation of how these declarations were solicited, or whether they are a representative sample of employees. There is also no explanation of what admonishments or disclosures were made to the employees or whether they were informed that the defendant might have an interest adverse to the employees as putative class members. Without such explanation, the court looks upon these declarations with suspicion. (Cf. Brown v. Upside Gading, LP (2019) 42 Cal.App.5th 140, 145; Barriga v. 99 Cents Only Stores LLC (2020) 51 Cal.App.5th 299, 336.)

Compounding the suspect nature of these declarations, defendant apparently failed to produce contact information for the employees, and the vast majority of defendant's declarants are not reflected in company time and payroll records produced to plaintiffs. (Malison reply dec. par.4-5; Woolfson reply decl. par.4-5.) Woolfson identified data regarding 3 of the 37 declarants and their records reflected non-compliant meal breaks. (Id., pars. 6-8.)

Defendant's declarations do not establish that individual issues will predominate since these declarations do not rebut the Donahue presumption. It was defendant's burden to show individual issues will predominate once the presumption is raised. (Estrada v. Royalty Carpet Mills, Inc. (2022) 76 Cal.App.5th 685, 723-724, review granted on PAGA issue but case not depublished, (June 22, 2022) 11 P.3d 191.) This it has failed to do. The court concludes plaintiff

---

**EXHIBIT 2 - Page 34**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
### Rene C. Davidson Courthouse

has established that common issues will predominate for the meal period subclass.

Reimbursement Subclass
Labor Code 2802(a) requires an employer to indemnify employees for "all necessary expenditures…incurred by the employee in direct consequence of his or her duties." Plaintiffs do not identify any noncompliant business expense reimbursement policy. Defendant has a policy that requires approval of expenses for which reimbursement is sought. (Kristen Thibeault dec. par. 28 and exh. K-L thereto.) Rather, based solely on declarations of the plaintiffs, they assert that the class was denied reimbursement for kitchen utensils they purchased. The declarations of the three plaintiffs do not state that they sought reimbursement for the purchases and, other than the Vergara declaration, do not identify the source of any policy requiring purchase of equipment. Vergara identifies only her direct supervisor, Veronica, as a source of this requirement. (Vergara decl. par. 17.)
Defendant's declarants, and specifically Kristen Thibeault, the Chief Culinary Officer of defendant, deny there is any requirement that employees provide for their own equipment. Further, she states kitchens are well stocked with equipment. She does acknowledge that in the industry, some chefs choose to use their own set of knives, but this is not required at Komba Kitchens. (Kristen Thibeault dec. par.27-30.)
Plaintiffs have failed to establish a common policy. At best, they show that they believe they were required to purchase utensils, but do not show this is a common practice of Komba Kitchens. They also do not show that they were denied reimbursement. They do not identify any records to show these expenses nor do they offer any way, short of polling every employee, of determining who had unreimbursed expenses.
Thus plaintiffs fail to establish commonality of the reimbursement subclass.

Rest Period Subclass
Employees working over 3.5 hours on a shift are entitled to a rest break of 10 minutes. (IWC Wage Order 5-2001, sec. 12(A).) As construed by the California Supreme Court, the wage order requires a 10 minute rest break for shifts from 3 and ½ hours to 6 hours in length, and 20 minutes for shifts of more than 6 hours up to 10 hours and 30 minutes for longer shifts. (Brinker, supra, 53 Cal.4th at 1029.) There is no dispute that defendant's written rest break policy is compliant with this. (Ex. D-G to Kristen Thibeault dec.) Defendant's declarants, particularly the Thibaults, assert compliance with this policy. Plaintiffs assert, to the contrary, that there was a policy to deny rest breaks. (Plaintiffs' Opening brief at p. 19.) But, aside from the declarations of the named plaintiffs, they offer no evidence to support this claim. Further, there is no payroll or time keeping data that shows whether breaks were taken since such breaks are not recorded. (Woolfson dec. p.11 n.14.)
Plaintiffs have failed to establish a common policy.

Unpaid Time Subclass
Finally, plaintiffs assert the class was not paid for various off-the-clock activities. Again, plaintiffs rely solely on the declaration of the named plaintiffs in the face of compliant written policies and counter declarations of defendant. Plaintiffs again cite no statistical or written records to support this claim. At best, plaintiffs present "anecdotal evidence of a handful of individual instances" of off the clock work. This hardly amounts to "substantial evidence of a systematic company policy to pressure or require employees to work off-the-clock." (Brinker, supra, at p. 1051-52.)

---

EXHIBIT 2 - Page 35

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
### Rene C. Davidson Courthouse

Typicality and Adequacy Analysis
Defendant challenges plaintiffs' typicality largely by rehashing its fact-based arguments regarding commonality. Plaintiffs submit evidence that plaintiffs also had non-compliant meal breaks. (Woolfson dec. par. 42.) Defendant argues that plaintiff Vergara is an inadequate representative because she filed claims with the NLRB and the EEOC. The claims are not described, and apparently have been abandoned.
Defendant has not shown plaintiffs are untypical or inadequate.

Manageability and Superiority
The meal period claim is manageable, given the rebuttable presumption and the issues discussed above.
The court also finds that class resolution is a superior manner of proceeding, particularly where numerous members of the class are still employed by defendant. The alternative to a class is either a multitude of individual actions (Sav-On Drugs, supra, 34 Cal.4th at p. 399) or no remedy for class members.

Claims Against Thibeault Co-Owners
Defendant asserts no class claims are, or could be, brought against the co-owners, the Thibeaults. The complaint lists them as parties to the claims sought to be certified. Under Labor Code 558.1, they may be liable for violations of the IWC Wage Orders or designated sections of the Labor Code. The class is appropriately certified against them as well as against the company.
Conclusion
The court accordingly certifies the meal period subclass only. The parties are ordered to meet and confer on a class notice plan and to file and email to the department clerk a joint statement, listing agreements and disputes, no later than January 3, 2023. The court sets a Case Management Conference to address this issue and any others the parties wish to raise, on January 10, 2023 at 3:00 pm.

Dated: 12/06/2022

**Brad Seligman / Judge**

ORDER re: Hearing on Motion - Other Motion for Class Certification          Page 6 of 6

EXHIBIT 2 - Page 36

# Exhibit 3

**EXHIBIT 2 - Page 37**

| PSA ID | Contact | Last Name | First Name |
|---|---|---|---|
| NKMBUKT101 | Carlos Acevedo | Acevedo | Carlos |
| NKMBUKT102 | Erick Acevedo | Acevedo | Erick |
| NKMBUKT103 | David Adan Barrera | Adan Barrera | David |
| NKMBUKT104 | Aramis Aguilar | Aguilar | Aramis |
| NKMBUKT105 | Veronica Alfaro | Alfaro | Veronica |
| NKMBUKT106 | Maalik Alford | Alford | Maalik |
| NKMBUKT107 | Jose Almaraz | Almaraz | Jose |
| NKMBUKT108 | Erazto Alonzo | Alonzo | Erazto |
| NKMBUKT109 | Jorge Alvarado | Alvarado | Jorge |
| NKMBUKT110 | Reynaldo Alvarado | Alvarado | Reynaldo |
| NKMBUKT111 | Armando Alvarez | Alvarez | Armando |
| NKMBUKT112 | Daniel Alvarez Jr | Alvarez Jr | Daniel |
| NKMBUKT113 | Demetrio Analco Garcia | Analco Garcia | Demetrio |
| NKMBUKT114 | Jaime Aquino | Aquino | Jaime |
| NKMBUKT115 | Eduardo Arango Jr | Arango Jr | Eduardo |
| NKMBUKT116 | Esperanza A Avila | Avila | Esperanza A |
| NKMBUKT117 | Julia Avila Chonay | Avila Chonay | Julia |
| NKMBUKT118 | Daysi Ayala | Ayala | Daysi |
| NKMBUKT119 | Agustin Baltazar | Baltazar | Agustin |
| NKMBUKT120 | Nivea Baptista | Baptista | Nivea |
| NKMBUKT121 | Nelson Barillas | Barillas | Nelson |
| NKMBUKT122 | Ruby S Baruth | Baruth | Ruby S |
| NKMBUKT123 | Herlindo Bautista | Bautista | Herlindo |
| NKMBUKT124 | Santiago Bautista | Bautista | Santiago |
| NKMBUKT125 | Francisca Bautista Avila | Bautista Avila | Francisca |
| NKMBUKT126 | Jaquelina Bazan | Bazan | Jaquelina |
| NKMBUKT127 | Alfonso Becerra | Becerra | Alfonso |
| NKMBUKT128 | Jorge Bejarano | Bejarano | Jorge |
| NKMBUKT129 | Hever Berreondo Mendez | Berreondo Mendez | Hever |
| NKMBUKT130 | Brian A Bertoli | Bertoli | Brian A |
| NKMBUKT131 | Ian Bertrando | Bertrando | Ian |
| NKMBUKT132 | Ancelmo Bibiano | Bibiano | Ancelmo |
| NKMBUKT133 | Ulises Bibiano | Bibiano | Ulises |
| NKMBUKT134 | Tomas Bibiano Perez | Bibiano Perez | Tomas |
| NKMBUKT135 | Cinque Black | Black | Cinque |
| NKMBUKT136 | Ashley R Botwinick | Botwinick | Ashley R |
| NKMBUKT137 | Tyler Breen | Breen | Tyler |
| NKMBUKT138 | Santos Brizuela | Brizuela | Santos |
| NKMBUKT139 | Hilda Carbajal-Ramirez | Carbajal-Ramirez | Hilda |
| NKMBUKT140 | Marcus Carr | Carr | Marcus |
| NKMBUKT141 | Cosmo Carter | Carter | Cosmo |
| NKMBUKT142 | Petra Castaneda | Castaneda | Petra |
| NKMBUKT143 | Rubilia Castaneda | Castaneda | Rubilia |
| NKMBUKT144 | Luis Castillo | Castillo | Luis |

EXHIBIT 2 - Page 38

| | | | |
|---|---|---|---|
| NKMBUKT145 | Sergio Castillo | Castillo | Sergio |
| NKMBUKT146 | Irma Castro | Castro | Irma |
| NKMBUKT147 | Alfredo Cervantes | Cervantes | Alfredo |
| NKMBUKT148 | Sarah C Chernoff | Chernoff | Sarah C |
| NKMBUKT149 | Devyn Christy | Christy | Devyn |
| NKMBUKT150 | Lorenzo Clark | Clark | Lorenzo |
| NKMBUKT151 | Carlos Cobian | Cobian | Carlos |
| NKMBUKT152 | Lea C Collins | Collins | Lea C |
| NKMBUKT153 | Ivan Contreras | Contreras | Ivan |
| NKMBUKT154 | Drusilla Cowan | Cowan | Drusilla |
| NKMBUKT155 | Luis Cruz | Cruz | Luis |
| NKMBUKT156 | Mateo Cruz | Cruz | Mateo |
| NKMBUKT157 | Paloma Cruz | Cruz | Paloma |
| NKMBUKT158 | Josue Cuatlacuatl | Cuatlacuatl | Josue |
| NKMBUKT159 | Jose Curiel-Morales | Curiel-Morales | Jose |
| NKMBUKT161 | Kendall Davis | Davis | Kendall |
| NKMBUKT162 | Sonja Davison | Davison | Sonja |
| NKMBUKT163 | Aja De Coudreaux | De Coudreaux | Aja |
| NKMBUKT164 | Pablo De Jesus Garcia | De Jesus Garcia | Pablo |
| NKMBUKT165 | Brooklynn Dees | Dees | Brooklynn |
| NKMBUKT166 | Mary Delgado | Delgado | Mary |
| NKMBUKT167 | Bryan Delgado Molina | Delgado Molina | Bryan |
| NKMBUKT168 | Jazmin Diaz | Diaz | Jazmin |
| NKMBUKT169 | Victor Hugo Diaz | Diaz | Victor Hugo |
| NKMBUKT170 | Jaydy M Diaz Mendez | Diaz Mendez | Jaydy M |
| NKMBUKT171 | George Didescu | Didescu | George |
| NKMBUKT172 | Nathaniel Dilworth Tooks | Dilworth Tooks | Nathaniel |
| NKMBUKT173 | Theodoric Dixon | Dixon | Theodoric |
| NKMBUKT174 | Cesar Dominguez | Dominguez | Cesar |
| NKMBUKT175 | Mariah Dominguez | Dominguez | Mariah |
| NKMBUKT176 | Aiden Douglass | Douglass | Aiden |
| NKMBUKT177 | Valerian S D'Souza | D'Souza | Valerian S |
| NKMBUKT178 | Dominique Duke | Duke | Dominique |
| NKMBUKT179 | Jasmin Enriquez Briseno | Enriquez Briseno | Jasmin |
| NKMBUKT180 | Moserrat Escalera | Escalera | Moserrat |
| NKMBUKT181 | Cesar Escalera Pasillas | Escalera Pasillas | Cesar |
| NKMBUKT182 | Leopoldo Estrada | Estrada | Leopoldo |
| NKMBUKT183 | Zena L Evans | Evans | Zena L |
| NKMBUKT184 | Omar Farah | Farah | Omar |
| NKMBUKT185 | Kyle Ferraris | Ferraris | Kyle |
| NKMBUKT186 | Enedina Figueroa | Figueroa | Enedina |
| NKMBUKT187 | Chelsey L Flesher | Flesher | Chelsey L |
| NKMBUKT188 | Alejandro Flores | Flores | Alejandro |
| NKMBUKT189 | Domingo Francisco Pedro | Francisco Pedro | Domingo |
| NKMBUKT190 | Claudia Frye | Frye | Claudia |

EXHIBIT 2 - Page 39

| | | | |
|---|---|---|---|
| NKMBUKT191 | Amador Garcia | Garcia | Amador |
| NKMBUKT192 | Gabriela Garcia | Garcia | Gabriela |
| NKMBUKT193 | Julio Garcia | Garcia | Julio |
| NKMBUKT194 | Reyna Garcia | Garcia | Reyna |
| NKMBUKT195 | Zuilma Garcia | Garcia | Zuilma |
| NKMBUKT196 | Veronica Garcia Aquino | Garcia Aquino | Veronica |
| NKMBUKT197 | Jeffry E Garcia Osorio | Garcia Osorio | Jeffry E |
| NKMBUKT198 | Luis Genchi | Genchi | Luis |
| NKMBUKT199 | Maria Genchi | Genchi | Maria |
| NKMBUKT200 | Crescencio Genchi Tornez | Genchi Tornez | Crescencio |
| NKMBUKT201 | Dream Gibson | Gibson | Dream |
| NKMBUKT202 | Tarik Glenn | Glenn | Tarik |
| NKMBUKT203 | Brandon L Glenning | Glenning | Brandon L |
| NKMBUKT204 | Luis Gomez | Gomez | Luis |
| NKMBUKT205 | Mildred Gomez | Gomez | Mildred |
| NKMBUKT206 | Victor A Gomez Bautista | Gomez Bautista | Victor A |
| NKMBUKT207 | Victor F Gonzalez | Gonzalez | Victor F |
| NKMBUKT208 | Oralia Gonzalez Valdez | Gonzalez Valdez | Oralia |
| NKMBUKT209 | Norman Grandjean | Grandjean | Norman |
| NKMBUKT210 | Jorge Guerra | Guerra | Jorge |
| NKMBUKT211 | Efren Gutierrez | Gutierrez | Efren |
| NKMBUKT212 | Dontae K Haggerty | Haggerty | Dontae K |
| NKMBUKT213 | Jaylen C Hall | Hall | Jaylen C |
| NKMBUKT214 | Cory Harris | Harris | Cory |
| NKMBUKT215 | Jacquelene Harvel | Harvel | Jacquelene |
| NKMBUKT216 | Jazmine M Harvel | Harvel | Jazmine M |
| NKMBUKT217 | Romond Heagler | Heagler | Romond |
| NKMBUKT218 | Francisco Hernandez | Hernandez | Francisco |
| NKMBUKT219 | Luis G Hernandez | Hernandez | Luis G |
| NKMBUKT220 | Martha Hernandez | Hernandez | Martha |
| NKMBUKT221 | Maximilliano Hernandez | Hernandez | Maximilliano |
| NKMBUKT222 | Stephen Hewlett | Hewlett | Stephen |
| NKMBUKT223 | Barbie Hix | Hix | Barbie |
| NKMBUKT224 | Devin Hollinsworth | Hollinsworth | Devin |
| NKMBUKT225 | Destinee Hunter | Hunter | Destinee |
| NKMBUKT226 | Daeun S Hwang | Hwang | Daeun S |
| NKMBUKT227 | Eduardo Ignacio Contreras | Ignacio Contreras | Eduardo |
| NKMBUKT228 | Carlos Ignacio Lorenzo | Ignacio Lorenzo | Carlos |
| NKMBUKT229 | Peter Ingargiola | Ingargiola | Peter |
| NKMBUKT230 | Robert R Jackson | Jackson | Robert R |
| NKMBUKT231 | Sterlie Jackson | Jackson | Sterlie |
| NKMBUKT232 | Samuel Jacobs | Jacobs | Samuel |
| NKMBUKT233 | Jose Jimenez | Jimenez | Jose |
| NKMBUKT234 | Patrice C Johnson | Johnson | Patrice C |
| NKMBUKT235 | Ricardo I Jones | Jones | Ricardo I |

EXHIBIT 2 - Page 40

| | | | |
|---|---|---|---|
| NKMBUKT236 | Cyleste Kelly | Kelly | Cyleste |
| NKMBUKT237 | Maria C Kempe | Kempe | Maria C |
| NKMBUKT238 | Patricia Keough | Keough | Patricia |
| NKMBUKT239 | Jatinie King | King | Jatinie |
| NKMBUKT240 | Tamica King | King | Tamica |
| NKMBUKT241 | Chase Knight | Knight | Chase |
| NKMBUKT242 | Marina Kotelnikova | Kotelnikova | Marina |
| NKMBUKT243 | Kavishka Kottege | Kottege | Kavishka |
| NKMBUKT244 | Jacqueline C Kracht | Kracht | Jacqueline C |
| NKMBUKT245 | Justin J Kyle | Kyle | Justin J |
| NKMBUKT246 | Gabriel LaCasse | LaCasse | Gabriel |
| NKMBUKT247 | Desjuan Lateri | Lateri | Desjuan |
| NKMBUKT248 | Lenard Leblanc | Leblanc | Lenard |
| NKMBUKT249 | Destinie Lee | Lee | Destinie |
| NKMBUKT250 | Danielle L LeValley | LeValley | Danielle L |
| NKMBUKT251 | Amanda Levey | Levey | Amanda |
| NKMBUKT252 | Giovanni Leyva | Leyva | Giovanni |
| NKMBUKT253 | Bohong Liang | Liang | Bohong |
| NKMBUKT254 | Marisol Linares Parra | Linares Parra | Marisol |
| NKMBUKT255 | Whitney R Livingston | Livingston | Whitney R |
| NKMBUKT256 | Josefa Lobato Espinoza | Lobato Espinoza | Josefa |
| NKMBUKT257 | Adamaris Lopez | Lopez | Adamaris |
| NKMBUKT258 | Dinet Lopez | Lopez | Dinet |
| NKMBUKT259 | Dominic R Lopez | Lopez | Dominic R |
| NKMBUKT260 | Isabel Lopez | Lopez | Isabel |
| NKMBUKT261 | Jose A Lopez | Lopez | Jose A |
| NKMBUKT262 | Karla Lopez | Lopez | Karla |
| NKMBUKT263 | Verakerr I Lopez | Lopez | Verakerr I |
| NKMBUKT264 | Daniel Lorenzo Ramirez | Lorenzo Ramirez | Daniel |
| NKMBUKT265 | Teri L Love | Love | Teri L |
| NKMBUKT266 | Lisette Loza | Loza | Lisette |
| NKMBUKT267 | Estela Luna | Luna | Estela |
| NKMBUKT268 | Charles A Lynch | Lynch | Charles A |
| NKMBUKT269 | Veronica Macario | Macario | Veronica |
| NKMBUKT270 | Jacov Malul | Malul | Jacov |
| NKMBUKT271 | Pascale Manuera | Manuera | Pascale |
| NKMBUKT272 | Agliberto Martinez | Martinez | Agliberto |
| NKMBUKT274 | Javier Martinez | Martinez | Javier |
| NKMBUKT273 | Javier Martinez | Martinez | Javier |
| NKMBUKT275 | Ruby Martinez | Martinez | Ruby |
| NKMBUKT276 | Felipe Martinez Bibiano | Martinez Bibiano | Felipe |
| NKMBUKT277 | Erin Mathern | Mathern | Erin |
| NKMBUKT278 | Jannet Mayoral-Villela | Mayoral-Villela | Jannet |
| NKMBUKT279 | Roxana Melendez Mendez | Melendez Mendez | Roxana |
| NKMBUKT280 | Carolina Mena | Mena | Carolina |

EXHIBIT 2 - Page 41

| NKMBUKT281 | Inmar Mendez | Mendez | Inmar |
| NKMBUKT282 | Mery Mendez | Mendez | Mery |
| NKMBUKT283 | Pablo Mendez | Mendez | Pablo |
| NKMBUKT284 | Aldo Mendez Suarez | Mendez Suarez | Aldo |
| NKMBUKT285 | Gerardo Merida | Merida | Gerardo |
| NKMBUKT286 | Dawit Mersha | Mersha | Dawit |
| NKMBUKT287 | Humberto Meza | Meza | Humberto |
| NKMBUKT288 | Eva Michel-Ford | Michel-Ford | Eva |
| NKMBUKT289 | Paloma Micheli | Micheli | Paloma |
| NKMBUKT290 | Nicholaas Miller | Miller | Nicholaas |
| NKMBUKT291 | Chenille Moldovan | Moldovan | Chenille |
| NKMBUKT292 | Sheyla Monge | Monge | Sheyla |
| NKMBUKT293 | Luis Moo Fernandez | Moo Fernandez | Luis |
| NKMBUKT294 | Diego Morales | Morales | Diego |
| NKMBUKT295 | Elva Morales | Morales | Elva |
| NKMBUKT296 | Jose Morales | Morales | Jose |
| NKMBUKT297 | Mariana Morales | Morales | Mariana |
| NKMBUKT298 | Gamalial Morales Sanchez | Morales Sanchez | Gamalial |
| NKMBUKT299 | Haeli Morris | Morris | Haeli |
| NKMBUKT300 | Jose Mutzutz | Mutzutz | Jose |
| NKMBUKT301 | Yazan Z Naal | Naal | Yazan Z |
| NKMBUKT302 | Yexica Najera Cruz | Najera Cruz | Yexica |
| NKMBUKT303 | Stanton Nareau | Nareau | Stanton |
| NKMBUKT304 | Martha Navarrete Acevedo | Navarrete Acevedo | Martha |
| NKMBUKT305 | Gloria Nguyen | Nguyen | Gloria |
| NKMBUKT306 | Amanda Nordquist | Nordquist | Amanda |
| NKMBUKT307 | Chiyo Nukaga | Nukaga | Chiyo |
| NKMBUKT308 | Dixy Nunez | Nunez | Dixy |
| NKMBUKT309 | Geovani Nunez | Nunez | Geovani |
| NKMBUKT310 | Joanne Nunez | Nunez | Joanne |
| NKMBUKT311 | Vinny Nunez | Nunez | Vinny |
| NKMBUKT312 | Juan A Nunez Pedroza | Nunez Pedroza | Juan A |
| NKMBUKT313 | Elvin Ochoa | Ochoa | Elvin |
| NKMBUKT314 | Esteban Ochoa | Ochoa | Esteban |
| NKMBUKT315 | Charly E Orellana | Orellana | Charly E |
| NKMBUKT316 | Sydney K Ortega | Ortega | Sydney K |
| NKMBUKT317 | Maria Ortiz | Ortiz | Maria |
| NKMBUKT318 | Casar Osuna | Osuna | Casar |
| NKMBUKT319 | Branden Owens | Owens | Branden |
| NKMBUKT320 | Laticia Pablo | Pablo | Laticia |
| NKMBUKT321 | Maria Padilla Estrada | Padilla Estrada | Maria |
| NKMBUKT322 | Antonio C Padron | Padron | Antonio C |
| NKMBUKT323 | Francisco Paredes | Paredes | Francisco |
| NKMBUKT324 | Jose A Pareja Vacaflores | Pareja Vacaflores | Jose A |
| NKMBUKT325 | Maria Pavon | Pavon | Maria |

EXHIBIT 2 - Page 42

| | | | |
|---|---|---|---|
| NKMBUKT326 | Sonia Pena | Pena | Sonia |
| NKMBUKT327 | Beyli Perez | Perez | Beyli |
| NKMBUKT328 | Elias Perez | Perez | Elias |
| NKMBUKT329 | Jesus Perez | Perez | Jesus |
| NKMBUKT330 | Quincy Perez | Perez | Quincy |
| NKMBUKT331 | Yesica Perez | Perez | Yesica |
| NKMBUKT332 | Julio C Perez Isara | Perez Isara | Julio C |
| NKMBUKT333 | Luis Perez Mendoza | Perez Mendoza | Luis |
| NKMBUKT334 | Michael Phillips | Phillips | Michael |
| NKMBUKT335 | Marcela H Piceno Lopez | Piceno Lopez | Marcela H |
| NKMBUKT336 | Audra Ponce | Ponce | Audra |
| NKMBUKT337 | Ashley Powell | Powell | Ashley |
| NKMBUKT338 | Kimberly Powell | Powell | Kimberly |
| NKMBUKT339 | Olivia Prink | Prink | Olivia |
| NKMBUKT340 | Marginis Pulido | Pulido | Marginis |
| NKMBUKT341 | Devynn J Quarles | Quarles | Devynn J |
| NKMBUKT342 | Jose Quintero | Quintero | Jose |
| NKMBUKT343 | David Quiroga | Quiroga | David |
| NKMBUKT344 | Ana Ramirez | Ramirez | Ana |
| NKMBUKT345 | Ivan Ramirez | Ramirez | Ivan |
| NKMBUKT346 | Rene Ramirez | Ramirez | Rene |
| NKMBUKT347 | Jose Ramirez Lopez | Ramirez Lopez | Jose |
| NKMBUKT348 | Nairovi Ramirez Santos | Ramirez Santos | Nairovi |
| NKMBUKT349 | Pahola Ramos Vergara | Ramos Vergara | Pahola |
| NKMBUKT350 | Silvia Rangel Munoz | Rangel Munoz | Silvia |
| NKMBUKT351 | Rafael Razo | Razo | Rafael |
| NKMBUKT352 | Ernesto Resendiz | Resendiz | Ernesto |
| NKMBUKT353 | Jose Reveles Soriano | Reveles Soriano | Jose |
| NKMBUKT354 | Ruby Rew | Rew | Ruby |
| NKMBUKT355 | Roberto Z Reyes | Reyes | Roberto Z |
| NKMBUKT356 | Magaly Reyes Gomez | Reyes Gomez | Magaly |
| NKMBUKT357 | Armando Reyna Velazquez | Reyna Velazquez | Armando |
| NKMBUKT358 | Joaquin J Rincon | Rincon | Joaquin J |
| NKMBUKT359 | Tomas Rivera | Rivera | Tomas |
| NKMBUKT360 | Marlin Rivera Hernandez | Rivera Hernandez | Marlin |
| NKMBUKT361 | Ariana Rivera Martinez | Rivera Martinez | Ariana |
| NKMBUKT362 | Zierre Robinson | Robinson | Zierre |
| NKMBUKT363 | Evan Rodrigues | Rodrigues | Evan |
| NKMBUKT364 | Enilda Rodriguez | Rodriguez | Enilda |
| NKMBUKT365 | Jazmin Rodriguez | Rodriguez | Jazmin |
| NKMBUKT366 | Joe Rodriguez | Rodriguez | Joe |
| NKMBUKT368 | Prisilia Rodriguez | Rodriguez | Prisilia |
| NKMBUKT369 | Sandy Rodriguez | Rodriguez | Sandy |
| NKMBUKT370 | Zoe Rothman | Rothman | Zoe |
| NKMBUKT371 | Erin Rubin | Rubin | Erin |

EXHIBIT 2 - Page 43

| | | | |
|---|---|---|---|
| NKMBUKT372 | Francisco Ruiz Carmona | Ruiz Carmona | Francisco |
| NKMBUKT373 | Samantha A Russi | Russi | Samantha A |
| NKMBUKT374 | Jorge Saldana | Saldana | Jorge |
| NKMBUKT375 | Todd W Sampson | Sampson | Todd W |
| NKMBUKT376 | Edgar Sanchez | Sanchez | Edgar |
| NKMBUKT377 | Hector Sanchez | Sanchez | Hector |
| NKMBUKT378 | Eduardo Sandoval | Sandoval | Eduardo |
| NKMBUKT379 | Glenda Liliana Santizo | Santizo | Glenda Liliana |
| NKMBUKT380 | Julia V Santos Lopez | Santos Lopez | Julia V |
| NKMBUKT381 | Johannes Scheepers | Scheepers | Johannes |
| NKMBUKT382 | Yididya Sebhatu | Sebhatu | Yididya |
| NKMBUKT383 | Alvin Shaw | Shaw | Alvin |
| NKMBUKT384 | Nicole Shek | Shek | Nicole |
| NKMBUKT385 | Bethany Shields | Shields | Bethany |
| NKMBUKT386 | Elise Siegel | Siegel | Elise |
| NKMBUKT387 | Edward J Silva | Silva | Edward J |
| NKMBUKT388 | Myriah L Sims | Sims | Myriah L |
| NKMBUKT389 | Allison Smith | Smith | Allison |
| NKMBUKT390 | Charris Smith | Smith | Charris |
| NKMBUKT391 | Michael Smith | Smith | Michael |
| NKMBUKT392 | Allysha Smith-Catley | Smith-Catley | Allysha |
| NKMBUKT393 | Marco Solorio | Solorio | Marco |
| NKMBUKT394 | Valamir Soriano | Soriano | Valamir |
| NKMBUKT395 | Victor Sosa | Sosa | Victor |
| NKMBUKT396 | Melinda Stinson | Stinson | Melinda |
| NKMBUKT397 | Yesica Tapia | Tapia | Yesica |
| NKMBUKT398 | Khion Tate | Tate | Khion |
| NKMBUKT399 | Omar Tejeda | Tejeda | Omar |
| NKMBUKT400 | Jeyslin Terrero | Terrero | Jeyslin |
| NKMBUKT401 | Michael Thomas | Thomas | Michael |
| NKMBUKT402 | Brittney A Tipsword | Tipsword | Brittney A |
| NKMBUKT403 | Omar Tornez | Tornez | Omar |
| NKMBUKT404 | Crystal Tremer | Tremer | Crystal |
| NKMBUKT405 | Kyle Tribble | Tribble | Kyle |
| NKMBUKT406 | Carla Tuku Carvalho | Tuku Carvalho | Carla |
| NKMBUKT408 | Armando Urizar | Urizar | Armando |
| NKMBUKT409 | Saul Valente | Valente | Saul |
| NKMBUKT410 | Enrique Valente Mora | Valente Mora | Enrique |
| NKMBUKT411 | Antoinique P Valentino | Valentino | Antoinique P |
| NKMBUKT412 | Zoilo Vargas | Vargas | Zoilo |
| NKMBUKT413 | Esperidion Vasquez | Vasquez | Esperidion |
| NKMBUKT414 | Hector Vasquez | Vasquez | Hector |
| NKMBUKT415 | Nicole M Vassallo | Vassallo | Nicole M |
| NKMBUKT416 | Ma Vergara Bravo | Vergara Bravo | Ma |
| NKMBUKT417 | Alison L Walker | Walker | Alison L |

EXHIBIT 2 - Page 44

| NKMBUKT418 | Drew Walker | Walker | Drew |
| NKMBUKT419 | Vincent Walker | Walker | Vincent |
| NKMBUKT420 | Hayley Waringer | Waringer | Hayley |
| NKMBUKT422 | Isabella Withrow | Withrow | Isabella |
| NKMBUKT423 | Martial Yapo | Yapo | Martial |
| NKMBUKT424 | Josue Zamora Avila | Zamora Avila | Josue |

EXHIBIT 2 - Page 45

| Address 1 | City | State | ZIP Code | Opt Out |
|---|---|---|---|---|
| 138 Ave | San Leandro | CA | 94578 | 0 |
| 141st Street | San Leandro | CA | 94578 | 0 |
| 220 E Lambert Rd | La Habra | CA | 90631-6133 | 0 |
| 812 6th Ave Apt 3 | Oakland | CA | 94606-2818 | 0 |
| 2359 Wendell Ave | Richmond | CA | 94804-1215 | 0 |
| 2011 Linden St | Oakland | CA | 94607-2839 | 0 |
| 6940 Snell St Unit C | Oakland | CA | 94621-3300 | 0 |
| 1935 E 52nd St Apt 1 | Long Beach | CA | 90805-6245 | 0 |
| 7721 84th Ave, Apt 2 | Oakland | CA | 94621 | 0 |
| 1623 S Walnut St Apt 4 | Anaheim | CA | 92802-2615 | 0 |
| 1449 E 43rd Pl | Los Angeles | CA | 90011-3805 | 0 |
| 215 N Fickett St Apt 1 | Los Angeles | CA | 90033-3536 | 0 |
| 1722 27th Ave Apt 45 | Oakland | CA | 94601-1779 | 0 |
| 1806 33rd Ave | Oakland | CA | 94601-3020 | 0 |
| 6775 Golden Gate Dr Apt 387 | Dublin | CA | 94568-4438 | 0 |
| 2601 Moraga St | San Francisco | CA | 94122-4118 | 0 |
| 1665 51st Ave | Oakland | CA | 94601-5236 | 0 |
| 1153 89th Ave | Oakland | CA | 94621-1119 | 0 |
| 1501 W Warner Ave | Santa Ana | CA | 92704-5146 | 0 |
| 2120 Huntington St Apt D | Huntington Beach | CA | 92648-2836 | 0 |
| 13282 Sandra Pl | Garden Grove | CA | 92843-2712 | 0 |
| 320 W Cota St | Santa Barbara | CA | 93101-3338 | 0 |
| 3334 Willow Pass Rd Apt D | Concord | CA | 94519-2347 | 0 |
| 2240 94th Ave | Oakland | CA | 94603-1817 | 0 |
| 1783 36th Ave | Oakland | CA | 94601-3631 | 0 |
| 1409 3rd Ave | Oakland | CA | 94606-1878 | 0 |
| 1739 S Nutwood St | Anaheim | CA | 92804-6541 | 0 |
| 836 34th Ave | Oakland | CA | 94601-3405 | 0 |
| 16318 Maubert Ave Apt D | San Leandro | CA | 94578-2268 | 0 |
| 1202 Mariner Dr | San Francisco | CA | 94130-1210 | 0 |
| 966 Hilldale Ave | Berkeley | CA | 94708-1418 | 0 |
| 1507 28th Ave Apt 4 | Oakland | CA | 94601-1688 | 0 |
| 1764 28th Ave | Oakland | CA | 94601-2455 | 0 |
| 862 36th St | Emeryville | CA | 94608-3955 | 0 |
| 1425 Lakeside Dr Apt 105 | Oakland | CA | 94612-4338 | 0 |
| 720 EASTERN LN | BRICK | NJ | 8723 | 0 |
| 3219 Bonnie Hill Dr | Los Angeles | CA | 90068-1322 | 0 |
| 1251 E 34th St | Los Angeles | CA | 90011-4149 | 0 |
| 344 PARK ST | SAN LEANDRO | CA | 94577 | 0 |
| 1540 Fred Jackson Way Unit 212 | Richmond | CA | 94801-1598 | 0 |
| 737 Italy Ave | San Francisco | CA | 94112-3520 | 0 |
| 1825 Fruitvale Ave Apt 11 | Oakland | CA | 94601-2443 | 0 |
| 851 Mead Ave | Oakland | CA | 94607-3443 | 0 |
| 1820 Foothill Blvd | Oakland | CA | 94606-4638 | 0 |

EXHIBIT 2 - Page 46

| Address | City | State | ZIP | |
|---|---|---|---|---|
| 1618 Sherman Pl Apt F | Long Beach | CA | 90804-7897 | 0 |
| 736 Baker St Apt E4 | Costa Mesa | CA | 92626-4355 | 0 |
| 1920 35th Ave | Oakland | CA | 94601-3121 | 0 |
| 13453 Bessemer St | Valley Glen | CA | 91401-3007 | 0 |
| 304 Shrine Club Rd | Seneca | SC | 29672-4875 | 0 |
| 1315 ANACAPA ST APT 2 | SANTA BARBARA | CA | 93101 | 0 |
| 886 Mead Ave | Oakland | CA | 94607-3444 | 0 |
| 1253 Sultan Cir | Carson | CA | 90746-3169 | 0 |
| 773 17th St | Oakland | CA | 94612-1018 | 0 |
| 1018 24th St | Oakland | CA | 94607-2904 | 0 |
| 83 Albert Ln | Concord | CA | 94518-2017 | 0 |
| 2809 W 8th St | Los Angeles | CA | 90005-1254 | 0 |
| 618 Neilson St | Albany | CA | 94707-1505 | 0 |
| 1701 Seminary Ave | Oakland | CA | 94621-4141 | 0 |
| 3511 Davis St | Oakland | CA | 94601-3837 | 0 |
| 291 FAIRMOUNT AVE APT 22 | OAKLAND | CA | 94611 | 0 |
| 3537 Rhoda Ave | Oakland | CA | 94602-3354 | 0 |
| 2917 MacArthur Blvd Apt 3G | Oakland | CA | 94602-3267 | 0 |
| 8254 Telegraph Rd | Downey | CA | 90240-2255 | 0 |
| 15911 Paseo Del Campo | San Lorenzo | CA | 94580-2307 | 0 |
| 6218 Fenham St | Oakland | CA | 94621-3702 | 0 |
| 233 S BROOKHURST ST APT D115 | ANAHEIM | CA | 92804 | 0 |
| 902 34th Ave | Oakland | CA | 94601-3416 | 0 |
| 2101 Stanton Ave | San Pablo | CA | 94806-2172 | 0 |
| 2810 Garden St | Oakland | CA | 94601-1342 | 0 |
| 61 Sycamore St | San Francisco | CA | 94110-1201 | 0 |
| 930 84th Ave Apt 308 | Oakland | CA | 94621-1858 | 0 |
| 3815 Lakeside Dr Apt F207 | Richmond | CA | 94806-5763 | 0 |
| 1618 27th Ave | Oakland | CA | 94601-1612 | 0 |
| 4202 Stewart Ave | Baldwin Park | CA | 91706-3121 | 0 |
| 1745 Sextonview Ln | Sebastopol | CA | 95472-9436 | 0 |
| 513 S Townsend St | Santa Ana | CA | 92703-4225 | 0 |
| 2230 W Ridgeway St | Jackson | MS | 39213-6461 | 0 |
| 238 Tunis Rd | Oakland | CA | 94603-1062 | 0 |
| 4500 Magi Ct | Antioch | CA | 94509-6298 | 0 |
| 3311 MacArthur Blvd | Oakland | CA | 94602-3821 | 0 |
| 200 E 53rd St | Los Angeles | CA | 90011-4565 | 0 |
| 1058 61st St | Oakland | CA | 94608-2355 | 0 |
| 2908 Glascock St | Oakland | CA | 94601-2825 | 0 |
| 1815 Denkinger Rd | Concord | CA | 94521-1133 | 0 |
| 2527 Market St | Oakland | CA | 94607-3437 | 0 |
| 755 Crater Camp Dr | Calabasas | CA | 91302-2121 | 0 |
| 13201 Balboa Ave Apt 2 | Garden Grove | CA | 92840-4449 | 0 |
| 3175 Samuel St | Riverside | CA | 92504-4456 | 0 |
| 936 Lafayette Ave | Brooklyn | NY | 11221-5598 | 0 |

**EXHIBIT 2 - Page 47**

| | | | | |
|---|---|---|---|---|
| 4838 St Charles Pl | Los Angeles | CA | 90019-5660 | 0 |
| 7839 Weld St | Oakland | CA | 94621-2641 | 0 |
| 832 27th Ave | Oakland | CA | 94601-1438 | 0 |
| 1409 23rd Ave # 2 | Oakland | CA | 94606-5016 | 0 |
| 2694 Shamrock Dr | San Pablo | CA | 94806-1565 | 0 |
| 1250 Adams Ave Apt F107 | Costa Mesa | CA | 92626-5504 | 0 |
| 1325 78th Ave | Oakland | CA | 94621-2605 | 0 |
| 36th Ave 108 | Oakland | CA | 94601 | 0 |
| 1837 E 25th St | Oakland | CA | 94606-3335 | 0 |
| 1837 E 25th St | Oakland | CA | 94606-3335 | 0 |
| 613 Chardonnay Dr | Fremont | CA | 94539-8008 | 0 |
| 2225 Ward St | Berkeley | CA | 94705-1027 | 0 |
| 915 Madison St | Albany | CA | 94706-2024 | 0 |
| 94607 542 LEWIS ST | OAKLAND | CA | 94607 | 0 |
| 2240 94th Ave | Oakland | CA | 94603-1817 | 0 |
| 9223 Birch St Apt 4 | Oakland | CA | 94603-1651 | 0 |
| 15991 S MYRTLE AVE APT B | TUSTIN | CA | 92780 | 0 |
| 2624 Foothill Blvd Apt 105 | Oakland | CA | 94601-1751 | 0 |
| 4105 Duquesne Ave Apt 5 | Culver City | CA | 90232-2840 | 0 |
| 35541 Camino Capistrano | San Clemente | CA | 92672-4836 | 0 |
| 4745 Tacomic Dr | Sacramento | CA | 95842-2423 | 0 |
| 1745 37th Ave | Oakland | CA | 94601-3543 | 0 |
| 271 N Oak St Apt D | Orange | CA | 92867-7734 | 0 |
| 5762 Walnut St | Oakland | CA | 94605-1054 | 0 |
| 8028 Westport Cir | Discovery Bay | CA | 94505-2678 | 0 |
| 5235 Kester Ave Apt 209 | Sherman Oaks | CA | 91411-4076 | 0 |
| 3017 Birmingham Dr | Richmond | CA | 94806-2632 | 0 |
| 1032 Mohr Ln Apt 68 | Concord | CA | 94518-3837 | 0 |
| 404 Chesley Ave | Richmond | CA | 94801-1510 | 0 |
| 21742 Vallejo St | Hayward | CA | 94541-2522 | 0 |
| 225 S 17th St | Richmond | CA | 94804-2603 | 0 |
| 419 Crestmont Dr | San Francisco | CA | 94131-1018 | 0 |
| 1925 E 23rd St # A | Oakland | CA | 94606-4120 | 0 |
| 3650 E Poppy St | Long Beach | CA | 90805-3964 | 0 |
| 1109 Estudillo St | Martinez | CA | 94553 | 0 |
| 348 Euclid Ave | Oakland | CA | 94610-3232 | 0 |
| 5603 Foothill Blvd | Oakland | CA | 94605-1069 | 0 |
| 1639 24th Ave 2 | Oakland | CA | 94601 | 0 |
| 2127 Jones St | San Francisco | CA | 94133-2515 | 0 |
| 385 Jayne Ave Apt 110 | Oakland | CA | 94610-3354 | 0 |
| 3115 Callecita St | Sacramento | CA | 95815-1325 | 0 |
| 1907 Tunnel Rd | Berkeley | CA | 94705-1762 | 0 |
| 320 S Clementine St | Anaheim | CA | 92805-3801 | 0 |
| 369 Garcia Ave | San Leandro | CA | 94577-1717 | 0 |
| 9316 MacArthur Blvd Apt 1 | Oakland | CA | 94605-4300 | 0 |

**EXHIBIT 2 - Page 48**

| | | | | |
|---|---|---|---|---|
| 6732 Franklin Pl | Los Angeles | CA | 90028-4538 | 0 |
| 5105 Bakman Ave Apt 11 | North Hollywood | CA | 91601-3713 | 0 |
| 7074 PESCADERO CREEK RD | PESCADERO | CA | 94060 | 0 |
| 2625 N State Highway 360 Apt 825 | Grand Prairie | TX | 75050-7894 | 0 |
| 850 E Leland Rd Apt 16 | Pittsburg | CA | 94565-5306 | 0 |
| 1901 E 1st St Apt 367 | Santa Ana | CA | 92705-4090 | 0 |
| 16792 NW Desert Canyon Dr | Beaverton | OR | 97006-7313 | 0 |
| 947 S California Ave | West Covina | CA | 91790-4005 | 0 |
| 6564 Liggett Dr | Oakland | CA | 94611-3202 | 0 |
| 20322 Portview Cir Unit 101 | Huntington Beach | CA | 92646-8559 | 0 |
| 1731 Pacific Coast Hwy | Hermosa Beach | CA | 90254-3251 | 0 |
| 169 Arthur Rd | Martinez | CA | 94553-2205 | 0 |
| 2234 Chestnut St | Oakland | CA | 94607-2909 | 0 |
| 33 Peppertree Way 142 | Pittsburg | CA | 94565 | 0 |
| 385 Church St | San Francisco | CA | 94114-1718 | 0 |
| 4443 Anderson Ave | Oakland | CA | 94619-1618 | 0 |
| 1733 Seminary Ave Apt 104 | Oakland | CA | 94621-4100 | 0 |
| 1574 W 1470 N | SAINT GEORGE | UT | 84770 | 0 |
| 3922 Foothill Blvd | Oakland | CA | 94601 | 0 |
| 744 BUCKINGHORSE DR | TRACY | CA | 95376 | 0 |
| 2527 Market St | Oakland | CA | 94607-3437 | 0 |
| 2406 Market St | Oakland | CA | 94607-3436 | 0 |
| 821 Mead Ave | Oakland | CA | 94607-3443 | 0 |
| 2498 Piedmont Ave | Berkeley | CA | 94704-2455 | 0 |
| 2049 1/2 Cambridge St | Los Angeles | CA | 90006 | 0 |
| 4710 S Figueroa St | Los Angeles | CA | 90037-3136 | 0 |
| 1709 W Cubbon St | Santa Ana | CA | 92703-4605 | 0 |
| 3510 Via Real | Carpinteria | CA | 93013-3048 | 0 |
| 900 34th Ave Apt 3 | Oakland | CA | 94601-3401 | 0 |
| 3401 Salisbury St Apt C | Oakland | CA | 94601-3165 | 0 |
| 643 TAYLOR AVE APT A | ALAMEDA | CA | 94501 | 0 |
| 314 E 52nd St | Los Angeles | CA | 90011-4576 | 0 |
| 2340 Powell St | Emeryville | CA | 94608-1738 | 0 |
| 3768 BROOKDALE AVE APT 2 | OAKLAND | CA | 94619 | 0 |
| 1555 Lakeside Dr Apt 40 | Oakland | CA | 94612-4542 | 0 |
| 1221 E 20th St | Oakland | CA | 94606-3175 | 0 |
| 1501 W Warner Ave | Santa Ana | CA | 92704-5146 | 0 |
| 257 Athol Ave | Oakland | CA | 94606-1342 | 0 |
| 3112 14th Ave | Oakland | CA | 94602-1069 | 0 |
| 1734 Margaret St | San Jose | CA | 95116-3414 | 0 |
| 394 Mead Ave | Oakland | CA | 94607 | 0 |
| 2465 Shoreline Dr Apt 109 | Alameda | CA | 94501-6215 | 0 |
| 821 Sunset Blvd | Hayward | CA | 94541-2517 | 0 |
| 2550 Franklin Ave | Union City | CA | 94587-1725 | 0 |
| 1616 87th Ave | Oakland | CA | 94621-1512 | 0 |

**EXHIBIT 2 - Page 49**

| | | | | |
|---|---|---|---|---|
| 1680 Grand Ave | San Leandro | CA | 94577-5304 | 0 |
| 16318 Maubert Ave Apt B | San Leandro | CA | 94578-2268 | 0 |
| 1279 Pacific Ave Apt 32 | San Leandro | CA | 94577-2551 | 0 |
| 1014 92nd Ave | Oakland | CA | 94603-1206 | 0 |
| 2406 Market St | Oakland | CA | 94607-3436 | 0 |
| 362 Jayne Ave Apt 10 | Oakland | CA | 94610-3302 | 0 |
| 1355 W COURT ST APT 607 | LOS ANGELES | CA | 90026 | 0 |
| 603 Seneca Ave Apt 2L | Ridgewood | NY | 11385-2162 | 0 |
| 2235 Grouse Way | Union City | CA | 94587-4612 | 0 |
| 690 15th St Apt 306 | Oakland | CA | 94612-1224 | 0 |
| 1601 Grant Ave | San Francisco | CA | 94133-3041 | 0 |
| | Oakland | CA | 92672 | 0 |
| 432 Marina Way S | Richmond | CA | 94804-2566 | 0 |
| 1707 69th Ave | Oakland | CA | 94621-3427 | 0 |
| 902 34th Ave | Oakland | CA | 94601-3416 | 0 |
| 516 Laurel Ave | Brea | CA | 92821-6633 | 0 |
| 3036 Willow Pass Rd Apt 15 | Concord | CA | 94519-2565 | 0 |
| 1445 Seminary Ave Apt C | Oakland | CA | 94621-4272 | 0 |
| 3713 MT DIABLO BLVD APT 3 | LAFAYETTE | CA | 94549 | 0 |
| 1120 W 6TH ST APT 1258 | LOS ANGELES | CA | 90017 | 0 |
| 1635 N FORMOSA AVE APT 101 | LOS ANGELES | CA | 90046 | 0 |
| 1532 Miller Ave | Oakland | CA | 94601-1035 | 0 |
| 145 Navajo Dr Apt G5 | Sedona | AZ | 86336-3772 | 0 |
| 1806 33RD AVE | OAKLAND | CA | 94601 | 0 |
| 21731 Rimrock St | Lake Forest | CA | 92630-2727 | 0 |
| 282 Esperanza Ave | Long Beach | CA | 90802-3646 | 0 |
| 1728 67th Ave | Oakland | CA | 94621-3620 | 0 |
| 16380 Foothill Blvd | San Leandro | CA | 94578-2199 | 0 |
| 1549 Lavetta Way # A | Concord | CA | 94521-1738 | 0 |
| 16380 Foothill Blvd | San Leandro | CA | 94578-2199 | 0 |
| 2519 Adeline St | Oakland | CA | 94607-2405 | 0 |
| 274 40th Street Way Apt 26 | Oakland | CA | 94611-5605 | 0 |
| 542 Lewis St | Oakland | CA | 94607-1240 | 0 |
| 542 Lewis St | Oakland | CA | 94607-1240 | 0 |
| 1707 36th Ave Apt 107 | Oakland | CA | 94601-3649 | 0 |
| 3501 Mandela Parkway | Oakland | CA | 94608 | 0 |
| 851 34th Ave Apt C | Oakland | CA | 94601-3400 | 0 |
| 2918 E 16th St | Oakland | CA | 94601-2352 | 0 |
| 517 Echo Hawk Ct | El Sobrante | CA | 94803-2646 | 0 |
| 2778 Foothill Blvd Apt B | Oakland | CA | 94601-1759 | 0 |
| 15379 Dewey St | San Leandro | CA | 94579-2007 | 0 |
| 8526 Luxor St | Downey | CA | 90241-5136 | 0 |
| 506 S Citron St | Anaheim | CA | 92805-4420 | 0 |
| 1614 Campbell St Apt 413 | Oakland | CA | 94607-1655 | 0 |
| 1174 Saint Matthew Pl Apt 105 | Concord | CA | 94518-1883 | 0 |

**EXHIBIT 2 - Page 50**

| | | | | |
|---|---|---|---|---|
| 3225 Santa Clara Ave Apt 4 | El Cerrito | CA | 94530-3846 | 0 |
| 56 Edgewood Ct | Daly City | CA | 94014-1844 | 0 |
| 900 34th Ave Apt 4 | Oakland | CA | 94601-3401 | 0 |
| 56 Edgewood Ct | Daly City | CA | 94014-1844 | 0 |
| 2871 Ceekay Ct | Castro Valley | CA | 94546-6714 | 0 |
| 56 Edgewood Ct | Daly City | CA | 94014-1844 | 0 |
| 524 22nd St | Richmond | CA | 94801-3325 | 0 |
| 24593 Bethel St | Wildomar | CA | 92595-8726 | 0 |
| 461 Metro Walk Way | Richmond | CA | 94801-3238 | 0 |
| 1547 34th St | Oakland | CA | 94608-4007 | 0 |
| 3009 Irwin St | Vallejo | CA | 94591-6614 | 0 |
| 10036 MacArthur Blvd # 10036 | Oakland | CA | 94605-5127 | 0 |
| 3426 Jennings St | San Francisco | CA | 94124-3524 | 0 |
| 2057 Eagle Ave | Alameda | CA | 94501-1362 | 0 |
| 360 Pine St | Millbrae | CA | 94030-2019 | 0 |
| 1480 Mission Canyon Rd | Santa Barbara | CA | 93105-2128 | 0 |
| 1431 E 21st St | Los Angeles | CA | 90011-1303 | 0 |
| 3862 Acorn Dr | Oakley | CA | 94561-4314 | 0 |
| 110 Olmsted Ct | Pittsburg | CA | 94565-5098 | 0 |
| 135 E Wakefield Ave Apt 1 | Anaheim | CA | 92802-4237 | 0 |
| 1766 86th Ave | Oakland | CA | 94621-1564 | 0 |
| 2740 E 17th St | Oakland | CA | 94601-1610 | 0 |
| 7229 International Blvd Apt D | Oakland | CA | 94621-2801 | 0 |
| 26 Hazelwood Ct | Oakland | CA | 94603-2132 | 0 |
| 2307 Garvin Ave | Richmond | CA | 94801 | 0 |
| 2295 W Broadway # K-218 | Anaheim | CA | 92804-2334 | 0 |
| 476 S CHATHAM CIR APT D | ANAHEIM | CA | 92806 | 0 |
| 1425 100th Ave | Oakland | CA | 94603-2505 | 0 |
| 136 International Blvd | Oakland | CA | 94606-2234 | 0 |
| 3056 Blossom St | Oakland | CA | 94601-2020 | 0 |
| 2301 E 26th St | Oakland | CA | 94601-1213 | 0 |
| 6494 Caballero Blvd | Buena Park | CA | 90620-1128 | 0 |
| 1225 DEERPARK DR APT 125 | FULLERTON | CA | 92831 | 0 |
| 97 Bissell Way | Richmond | CA | 94801-3102 | 0 |
| 3217 E 17th St | Oakland | CA | 94601-3011 | 0 |
| 1702 85th Ave | Oakland | CA | 94621-1719 | 0 |
| 6946 Foothill Blvd Apt 605 | Oakland | CA | 94605-2449 | 0 |
| 10944 San Pablo Ave | El Cerrito | CA | 94530-2372 | 0 |
| 250 PRINCETON ST | SAN FRANCISCO | CA | 94134 | 0 |
| 1725 MARION AVE APT K4 | NOVATO | CA | 94945 | 0 |
| 2001 S HASTER ST APT 36A | ANAHEIM | CA | 92802 | 0 |
| 890 Mead Ave | Oakland | CA | 94607-3444 | 0 |
| 773 17th St | Oakland | CA | 94612-1018 | 0 |
| 1054 Santa Maria Ct | Oakland | CA | 94601-1444 | 0 |
| 3957 Verbena St | Napa | CA | 94558-1984 | 0 |

EXHIBIT 2 - Page 51

| | | | | |
|---|---|---|---|---|
| 34 San Pablo Apt 6 | Oakland | CA | 94607 | 0 |
| 3016 Windsor Dr | Alameda | CA | 94501-1663 | 0 |
| 673 Quincy Way | Hayward | CA | 94541-7321 | 0 |
| 1801 Sereno Dr | Vallejo | CA | 94589-2742 | 0 |
| 1015 N Olive St | Santa Ana | CA | 92703-2333 | 0 |
| 3810 38th Ave | Oakland | CA | 94601 | 0 |
| 22 Knolltop Ct | Novato | CA | 94945-3405 | 0 |
| 6106 HILTON ST APT 1 | OAKLAND | CA | 94605 | 0 |
| 7229 International Blvd Unit D | Oakland | CA | 94621-2801 | 0 |
| 1402 Gordon St | Vallejo | CA | 94590-5710 | 0 |
| 2639 Vegas Ave | Castro Valley | CA | 94546-6417 | 0 |
| 16716 Judy Way | Cerritos | CA | 90703-2823 | 0 |
| 9560 MacArthur Blvd | Oakland | CA | 94605-4749 | 0 |
| 533 Clara St | Oakland | CA | 94603-1105 | 0 |
| 542 28th Ave | San Francisco | CA | 94121-2815 | 0 |
| 1534 Saint Charles St | Alameda | CA | 94501-2328 | 0 |
| 5450 De Marcus Blvd Apt 238 | Dublin | CA | 94568-7586 | 0 |
| 6525 Pine Needle Dr | Oakland | CA | 94611-1007 | 0 |
| 1512 Fruitvale Ave Apt 1 | Oakland | CA | 94601-2336 | 0 |
| 660 Pennsylvania Ave | San Francisco | CA | 94107-2916 | 0 |
| 1635 8th St | Oakland | CA | 94607-1354 | 0 |
| 626 E 23rd St | Los Angeles | CA | 90011-1142 | 0 |
| 792 Niles Ct | Pittsburg | CA | 94565-4608 | 0 |
| 1843 8th Ave Apt 2 | Oakland | CA | 94606-2547 | 0 |
| 1020 Glenwood St | Vallejo | CA | 94591-4808 | 0 |
| 504 Imperial Hwy Apt D | Fullerton | CA | 92835-1122 | 0 |
| 6007 ADELINE ST | EMERYVILLE | CA | 94608 | 0 |
| 1425 Martin Luther King Jr Way | Oakland | CA | 94612 | 0 |
| 773 17th St | Oakland | CA | 94612-1018 | 0 |
| 2321 Filbert St | Oakland | CA | 94607-2916 | 0 |
| 712 N 25th St | Mattoon | IL | 61938-2507 | 0 |
| 3001 E 17th St Apt 4 | Oakland | CA | 94601-2470 | 0 |
| 1749 37th Ave | Oakland | CA | 94601-3543 | 0 |
| 2107 E Cesar E Chavez Ave Apt 4 | Los Angeles | CA | 90033-4354 | 0 |
| 1824 Linden St Apt 5 | Oakland | CA | 94607-2889 | 0 |
| 2835 82nd Ave | Oakland | CA | 94605-3534 | 0 |
| 3440 Hannah St | Emeryville | CA | 94608-4024 | 0 |
| 1833 E 25th St Apt A | Oakland | CA | 94606-3335 | 0 |
| 5009 Zinfandel Ln | Vallejo | CA | 94591-8382 | 0 |
| 4135 S Van Ness Ave | Los Angeles | CA | 90062-1439 | 0 |
| 1921 S Garfield Ave | Monterey Park | CA | 91754-6516 | 0 |
| 542 Lewis St | Oakland | CA | 94607-1240 | 0 |
| 356 Fairway Ter | Philadelphia | PA | 19128-4615 | 0 |
| 26 Hazelwood Ct | Oakland | CA | 94603-2132 | 0 |
| 321 XIMENO AVE APT A | LONG BEACH | CA | 90814 | 0 |

EXHIBIT 2 - Page 52

| | | | | |
|---|---|---|---|---|
| 1027 24th St | Oakland | CA | 94607-2903 | 0 |
| 891 52nd St | Emeryville | CA | 94608-3239 | 0 |
| 4340 Normal Ave | Los Angeles | CA | 90029-2705 | 0 |
| 1201 Parkmoor Ave Apt 1425 | San Jose | CA | 95126-3567 | 0 |
| 92 Lupari | Irvine | CA | 92618-0116 | 0 |
| 1665 51st Ave | Oakland | CA | 94601-5236 | 0 |

**EXHIBIT 2 - Page 53**

# Exhibit 4

EXHIBIT 2 - Page 54

1 | **GAROFOLO & RAMSDELL, LLP**
Craig P. Ramsdell (State Bar No. 303942)
2 | Joseph A. Garofolo (State Bar No. 214614)
3443 Golden Gate Way, Suite H
3 | Lafayette, CA 94549
Tel: 415-981-8500
4 | Fax: 415-981-8870
E-mail: cramsdell@garofololaw.com
5 | E-mail: jgarofolo@garofololaw.com

6 | Attorneys for Defendants
Kevén Thibeault and Kristen Thibeault
7

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **COUNTY OF ALAMEDA**

10 | **UNLIMITED JURISDICTION**
11

12 | Aja De Coudreaux, *et al.*,

13 | Plaintiffs,

14 | v.

15 | Kombu Kitchen SF, LLC, a California
limited liability company, Kevén Thibeault,
16 | an individual, and Kristen Thibeault, an
individual.
17

18 | Defendants.

19 | Ma De Jesus Vergara, *et al.*,

20 | Plaintiffs,

21 | v.

22 | Kombu Kitchen SF, LLC, a California
limited liability company, Kevén Thibeault,
23 | an individual, and Kristen Thibeault, an
individual.
24

25 | Defendants.

26

Case No. RG20058323 (consolidated
with RG20057449)

Reservation No.: 300541827797

ASSIGNED FOR ALL PURPOSES TO:
JUDGE Michael Markman
DEPARTMENT 23, Rene C. Davidson
Courthouse

**OMNIBUS DECLARATION OF DONTAE
HAGGERTY IN SUPPORT OF MOTION
FOR SUMMARY ADJUDICATION ON
PLAINTIFFS' CLAIMS UNDER LABOR
CODE § 558.1 AND DEFENDANTS KEVÉN
THIBEAULT AND KRISTEN
THIBEAULT'S MOTION FOR SUMMARY
ADJUDICATION ON PLAINTIFFS'
CLAIMS UNDER PAGA IN *VERGARA*
ACTION AND *COUDREAUX* ACTION**

Hearing Date: November 19, 2024
Time: 10:00 a.m.
Dept. 23

Bench Trial Date: No Trial Date

27

28

DECLARATION OF DONTAE HAGGERTY

**EXHIBIT 2 - Page 55**

I, Dontae Haggerty, hereby declare as follows:

1.    I make this declaration based on my own personal knowledge, and if called as a witness to testify as to the facts set forth herein, I could and would testify competently with respect thereto.  I make this omnibus declaration in support of Defendant Kevén Thibeault's Motion for Summary Adjudication on Plaintiffs' Claims under Labor Code § 558.1 and Defendants Kevén Thibeault and Kristen Thibeault's Motion for Summary Adjudication on Plaintiffs' Claims under PAGA.

2.    I was a Kitchen Supervisor for Kombu Kitchen SF, LLC from 2017 to 2020.

3.    I have never observed Kevén Thibeault or Kristen Thibeault involved in reviewing employees' time records, monitoring whether employees take their full meal or rest breaks, or monitoring whether employees are reimbursed for any personal expenses incurred.

4.    I have never communicated with Kevén Thibeault or Kristen Thibeault regarding employment matters relating to meal breaks, rest breaks, or expense reimbursement.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on this 5th day of September 2024.

Dontae Haggerty

---

# Exhibit 5

**EXHIBIT 2 - Page 57**

1  **GAROFOLO & RAMSDELL, LLP**
   Craig P. Ramsdell (State Bar No. 303942)
2  Joseph A. Garofolo (State Bar No. 214614)
   3443 Golden Gate Way, Suite H
3  Lafayette, CA 94549
   Tel: 415-981-8500
4  Fax: 415-981-8870
   E-mail: cramsdell@garofololaw.com
5  E-mail: jgarofolo@garofololaw.com

6  Attorneys for Defendants
   Kevén Thibeault and Kristen Thibeault
7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                     **COUNTY OF ALAMEDA**

10                   **UNLIMITED JURISDICTION**

11

12 | Aja De Coudreaux, *et al.*,          | Case No. RG20058323 (consolidated
   |                                       | with RG20057449)
13 |              Plaintiffs,             |
   |                                       | Reservation No.: 300541827797
14 | v.                                    |
   |                                       | ASSIGNED FOR ALL PURPOSES TO:
15 | Kombu Kitchen SF, LLC, a California   | JUDGE Michael Markman
   | limited liability company, Kevén Thibeault, | DEPARTMENT 23, Rene C. Davidson
16 | an individual, and Kristen Thibeault, an | Courthouse
17 | individual.                           |
   |                                       | **OMNIBUS DECLARATION OF JANNETT
18 |              Defendants.             | MAYORAL IN SUPPORT OF MOTION
   |                                       | FOR SUMMARY ADJUDICATION ON
19 | Ma De Jesus Vergara, *et al.*,       | PLAINTIFFS' CLAIMS UNDER LABOR
   |                                       | CODE § 558.1 AND DEFENDANTS KEVÉN
20 |              Plaintiffs,             | THIBEAULT AND KRISTEN
   |                                       | THIBEAULT'S MOTION FOR SUMMARY
21 | v.                                    | ADJUDICATION ON PLAINTIFFS'
   |                                       | CLAIMS UNDER PAGA IN *VERGARA*
22 |                                       | ACTION AND *COUDREAUX* ACTION
   | Kombu Kitchen SF, LLC, a California   |
23 | limited liability company, Kevén Thibeault, | Hearing Date: November 19, 2024
   | an individual, and Kristen Thibeault, an | Time: 10:00 a.m.
24 | individual.                           | Dept. 23
25 |                                       |
   |              Defendants.             | Bench Trial Date: No Trial Date
26

27

28

---

                    DECLARATION OF JANNET MAYORAL

                                                    **EXHIBIT 2 - Page 58**

Docusign Envelope ID: 95E44139-917A-46B2-83B1-B4EA65D62C84

1       I, Jannet Mayoral, hereby declare as follows:

2       1.    I make this declaration based on my own personal knowledge, and if called as a
3 witness to testify as to the facts set forth herein, I could and would testify competently with respect
4 thereto.  I make this omnibus declaration in support of Defendant Kevén Thibeault's Motion for
5 Summary Adjudication on Plaintiffs' Claims under Labor Code § 558.1 and Defendants Kevén
6 Thibeault and Kristen Thibeault's Motion for Summary Adjudication on Plaintiffs' Claims under
7 PAGA.

8       2.    I am a Concierge Supervisor for Kombu Kitchen SF, LLC.

9       3.    I have never observed Kevén Thibeault or Kristen Thibeault being involved in reviewing
10 employees' time records, monitoring whether employees take their full meal or rest breaks, or
11 monitoring whether employees are reimbursed for any personal expenses incurred.

12       4.    I have never communicated with Kevén Thibeault or Kristen Thibeault regarding
13 employment matters relating to meal breaks, rest breaks, or expense reimbursement.

14       5.    The Employee Conduct Policy for Client Interaction was only provided to Concierge
15 employees (*i.e.*, employees who served food at clients' offsite locations) at an Oakland facility in late
16 2019.

18       I declare under the penalty of perjury under the laws of the State of California that the
19 foregoing is true and correct.  Executed on this 5th day of September 2024.



Jannet Mayoral

**EXHIBIT 2 - Page 59**

# Exhibit 6

**EXHIBIT 2 - Page 60**

Docusign Envelope ID: 93BC6739-A332-4BD5-A955-A7EABAB05DC4

1

**GAROFOLO & RAMSDELL, LLP**
Craig P. Ramsdell (State Bar No. 303942)

2   Joseph A. Garofolo (State Bar No. 214614)
3443 Golden Gate Way, Suite H

3   Lafayette, CA 94549
Tel: 415-981-8500

4   Fax: 415-981-8870
E-mail: cramsdell@garofololaw.com

5   E-mail: jgarofolo@garofololaw.com

6   Attorneys for Defendants
Kevén Thibeault and Kristen Thibeault

7

8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                              **COUNTY OF ALAMEDA**

10                             **UNLIMITED JURISDICTION**

11

| | |
|---|---|
| 12   Aja De Coudreaux, *et al.*, | Case No. RG20058323 (consolidated with RG20057449) |
| 13          Plaintiffs, | |
| 14   v. | Reservation No.: 300541827797 |
| 15   Kombu Kitchen SF, LLC, a California | ASSIGNED FOR ALL PURPOSES TO: JUDGE Michael Markman |
| 16   limited liability company, Kevén Thibeault, an individual, and Kristen Thibeault, an | DEPARTMENT 23, Rene C. Davidson Courthouse |
| 17   individual. | |
| 18          Defendants. | **OMNIBUS DECLARATION OF HEVER MENDEZ IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION ON** |
| 19   Ma De Jesus Vergara, *et al.*, | **PLAINTIFFS' CLAIMS UNDER LABOR CODE § 558.1 AND DEFENDANTS KEVÉN** |
| 20          Plaintiffs. | **THIBEAULT AND KRISTEN THIBEAULT'S MOTION FOR SUMMARY** |
| 21   v. | **ADJUDICATION ON PLAINTIFFS' CLAIMS UNDER PAGA IN *VERGARA*** |
| 22   Kombu Kitchen SF, LLC, a California | **ACTION AND *COUDREAUX* ACTION** |
| 23   limited liability company, Kevén Thibeault, an individual, and Kristen Thibeault, an | |
| 24   individual. | Hearing Date: November 19, 2024 Time: 10:00 a.m. |
| 25          Defendants. | Dept. 23 |
| 26 | Bench Trial Date: No Trial Date |

27

28

DECLARATION OF HEVER MENDEZ

**EXHIBIT 2 - Page 61**

Docusign Envelope ID: 93BC6739-A332-4BD5-A955-A5F20BFF9904

1    I, Hever Mendez, hereby declare as follows:

2        1.    I make this declaration based on my own personal knowledge, and if called as a witness

3    to testify as to the facts set forth herein, I could and would testify competently with respect thereto.  I

4    make this omnibus declaration in support of Defendant Kevén Thibeault's Motion for Summary

5    Adjudication on Plaintiffs' Claims under Labor Code § 558.1 and Defendants Kevén Thibeault and

6    Kristen Thibeault's Motion for Summary Adjudication on Plaintiffs' Claims under PAGA.

7        2.    I have been Kitchen BOH Supervisor for Kombu Kitchen SF, LLC from 2015 to the

8    present.

9        3.    I have never observed Kevén Thibeault or Kristen Thibeault involved in reviewing

10   employees' time records, monitoring whether employees take their full meal or rest breaks, or

11   monitoring whether employees are reimbursed for any personal expenses incurred.

12       4.    I have never communicated with Kevén Thibeault or Kristen Thibeault regarding

13   employment matters relating to meal breaks, rest breaks, or expense reimbursement.

14

15       I declare under the penalty of perjury under the laws of the State of California that the

16   foregoing is true and correct.  Executed on this 5th day of September 2024.

17

18   
          Hever Mendez

19

20

21

22

23

24

25

26

27

28

EXHIBIT 2 - Page 62

# Exhibit 7

**EXHIBIT 2 - Page 63**

1  **GAROFOLO & RAMSDELL, LLP**
   Craig P. Ramsdell (State Bar No. 303942)
2  Joseph A. Garofolo (State Bar No. 214614)
   3443 Golden Gate Way, Suite H
3  Lafayette, CA 94549
   Tel: 415-981-8500
4  Fax: 415-981-8870
   E-mail: cramsdell@garofololaw.com
5  E-mail: jgarofolo@garofololaw.com

6  Attorneys for Defendants
   Kevén Thibeault and Kristen Thibeault
7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                        **COUNTY OF ALAMEDA**

10                       **UNLIMITED JURISDICTION**

11

12 | Aja De Coudreaux, *et al.*,          | Case No. RG20058323 (consolidated with RG20057449)

13 |          Plaintiffs,

14 | v.                                   | Reservation No.: 423177446001

15 | Kombu Kitchen SF, LLC, a California  | ASSIGNED FOR ALL PURPOSES TO:
   | limited liability company, Kevén Thibeault, | JUDGE Michael Markman
16 | an individual, and Kristen Thibeault, an | DEPARTMENT 23, Rene C. Davidson
   | individual.                          | Courthouse
17

18 |          Defendants.                | **OMNIBUS DECLARATION OF JANNETT
                                          MAYORAL IN SUPPORT OF MOTION
19 | Ma De Jesus Vergara, *et al.*,       FOR SUMMARY ADJUDICATION ON
                                          PLAINTIFFS' CLAIMS UNDER LABOR
20 |          Plaintiffs,                CODE § 558.1 AND DEFENDANTS KEVÉN
                                          THIBEAULT AND KRISTEN
21 | v.                                   THIBEAULT'S MOTION FOR SUMMARY
                                          ADJUDICATION ON PLAINTIFFS'
22 | Kombu Kitchen SF, LLC, a California  CLAIMS UNDER PAGA IN *VERGARA*
   | limited liability company, Kevén Thibeault, ACTION AND *COUDREAUX* ACTION**
23 | an individual, and Kristen Thibeault,
   | individual.                          Hearing Date: December 17, 2024
24 |                                      Time: 10:00 a.m.
   |          Defendants.                Dept. 23
25

26 |                                     Bench Trial Date: No Trial Date

27

28

────────────────────────────────────────────

                    DECLARATION OF JANNET MAYORAL

                                          **EXHIBIT 2 - Page 64**

Docusign Envelope ID: 95E44139-917A-46B2-83B1-BAA65DD3C7CB

I, Jannet Mayoral, hereby declare as follows:

1.     I make this declaration based on my own personal knowledge, and if called as a witness to testify as to the facts set forth herein, I could and would testify competently with respect thereto.  I make this omnibus declaration in support of Defendant Kevén Thibeault's Motion for Summary Adjudication on Plaintiffs' Claims under Labor Code § 558.1 and Defendants Kevén Thibeault and Kristen Thibeault's Motion for Summary Adjudication on Plaintiffs' Claims under PAGA.

2.     I am a Concierge Supervisor for Kombu Kitchen SF, LLC.

3.     I have never observed Kevén Thibeault or Kristen Thibeault being involved in reviewing employees' time records, monitoring whether employees take their full meal or rest breaks, or monitoring whether employees are reimbursed for any personal expenses incurred.

4.     I have never communicated with Kevén Thibeault or Kristen Thibeault regarding employment matters relating to meal breaks, rest breaks, or expense reimbursement.

5.     The Employee Conduct Policy for Client Interaction was only provided to Concierge employees (*i.e.*, employees who served food at clients' offsite locations) at an Oakland facility in late 2019.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on this 5th day of September 2024.



Jannet Mayoral

---

# Exhibit 8

**EXHIBIT 2 - Page 66**

**Friday, September 27, 2024 at 15:00:34 Pacific Daylight Time**

# Exhibit 9

**EXHIBIT 2 - Page 68**

**Friday, September 27, 2024 at 15:01:04 Pacific Daylight Time**

# Exhibit 10

**EXHIBIT 2 - Page 70**

**Friday, September 27, 2024 at 15:02:44 Pacific Daylight Time**

# Exhibit 11

EXHIBIT 2 - Page 73

EXHIBIT 2 - Page 74

# Exhibit 12

EXHIBIT 2 - Page 77

I, Dontae Haggerty, declare as follows:

1. My name is Dontae Haggerty.  I have personal knowledge of the facts stated herein and if called upon as a witness could and would testify to them competently.

2. At the time of signing this document, I understand that I am a class member in the case entitled *Vergara et al. v. Kombu Kitchen SF LLC* et al.  (Case No. RG20057449) and that I have not opted out of the class. Otherwise, I do not have an attorney representing me in this lawsuit.

3. I have been contacted multiple times by Kristin Thibeault regarding the lawsuit against Kombu Kitchen.

4. Recently, Ms. Thibeault emailed me asking if I would agree to be represented by a Kombu Kitchen attorney, stating that I should simply reply by saying "yes" or "no." I have not replied to that email at the time of signing this document.

5. Prior to that, Ms. Thibeault contacted me to request that I sign a document. Afterwards, an attorney named Craig Ramsdell provided me a document to sign over email, which I signed using Docusign. A true and correct copy of that document is attached hereto as Exhibit A.


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on ___26/09/2024___ (Date).


Dante Haggerty

EXHIBIT 2 - Page 78

# Haggerty Dec

Final Audit Report                                                      2024-09-26

| | |
|---|---|
| Created: | 2024-09-26 |
| By: | Paul Pfeilschiefter (paul.pfeilschiefter@gmail.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAvyM3NUKVYvTEy1n1Wp3BTjYbGErf8IPF |

## "Haggerty Dec" History

📑 Document created by Paul Pfeilschiefter (paul.pfeilschiefter@gmail.com)
2024-09-26 - 6:28:13 PM GMT- IP address: 76.126.107.91

📧 Document emailed to Dontae Haggerty (dontaehaggerty@gmail.com) for signature
2024-09-26 - 6:28:26 PM GMT

📑 Email viewed by Dontae Haggerty (dontaehaggerty@gmail.com)
2024-09-26 - 9:05:20 PM GMT- IP address: 172.59.161.7

✍ Document e-signed by Dontae Haggerty (dontaehaggerty@gmail.com)
Signature Date: 2024-09-26 - 9:07:05 PM GMT - Time Source: server- IP address: 172.59.161.7

⊘ Agreement completed.
2024-09-26 - 9:07:05 PM GMT

 Adobe Acrobat Sign

EXHIBIT 2 - Page 79

1    **GAROFOLO & RAMSDELL, LLP**
     Craig P. Ramsdell (State Bar No. 303942)
2    Joseph A. Garofolo (State Bar No. 214614)
     3443 Golden Gate Way, Suite H
3    Lafayette, CA 94549
     Tel: 415-981-8500
4    Fax: 415-981-8870
     E-mail: cramsdell@garofololaw.com
5    E-mail: jgarofolo@garofololaw.com

6    Attorneys for Defendants
     Kevén Thibeault and Kristen Thibeault

7

8                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                            **COUNTY OF ALAMEDA**

10                           **UNLIMITED JURISDICTION**

11

12   Aja De Coudreaux, *et al.*,                 Case No. RG20058323 (consolidated
                                                 with RG20057449)
13            Plaintiffs,
                                                 Reservation No.: 300541827797
14   v.
                                                 ASSIGNED FOR ALL PURPOSES TO:
15   Kombu Kitchen SF, LLC, a California         JUDGE Michael Markman
     limited liability company, Kevén Thibeault, DEPARTMENT 23, Rene C. Davidson
16   an individual, and Kristen Thibeault, an    Courthouse
     individual.
17                                               **OMNIBUS DECLARATION OF DONTAE
18            Defendants.                        HAGGERTY IN SUPPORT OF MOTION
                                                 FOR SUMMARY ADJUDICATION ON
19   Ma De Jesus Vergara, *et al.*,              PLAINTIFFS' CLAIMS UNDER LABOR
                                                 CODE § 558.1 AND DEFENDANTS KEVÉN
20            Plaintiffs.                        THIBEAULT AND KRISTEN
                                                 THIBEAULT'S MOTION FOR SUMMARY
21   v.                                          ADJUDICATION ON PLAINTIFFS'
                                                 CLAIMS UNDER PAGA IN *VERGARA*
22   Kombu Kitchen SF, LLC, a California         ACTION AND *COUDREAUX* ACTION**
     limited liability company, Kevén Thibeault,
23   an individual, and Kristen Thibeault, an    Hearing Date: November 19, 2024
     individual.                                 Time: 10:00 a.m.
24                                               Dept. 23
25            Defendants.
                                                 Bench Trial Date: No Trial Date
26

27

28

---

                         DECLARATION OF DONTAE HAGGERTY

**EXHIBIT 2 - Page 80**

I, Dontae Haggerty, hereby declare as follows:

1.     I make this declaration based on my own personal knowledge, and if called as a witness to testify as to the facts set forth herein, I could and would testify competently with respect thereto. I make this omnibus declaration in support of Defendant Kevén Thibeault's Motion for Summary Adjudication on Plaintiffs' Claims under Labor Code § 558.1 and Defendants Kevén Thibeault and Kristen Thibeault's Motion for Summary Adjudication on Plaintiffs' Claims under PAGA.

2.     I was a Kitchen Supervisor for Kombu Kitchen SF, LLC from 2017 to 2020.

3.     I have never observed Kevén Thibeault or Kristen Thibeault involved in reviewing employees' time records, monitoring whether employees take their full meal or rest breaks, or monitoring whether employees are reimbursed for any personal expenses incurred.

4.     I have never communicated with Kevén Thibeault or Kristen Thibeault regarding employment matters relating to meal breaks, rest breaks, or expense reimbursement.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on this 5th day of September 2024.



Dontae Haggerty

---

1

DECLARATION OF DONTAE HAGGERTY

EXHIBIT 2 - Page 81

**PROOF OF SERVICE**

I am employed in the County of Alameda, State of California. I am over the age of 18 and not a party to the within action; my business address is 1939 Harrison Street, Suite 730, Oakland, California 94612.

On September 30, 2024, I served the documents described as:

- **Plaintiffs' Supplemental Case Management Statement**

on *Interested Parties at the following* addresses:

| | |
|---|---|
| Craig P. Ramsdell | Adam Tate |
| Garofolo & Ramsdell, LLP | Dirk Julander |
| 3443 Golden Gate Way, Suite H | Catherine Close |
| Lafayette, CA 94549 | Helene Saller |
| Email: cramsdell@garofololaw.com | Julander Brown & Bollard |
| jgarofolo@garofololaw.com | 9110 Irvine Center Drive, |
| | Irvine, CA 92618 |
| | E-Mail: Adam@jbblaw.com |
| | doj@jbblaw.com |
| | cac@jbblaw.com |
| | helene@jbblaw.com |
| Attorney for Defendants Kristin Thibeault; and Kevin Thibeault. | Attorney for Defendant Kombu Kitchen SF, LLC |

[ ]  **BY U.S. MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Oakland, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

[X] **BY E-Mail:** By transmitting the foregoing documents to the e-mail addresses listed above. The transmission was reported completed and without error. The foregoing documents were emailed from darjona@themmlawfirm.com.

[X] **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on September 30, 2024 at Oakland, California.

_____
Daniel Arjona

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
11766 Wilshire Blvd, Suite 730, Los Angeles, CA 90025

A true and correct copy of the foregoing document entitled (*specify*): **Julander Brown & Bollard, LLP's Reply to Class Creditors Joint Opposition to Application of Julander Brown & Bollard, LLP, Debtor's Special Litigation Counsel, for Approval of Compensation and Reimbursement of Expenses,** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 9, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See attached NEF service list.

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  October 9, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Sandra R. Klein          (Via Priority Mail)
United States Bankruptcy Judge
255 E. Temple St., Suite 1582
Los Angeles, CA 90012

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 9, 2024 | Martha E. Araki | /s/ Martha E. Araki |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                        **F 9013-3.1.PROOF.SERVICE**

In re Kombu Kitchen SF LLC                                                    **Case No. 2:23-bk-17276-SK**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- <u>Attorneys for Debtor Kombu Kitchen SF LLC</u>:  **Daniel J. Weintraub, David B. Zolkin, James R. Selth, Catherine Liu**:  dweintraub@wztslaw.com; dzolkin@wztslaw.com; jselth@wztslaw.com; cliu@wztslaw.com; maraki@wztslaw.com; sfritz@wztslaw.com
- <u>Subchapter V Trustee</u>:  **Mark Sharf**:  mark@sharflaw.com; C188@ecfcbis.com; sharf1000@gmail.com; 2180473420@filings.docketbird.com
- <u>Attorneys for American Express National Bank c/o Zwicker & Associates, P.C.</u>:  **Karen L. Belair**: kbelair@zwickerpc.com
- <u>Attorneys for Creditors Maria de Jesus Vergara and Aja de Coudreaux, and Attorney Paul Pfeilschiefter</u>: **Cody Alexander Bolce**:  cbolce@themmlawfirm.com; enotices@themmlawfirm.com
- <u>Interested Party/Courtesy NEF</u>:  **Todd S. Garan**:  ch11ecf@aldridepite.com; TSG@ecf.inforuptcy.com; tgaran@aldridgepite.com
- <u>Attorneys for Interested Party Sysco Corporation, Sysco San Francisco, Inc., and Newport Meat Northern California, Inc.</u>:  **Robert P. Goe, Brandon J. Iskander**:  kmurphy@goeforlaw.com; rgoe@goeforlaw.com; goeforecf@gmail.com; biskander@goeforlaw.com
- <u>Attorneys for Creditor AmTrust North America, Inc. on behalf of Wesco Insurance Company</u>: **Alan Craig Hochheiser**:  ahochheiser@mauricewutscher.com; arodriguez@mauricewutscher.com
- <u>Attorneys for Creditors Aja de Coudreaux and Maria De Jesus Vergara, and Attorney Paul Pfeilschiefter</u>: **Paul Pfeilschiefter**:  paul.pfeilschiefter@workerrightsattorney.com
- <u>Attorneys for Interested Parties Keven Thibeault and Kristen Thibeault</u>:  **Craig Ramsdell**: cramsdell@garofololaw.com
- <u>Attorneys for Ally Bank c/o AIS Portfolio Services, LLC</u>:  **Amitkumar Sharma**:  amit.sharma@aisinfo.com
- <u>Attorneys for Creditor Wells Fargo Bank, N.A. dba Wells Fargo Auto</u>:  **Ashley Soto**: ashley.p.soto@wellsfargo.com
- <u>Attorneys for Creditor Bi-Rite Restaurant Supply Co., Inc.</u>:  **Kaipo K.B. Young**:  KYoung@BL-Plaw.com
- <u>Attorneys for Creditor Night Heron Oakland, LLC</u>:  **A. David Youssefyeh**:  david@adylaw.com
- <u>US Trustee's Office</u>:  ustpregion16.la.ecf@usdoj.gov; **Ron Maroko**:  ron.maroko@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          **F 9013-3.1.PROOF.SERVICE**