David B. Zolkin – Bar #155410
WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 Wilshire Boulevard, Suite 730
Los Angeles, CA 90025
Telephone: (310) 207-1494
Facsimile:  (310) 442-0660
Email: dzolkin@wztslaw.com

General Bankruptcy Counsel to
Chapter 11 Debtor and Debtor in Possession,
KOMBU KITCHEN SF LLC, dba NIBLL

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>KOMBU KITCHEN SF LLC, dba NIBLL,<br><br>Debtor and Debtor In Possession. | Case No. 2:23-bk-17276-BR<br><br>Chapter 11<br><br>Subchapter V<br><br>**CASE STATUS REPORT**<br><br>Hearing:<br>Date:         May 13, 2025<br>Time:        9:00 a.m.<br>Courtroom: 1668<br>                    255 East Temple St.<br>                    Los Angeles, CA 90012<br>Judge:       Hon. Barry Russell |

**TABLE OF CONTENTS**

**Page**

A.   Debtor's Background ................................................................................................... 3

B.   Events and Activities During the Bankruptcy Case .................................................... 4

    1.   Initial Filing Events ............................................................................................ 4

    2.   Compliance Events ............................................................................................. 5

    3.   Leases and Executory Contracts ........................................................................ 6

    4.   Business Operations ........................................................................................... 7

    5.   Employment of Special Litigation Counsel ....................................................... 8

    6.   Plan of Reorganization ....................................................................................... 9

        a.   Initial Subchapter V Plan ....................................................................... 9

        b.   First Amended Subchapter V Plan ...................................................... 11

        c.   Objections to Wage Class Claimants' Proofs of Claim ...................... 11

        d.   Second Amended Subchapter V Plan .................................................. 12

        e.   Wage Class Claimants .......................................................................... 12

            (i)    2004 Examinations of the Debtor's Principals ...................... 12

            (ii)   Motion for Class Certification ................................................ 13

            (iii)  Trustee Expansion Motion ..................................................... 13

            (iv)   Motion to Remove the Debtor in Possession ......................... 14

    7.   2025 Postpetition Financing ............................................................................. 14

    8.   Current Status of State Court Actions .............................................................. 16

    9.   The Debtor's Next Plan of Reorganization ...................................................... 16

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, MARK SHARF, SUBCHAPTER V TRUSTEE, PARTIES IN INTEREST AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

KOMBU KITCHEN SF, LLC dba NIBLL (the "Debtor"), the debtor and debtor-in possession in this Chapter 11, Subchapter V case ("Bankruptcy Case" or "Case"), hereby submits this Case status report to the Court. As the Court is aware, on April 4, 2025, this Case was reassigned from the Honorable Judge Sandra R. Klein to the Honorable Judge Barry Russell. The Case status conference now set for May 13, 2025, will be the Debtor's first appearance before this Court since the reassignment took place.

Consequently, this Status Report will provide a rough overview of the Case's background for the Court to help it get up to speed.

**A.    Debtor's Background**

The Debtor operates a commercial catering service providing nutritious, high-quality meals to corporations, professional sports teams and schools. The Debtor's clients include independent schools in Orange County, California, and numerous corporate clients. The Debtor operates commercial kitchens located in Southern California, Northern California and Henderson, Nevada.

The Debtor is a California limited liability corporation which was established in April 2014. Kevén Thibeault is the Debtor's CEO and Kristen Thibeault is its Secretary. The Debtor is owned by the Thibeaults. It was founded to support health and wellbeing through the preparation and delivery of healthy food. Mrs. Thibeault survived cancer in 2008 and was inspired to build a business to promote food that heals and strengthens the body while boosting mental focus and energy.

The Debtor's business had been up and down prior to the Petition Date (defined below), The Covid 19 pandemic disrupted much of the food services and hospitality industry, including the Debtor. In 2022, the Debtor suffered substantial losses due to the ongoing closure of corporate clients' offices, client bankruptcies, the end of certain government contracts and other market forces. The Debtor also faced litigation by former employees (collectively, the "Wage Class Claimants" or "Plaintiffs"), who commenced two separate wage and hourly class action lawsuits , in the Alameda

County Superior Court (the "State Court") identified as *Aja de Coudreaux, et. al., v. Kombu Kitchens SF, LLC (dba "NYBLL")*, et al., Case No. RG20058323 and *Ma De Jesus Vergara V. Kombu Kitchen SF, LLC (dba "NYBLL")*, Case No. RG20057449 (collectively, the "State Court Actions"). The State Court Actions were eventually consolidated, with Case No. RG20058323 designated as the lead case. Prior to November 2023, the Debtor had expended substantial dollars on defense, experts and mediation fees defending the State Court Actions.

Despite best efforts, the Debtor was unable to resolve State Court Actions via settlement. The Debtor determined that bankruptcy relief was both necessary and appropriate.

B. **Events and Activities During the Bankruptcy Case**

On November 1, 2023 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11, Subchapter V of the Bankruptcy Code, in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (the "Court"). The Debtor continues to carry out its business operations and manage its financial affairs as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108. Mark Sharf was appointed as the Subchapter V Trustee on November 3, 2023 (Doc. No. 13). No official committee of creditors or equity interest holders was appointed in this Bankruptcy Case.

1. **Initial Filing Events.** On the Petition Date, the Debtor filed three emergency "first day" motions: (i) the *Emergency Motion to Authorize Debtor's Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Fed. R. Bank. Proc. 4001* ("Cash Collateral Motion," Doc. No. 7); (ii) the *Emergency Motion of Debtor and Debtor in Possession for Order Authorizing Debtor to Obtain Post-Petition Financing on an Unsecured Basis Pursuant to 11 U.S.C. § 364* ("DIP Financing Motion," Doc. No. 9); (iii) the *Emergency Motion of Debtor and Debtor in Possession for Entry of Interim and Final Orders (1) Approving the Debtor's Proposed Adequate Assurance of Payment of Future Utility Services, (2) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (3) Approving the Debtor's Proposed Procedures for Resolving Adequate Assurance Requests, and (4) Granting Related Relief* ("Utilities Motion," Doc. No. 11), and accompanying *Omnibus Declaration of Kevén Thibeault in Support of First Day Motions of Debtor* ("Thibeault

Declaration," Doc. No. 12, and collectively with the Cash Collateral Motion, the Prepetition Account Motion, and the Employee Motion, the "First Day Motions").

At the hearing held on November 8, the Court granted, on an interim basis, the Cash Collateral Motion (Doc. No. 32), the DIP Financing Motion (Doc. No. 33), and the Utilities Motion (Doc. No. 34), and set a final hearing on the respective motions for December 20, 2023. The First Day Motions were approved on a final basis by separate orders entered on January 25, 2024 (Doc. Nos. 91, 90 and 92, respectively).

**2.    Compliance Events.** Following the Petition Date, the Debtor submitted the United States Trustee 7-Day package to the Office of the United States Trustee (the "UST") and prepared and served Notices of Insider Compensation for the Debtor's principals, Kevén Thibeault, Kristen Thibeault, and their daughter, Katrina Thibeault, an account manager for the Debtor.

The Debtor filed its Schedules with the voluntary petition on November 1, 2023. The Debtor filed its Statement of Financial Affairs ("SOFA") (Doc. No. 39) on November 15, 2023. The Debtor filed and served its first amended Schedules and SOFA on February 8, 2024 (Doc. 106 and 107), to reflect information that was not available or inaccurately reflected at the time the Schedules and SOFA were initially filed. The "Statement regarding Compliance with 11 U.S.C. § 1116" was filed on November 8, 2023 (Doc. Nos. 25 and 26). The Debtor appeared at the Initial Debtor Interview with the UST on November 15, 2023, and at the Section 341(a) Meeting of Creditors held on November 20, 2023. Both meetings were concluded.

During the pendency of this Case, the Debtor has maintained its compliance as a debtor in possession by the filing of its Monthly Operating Reports for Small Business each month (Doc. Nos. 59, 89, 123, 152, 175, 207, 233, 265, 279, 288, 331, 339, 342. 344, 348, 351 and 352).

The Debtor filed its first Subchapter V Status Report on December 6, 2023 (Doc. No. 53) and attended the Subchapter V Status Conference on December 20, 2023. The initial employment applications for the Debtor's professionals were filed and served as follows: (i) Weintraub Zolkin Talerico & Selth LLP ("WZTS") as general bankruptcy counsel (filed on November 15, 2023, "WZTS Employment Application," Doc. No. 40); (ii) Marcum LLP as financial advisor (filed on December 1, 2023, "Marcum Employment Application," Doc. No. 51); (iii) Bent Caryl & Kroll,

LLP ("BCK") as special litigation counsel (filed on December 1, 2023, "BCK Employment Application," Doc. No. 47); and Julander Brown & Bollard, LLP ("JBB") as special litigation counsel (filed on August 19, 2024, "JBB Employment Application," Doc. No. 274). The order granting the WZTS Employment was entered on December 12, 2023 (Doc. No. 55). The orders granting the Marcum Employment Application and BCK Employment Application were entered on January 10, 2024 (Doc. Nos. 66 and 67, respectively) and the order granting the JBB Employment Application was entered on September 6, 2024 (Doc. No. 285).

As a Subchapter V case, the Debtor has conferred with and provided requested information to Mark Sharf, the Subchapter V Trustee appointed in this Bankruptcy Case.

**3.    Leases and Executory Contracts.** At the Petition Date, the Debtor was party to five (5) leases for commercial kitchen spaces: Oakland, CA, South San Francisco, CA, Fountain Valley, CA, Vernon, CA and Henderson, Nevada. As part of its efforts to reduce its overhead and thus increase its overall financial performance, in January 2024, the Debtor vacated its Oakland kitchen space located at 2321 Filbert Street, Oakland, CA 94607. A *Notice of Rejection of Lease* was filed on January 11, 2024 (Doc. No. 68), notifying the landlord of the Debtor's rejection of the Oakland lease effective February 1, 2024, followed by the *Debtor's Motion for Order Authorizing the Rejection of the Unexpired Lease of Real Property Located at 2321 Filbert Street, Oakland, CA 94607* ("Oakland Rejection Motion," Doc. No. 84) and accompanying Notice (Doc. No. 85) filed and served on January 19, 2024. No objections to the Oakland Rejection Motion were filed, and on February 15, 2024, the Court granted the Oakland Rejection Motion (Doc. No. 112).

On January 29, 2024, the Debtor filed and served its *Motion to Extend the Time to Assume or Reject Non-Residential Real Property Lease* ("Extension Motion," Doc. No. 99) and accompanying Notice (Doc. No. 100), seeking a 90-day extension of the time to assume or reject the remaining four leases under 11 U.S.C. § 365(d)(4) from February 29, 2024 to May 29, 2024. The Extension Motion sought additional time to allow the Debtor to complete the plan confirmation process, which was anticipated to extend beyond the 120-day time period to assume or reject leases. No objections to the Extension Motion were filed, and on February 21, 2024, the Court entered its order granting the Extension Motion (Doc. No. 121)

Additionally, on January 29, 2024, the Debtor filed and served its *Motion for Entry of an Order Approving Stipulation Providing for the Assumption and Assignment of the Unexpired Real Property Lease of 1715 East 21st Street, Los Angeles, CA 90058 and Return of Related Security Deposits* (the "Vernon Lease Motion," Doc. No. 101) and accompanying Notice (Doc. No. 102), wherein the Debtor sought approval to assume the lease for commercial kitchen space located at 1715 East 21st Street, Los Angeles, CA 90058 (the "Vernon Lease") and assign the Vernon Lease to its sub-lessee, Top N Catering, LLC, and return the balance of the security deposit held by the lessor to the Debtor's estate and the balance of Top N Catering's security deposit held by the Debtor to Top N Catering. No objections to the Vernon Lease Motion were filed, and on February 21, 2024, the Court entered its order granting the Vernon Lease Motion (Doc. No. 122).

Finally, on May 28, 2024, the Debtor filed its *Motion to Assume Unexpired Non-Residential Real Property Leases* (the "Lease Assumption Motion," Doc. No. 216), wherein the Debtor sought to assume its remaining three leases for kitchen spaces located at 2100 Boulder Highway, Henderson, Nevada 89011, 390 Swift Avenue, Suite 13, South San Francisco, California 94080, and 17290 Newhope Street, Unit A, Fountain Valley, California 92708 (the "Kitchen Leases") in conjunction with the then scheduled hearing to confirm the Debtor's plan of reorganization to be heard on August 14, 2024. While the Plan Confirmation hearing set for August 14 was vacated by the Court, the hearing on the Lease Assumption Motion went forward. No oppositions were filed, and the order granting the Lease Assumption Motion was entered by the Court on august 14, 2024 (Doc. No. 271).

**4.    Business Operations.**  In anticipation of the December 20, 2023, final hearing on the Cash Collateral Motion, the Debtor filed the *Declaration of Kevén Thibeault in Compliance with Interim Order Granting Debtor's Emergency Motion Authorizing Debtor's Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Fed. R. Bank. Proc. 4001* (Doc. No. 56) on December 13, 2023, in which the Debtor provided an updated operating budget. At the December 20, hearing, the Court granted use of cash collateral on a final basis and the order was entered on January 23, 2024 (Doc. No. 91).

///

Main Document    Page 8 of 19

With respect to the DIP Financing Motion, and the related interim order, on December 1, 2023, the Debtor file its *Declaration of Kevén Thibeault in Compliance with Interim Order Granting Debtor's Emergency Motion Authorizing Debtor to Obtain Post-Petition Financing on an Unsecured Basis* (the "DIP Declaration"). At the December 20 hearing, the Court granted the DIP Financing Motion on a final basis and the order was entered on January 23, 2024 (Doc. No. 92). The Debtor has continued to file monthly DIP Declarations as contemplated by the final order on the DIP Financing Motion. The final First Day Motion at the December 20, 2023 hearing was the Utilities Motion, which the Court granted on a final basis. The final order on the Utilities Motion was entered on January 23, 2024 (Doc. No. 92).

**5.    Employment of Special Litigation Counsel.**  As discussed above, the Debtor initially employed BCK as its special litigation counsel in connection with the State Court Actions. BCK had been prepetition counsel in the State Court Actions to each of the Debtor and the Thibeaults. Although the commencement of this Case stayed the State Court Actions as to the Debtor, the State Court Actions continued forward as to the Thibeaults and the Wage Claimants filed proofs of claims for an aggregate amount of approximately $11.1 million.

In March 2024, the Thibeaults hired Garofolo & Ramsdell, LLP ("G&R") to replace BCK as their personal counsel in the State Court Actions, and G&R was actively involved in preparing for the trial in the State Court Actions (the "State Court Trial"), then set for June 24, 2024. Following the Court's *sua sponte* lifting of the automatic stay of the State Court Actions as against the Debtor on or about May 22, 2024 (discussed below in the Wage Class Claimants section), BCK sought to be relieved as counsel for the Debtor in the State Court Actions and the Debtor sought to replace BCK with G&R as counsel.

G&R had been preparing to defend the Thibeaults in the State Court Trial and was familiar and knowledgeable with the substance of the claims asserted by the Wage Class Claimants and the defenses thereto, in light of the June 24 trial date (which had been continued to August 12 to allow the Debtor adequate time to retain trial counsel and meet the deadlines set by the State Court), the Debtor believed it was in their best interests to employ G&R as their special litigation counsel. Thus, the Debtor filed an application to employ G&R (the "G&R Employment Application," Doc. No.

CASE STATUS REPORT

237) as special litigation counsel on July 2, 2024. The G&R Application was opposed by the Wage Class Claimants. At the July 17 hearing on the G&R Employment Application, the Court denied G&R's employment, concluding that G&R was too conflicted due to its representation of the Thibeaults. (See Doc. No. 255).

As a result of the denial of G&R employment, the Debtor was without counsel to represent it at the State Court Trial, which was to start on August 12. The State Court, however, continued the State Court Trial to a future date to be determined at a case management conference to be held on October 1, 2024, so as to allow the Debtor time to find and engage new litigation counsel for the State Court Trial.

The Debtor conducted extensive efforts to find replacement litigation counsel. Due to (a) the pendency of the Bankruptcy Case, (b) the need for Court approval, and (c) the very late stage of the State Court Actions, only one of seven firms that the Debtor interviewed to act as its special litigation counsel, agreed to represent the Debtor. That firm is JBB. The Debtor filed the JBB Employment Application on August 19, 2024, and as no objections were filed, on September 6, 2024 the Court approved the JBB Employment Application (Doc. No. 285).

**6.    Plan of Reorganization.**

**a.    Initial Subchapter V Plan.** As a Subchapter V case, the Debtor had a shortened period of time within which to formulate and propose a subchapter V plan of reorganization. Initially the Debtor contemplated a confirmation hearing to be held as soon as February 14, 2024, and worked to formulate and develop a plan with that date in mind. But, in mid-December 2023, one of the Debtor's largest clients, Zoox, Inc. ("Zoox"), notified the Debtor of its intent to terminate its catering services agreement with the Debtor. As Zoox represented over 40% of the Debtor's gross revenue, its cancellation of its business with the Debtor significantly altered the Debtor's proposed plan, liquidation analysis and financial projections. So, the Debtor was required to adjust its plan and projections to address a reality without Zoox.

On January 12, 2024, the Debtor filed and served its *Motion for Order Approving Plan Confirmation Schedule* ("Scheduling Motion," Doc. No. 69) and related notice (Doc. No. 70). The Scheduling Motion set forth a series of dates for the Debtor to file and solicit the plan, with a

contemplated confirmation hearing date of April 17, 2024. On January 31, 2024, the Court entered its order on the Scheduling Motion, setting April 24, 2024, as the new confirmation hearing date (Doc. No. 104).

Following the Zoox contract termination, the Debtor formulated and prepared its *Plan of Reorganization for Small Business Under Chapter 11* (the "Plan," Doc. No. 98), which was filed January 26, 2024. The solicitation documents (the Plan, Notice of the Confirmation Hearing and Related Deadlines, and ballots for those parties entitled to vote) were mailed to the Debtor's creditors and parties in interest on February 2, 2024. By the March 13, 2024 deadline set by the Court for creditors to vote on and oppose the Plan and for secured creditors to make an election under Section 1111(b), the Debtor had received only five ballots from creditors, all in Class 3 – Allowed General Unsecured Claims, voting to reject the Plan. No secured party voted on the Plan or made an election under Section 1111(b). Three parties filed preliminary objections to the Plan by the March 13, 2024 deadline: the Wage Class Claimants (Doc. No. 138), Sysco Corporation (Doc. No. 147) and Mark Sharf, the Subchapter V Trustee (Doc. No. 148) (collectively, the "Plan Objections").

At a hearing held on March 20, 2024, the Court ruled that the Plan confirmation hearing would be continued from April 24, to address issues raised by the Court at the hearing as well as issues raised by the Subchapter V Trustee and the Wage Class Claimants in their preliminary oppositions to the Plan and in the Wage Claimants' recently filed motion to expand the Subchapter V Trustee's powers. On March 21, the Debtor filed and served a *Notice* (Doc. No. 151) of the continued hearing on the Trustee Expansion Motion (as defined below) and the confirmation hearing. The notice of continuance set forth the ruling of the Court and the updated deadlines, i.e., (i) the March 27 deadline for the Debtor to file an amended Plan and redline, (ii) file and serve the ballot tabulation summary and motion to confirm the Plan, as amended ("Confirmation Motion"), by April 3, (iii) resetting the last day for filing and service of objections to the Confirmation Motion to April 17, (iv) setting April 24 as the last day to file and serve any reply to any objections to the Plan, and (v) continuing the hearing on the Plan confirmation to May 22, 2024 – all to enable the Trustee Expansion Motion to be heard prior to the continued Plan confirmation hearing.

///

      **b.**      **First Amended Subchapter V Plan.** On March 27, 2024, the Debtor filed its *First Amended Plan of Reorganization for Small Business Under Chapter 11 Dated March 27, 2024* (the "First Amended Plan," Doc. No. 154) and submitted the redline version of the First Amended Plan (Doc. No. 155). The Debtor filed its Confirmation Motion in support of the First Amended Plan on April 3, 2024 (Doc. No. 160) which included supporting declarations of Kevén Thibeault and William Stetter, along with a *Modified Liquidation Analysis and Plan Projections – Non Material Modifications to Debtor's First Amended Plan* (Doc. No. 161) and *Plan Ballot Summary* (Doc. No. 162).

      On April 17, 2024, the Wage Class Claimants filed the *Class Creditors' Joint Objection to Debtor's Plan of Reorganization* (Doc. No. 172), and the Subchapter V Trustee filed his *Opposition to Plan Confirmation and Recommendation re Adequate Payment Amount* (Doc. No. 173) (collectively, the "First Amended Plan Objections"). Thereafter, Sysco Corporation and its subsidiaries filed a *Conditional Non-Opposition to Motion for Order Confirming Debtor's First Amended Plan* (Doc. No. 174) on April 18. The Debtor filed its *Reply to Objections to Plan; Declarations of William Stetter and Kevén Thibeault in Support Thereof* (the "Reply to Plan Objections," Doc. No. 178) on April 24, 2024.

      In contemplation of the May 22, 2024 confirmation hearing on the First Amended Plan, the Court issued an *Order Requiring All Parties to Appear in Person During the Subchapter V Confirmation Hearing* (Doc. No. 183) on May 7, 2024. The Debtor filed a *Statement of Position Regarding (1) Direct Testimony Through Declaration and (2) Scope of Argument, Evidence, and Cross-Examination in connection with Hearing on Confirmation of Plan of Reorganization* (Doc. No. 195) on May 21, 2024 to address two procedural issues: (i) whether witness declarations submitted in support of the Confirmation Motion may be submitted as evidence in lieu of live testimony and (ii) whether issues not previously raised in written briefing should be precluded from being raised for the first time at the Confirmation hearing.

      **c.**      **Objections to Wage Class Claimants' Proofs of Claim.** On May 21, 2024, the Thibeaults filed *Objections to Claims* of the Wage Class Claimants – Claim No. 26 filed by Maria de Jesus Vergara, et al. (Doc. No. 197) and Claim No. 25 filed by Aja de Coudreaux (Doc.

No. 199) (collectively, the "Class Action Claims Objections"). The Debtor filed *Joinders* to the Class Action Claims Objections later that day (Doc. Nos. 203 and 204), because Claims Nos. 25 and 26 (i) asserted almost $11.1 million in claims, (ii) were inconsistent with the under $6 million in economic damages the Wage Claimants had recently asserted in the State Court Action, and were facially defective as they were empty or otherwise devoid of evidentiary support.

As a result of the filing of the Class Action Claims Objections and the Joinders thereto, at the May 22 confirmation hearing, the Court, *sua sponte*, lifted the automatic stay pursuant to 11 U.S.C. § 362(d)(1) as to the Debtor to allow the State Court Actions to proceed to trial and ordered a new series of deadlines related to a second amended Plan to be filed by the Debtor. The order lifting the stay was entered on May 24, 2024 (Doc. No. 214).

    **d.**  **Second Amended Subchapter V Plan.** Pursuant to the Court's request at the May 21 hearing, on June 12, 2024, the Debtor prepared and filed its *Second Amended Plan of Reorganization for Small Business Dated June 12, 2024* (the "Second Amended Plan," Doc. No. 224), the *Amended Ballot Summary* (Doc. No. 226), and other documents relating to the Second Amended Plan. The Second Amended Plan relied upon updated projections.

The continued confirmation hearing on the Second Amended Plan was set for August 14, 2024. But, at the hearing on the G&R Employment Application on July 17, 2024, the Court took the Second Amended Plan off calendar until the Wage Claimants' claims could be liquidated in the State Court Action.

    **e.**  **Wage Class Claimants.** The Wage Class Claimants collectively have asserted approximately $11.1 million in claims against the Debtor, amounts that the Debtor believes to be vastly overstated. They also consistently have opposed the Debtor's efforts in this Case.

      (i)  **2004 Examinations of the Debtor's Principals.** The Wage Class Claimants filed a *Motion for an Order Authorizing Examination of Debtor CEO Kevén Thibault Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* and a *Motion for an Order Authorizing Examination of Debtor Secretary and Chief Culinary Officer Kristen Thibault Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* (the "2004 Motions," Doc. Nos. 61 and 62, respectively) on December 29, 2023, seeking to examine the Debtor's principals. On January 3,

2024, the Debtor filed the *Debtor's Opposition to Motions of Creditors Aja de Coudreaux, et al. for Orders Authorizing Examination of Debtor's Officers Kevén Thibeault and Kristen Thibeault Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* (Doc. No. 63). No hearing was set on the 2004 Motions and no 2004 examinations ever took place.

On February 23, and March 14, 2024, the Wage Class Claimants served the Debtor and its financial advisor, William Stetter, with *Notices of Subpoena* commanding production of documents. The Debtor served its *Response to Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises* ("Subpoena Response") on April 11, 2024 and produced certain documents to the Wage Class Claimants.

(ii) **Motion for Class Certification.** On January 12, 2024, each of the Wage Class Claimants filed a *Motion for Application of F.R.C.P. Rule 23 Class Certification Pursuant to F.R.B.P. Rule 7023* (collectively, the "Certification Motions,", Doc. Nos. 71 and 73). Each of the Certification Motions was set for hearing on February 14, 2024. By the Certification Motions, each of the Wage Class Claimant groups sought the ability to file proofs of claim on a consolidated basis consistent with the certifications of their claims in the State Court Actions. The Debtor did not oppose the Certification Motions. On February 16, 2024, the Court entered orders approving the Certification Motions (Doc. Nos. 114 and 115).

(iii) **Trustee Expansion Motion.** On February 28, 2024, the Wage Class Claimants filed a *Motion Requesting Expansion of Trustee Duties Pursuant to U.S.C.A §§ 1106 and 1183* ("Trustee Expansion Motion," Doc. No. 130), seeking to expand the Subchapter V Trustee's duties to investigate insider payments, pre-petition representations to creditors, allegedly undisclosed related entities and any other issues the Subchapter V Trustee deemed appropriate.

On March 6, the Debtor filed its *Non-Opposition and Response to Motion Requesting Expansion of Trustee Duties Pursuant to 11 U.S.C. §§ 1106 and 1183; Declaration of Kevén Thibeault in Support Thereof* ("Non-Opposition/Response," Doc. No. 135), wherein the Debtor advised the Court that it had been complying with all the requests of the Subchapter V Trustee, invited the Trustee to investigate any concerns with respect to the Debtor's operations and affairs,

and submitted the Declaration of Kevén Thibeault to address materially inaccurate statements in the Trustee Expansion Motion in order to provide the Court with a complete record.

The Subchapter V Trustee opposed the Trustee Expansion Motion ("Trustee Opposition," Doc. No. 136), citing the Wage Class Claimants' failure to pursue discovery, the logistical issues created by the timing of the hearing on the Trustee Expansion Motion and the April 3 deadline for final objections to the Plan confirmation, and that many of the facts in the Trustee Expansion Motion appear to be more properly bases for objecting to Plan confirmation. The Wage Class Claimants filed a reply to the Trustee Opposition on March 11 (Doc. No. 141). At the conclusion of the March 20 hearing on the Trustee Expansion Motion, the Court continued the hearing and revised the deadlines associated with the Plan (as detailed above). The Court ordered the Debtor to provide a declaration of Kevén Thibeault addressing specific questions raised by the Court at the hearing by March 27, 2024. That declaration was timely filed (Doc. No. 153). Following the continued hearing on April 10, 2024, the Court entered its *Order Denying Motion Requesting Expansion of Trustee Duties Pursuant to 11 U.S.C. §§ 1106 and 1183* (Doc. No. 167).

(iv) **Motion to Remove the Debtor in Possession.** On July 24, 2024, the Class Action Claimants filed a *Motion to Remove Debtor in Possession Pursuant to 11 U.S.C. § 1185(a)* ("DIP Removal Motion," Doc. No. 260). The Debtor filed its *Opposition* to the DIP Removal Motion on August 2, 2024 ("Debtor's Opposition," Doc. No. 266). The Wage Class Claimants filed a reply to the Debtor's Opposition on August 7, 2024 (Doc. No. 268). The Court denied the DIP Removal Motion in its entirety at the August 14 hearing thereon.

**7.    2025 Postpetition Financing.** The Debtor's revenues are highly cyclical. During the months of November and December, the Debtor's revenues can decline by as much as 28% to 35% due to a reduced need for its food preparation and delivery services during the holidays. Educational clients uniquely go dark in June, July and half of August resulting in similar revenue declines.

Although the Debtor's variable expenses, such as labor, wholesale food and cost of goods fluctuate and generally mirror revenues during these periods, expenses such as the Debtor's

management costs, rent, insurance, and other overhead and operational expenses generally remain consistent. Consequently, the Debtor can undergo acute cash flow needs during these periods.

During the months of November and December 2024 the Debtor experienced the depletion of its cash reserves that required it to explore further financing options for its operational expenses. In December 2024, the Debtor's payment processor Stripe, Inc. ("Stripe") reached out to the Debtor with a financing offer that would provide the Debtor with additional capital for the business in the amount of $250,000. The offer was made without need for applications or underwriting processes. It was, instead, facilitated within Stripe's online administrative dashboard for the Debtor. It was offered on an unsecured basis. Loans like this are routinely offered to the Debtor, based primarily upon its historical payment processor transactions and business record with Stripe. Consequently, the Debtor viewed acceptance of Stripe's financing offer as ordinary to the Debtor's course of business, and on January 6, 2025, the Debtor became party to a loan agreement with Stripe.

The Stripe Loan Agreement provided the Debtor with a $250,000 loan that together with a fixed fee for the loan requires the Debtor to repay Stripe $277,000. The loan carries a 13.2% Repayment Rate. The rate is the percentage of the Debtor's sales volume debited from each transaction of its Merchant Receivables (the funds owed to the Debtor arising from its sales through Stripe's payment processing services). Those amounts are debited from the Debtor's Merchant receivables on a per transaction basis and are applied toward the outstanding balance of the loan until paid in full. The loan matures on July 7, 2026. The Debtor makes payments on the loan at least every sixty days. The Debtor has already repaid approximately $100,000 on the loan and has an outstanding balance owed of approximately is approximately $177,000.

The Debtor has now bridged to its strong cash flow period, and March 2025 was a strong month for the Debtor, permitting it to build cash from a low cash position of $295,000 as of February 28, 2025 to a cash position of $346,000 as of March 31, 2025, even while servicing the Stripe indebtedness. The Stripe financing was reflected in the Debtor's monthly operating report filed for the month of January 2025. The Debtor presently intends to file a motion in the coming days seeking retroactive approval of the Stripe financing.

**8.     Current Status of State Court Actions.** Trial in the State Court Action commenced on February 10, 2025. The trial ended on April 4, 2025. The State Court granted five of six motions for judgment filed by the Debtor and the Thibeaults. As a result of those judgments, the Wage Claimants' cannot recover anywhere near the $11.1 million in claims asserted in their proofs of claim in this Case. Indeed, based upon the expert testimony and the revised damages model the Wage Claimants provided to the State Court at trial, the Debtor believes that the worst case scenario for Debtor is that the Wage Claimants will recover significantly less than $2.5 million in damages. If that turns out to be the case, the Debtor will consider seeking an order from the Court disallowing the Wage Claimants' proofs of claim in their entirety as having been put forward in bad faith.

Post-trial briefing is now underway. The Debtor expects a final ruling from the State Court in or about October, 2025.

Despite its good faith efforts, the Debtor has not been able to reach a settlement with the Wage Claimants.

**9.     The Debtor's Next Plan of Reorganization.** Judge Klein concluded that before the Debtor can seek confirmation of a plan of reorganization, Wage Claimants' claims need to be liquidated. If the Court continues to be of that view, then the Debtor will not be able to file its next amended plan any earlier than October or November 2025, after the State Court issues its decision in the State Court Action and the Bankruptcy Court subsequently ratifies that decision. Like the previously filed plans, the Debtor anticipates that its next plan will rely upon its net disposable income over a period of three to five years to pay its creditors.

Respectfully submitted,

Dated: April 29, 2025        **WEINTRAUB ZOLKIN TALERICO & SELTH LLP**

By */s/ David B. Zolkin*
    David Zolkin

    General Bankruptcy Counsel for
    Chapter 11 Debtor and Debtor in Possession,
    KOMBU KITCHEN SF, LLC, dba NIBLL

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
11766 Wilshire Blvd, Suite 730, Los Angeles, CA 90025

A true and correct copy of the foregoing document entitled (*specify*): **CASE STATUS REPORT,** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) April 29, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See attached NEF service list.

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) April 29, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

See attached US Mail service list.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) April 29, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Barry Russell            (Via Messenger)
United States Bankruptcy Court
255 East Temple St, Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 29, 2025 | Martha E. Araki | /s/ Martha E. Araki |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

**In re Kombu Kitchen SF LLC**                                                                 **Case No. 2:23-bk-17276-SK**

**1**. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

- <u>Attorneys for Debtor Kombu Kitchen SF LLC</u>: **David B. Zolkin, Catherine Liu, Daniel J. Weintraub, James R. Selth**: dzolkin@wztslaw.com; cliu@wztslaw.com; dweintraub@wztslaw.com; jselth@yahoo.com; maraki@wztslaw.com; sfritz@wztslaw.com; admin@wztslaw.com
- <u>Subchapter V Trustee</u>: **Mark Sharf**: mark@sharflaw.com; C188@ecfcbis.com; sharf1000@gmail.com; 2180473420@filings.docketbird.com
- <u>Attorneys for American Express National Bank c/o Zwicker & Associates, P.C.</u>: **Karen L. Belair**: kbelair@zwickerpc.com
- <u>Attorneys for Creditors Maria de Jesus Vergara and Aja de Coudreaux, and Attorney Paul Pfeilschiefter</u>: **Cody Alexander Bolce**: cbolce@themmlawfirm.com; enotices@themmlawfirm.com
- <u>Interested Party/Courtesy NEF</u>: **Todd S. Garan**: ch11ecf@aldridepite.com; TSG@ecf.inforuptcy.com; tgaran@aldridgepite.com
- <u>Attorneys for Creditor F50 League LLC</u>: **Jason R. Gianvecchio**: jgianvecchio@cwlfirm.com
- <u>Attorneys for Interested Party Sysco Corporation, Sysco San Francisco, Inc., and Newport Meat Northern California, Inc.</u>: **Robert P. Goe, Brandon J. Iskander**: kmurphy@goeforlaw.com; rgoe@goeforlaw.com; goeforecf@gmail.com; biskander@goeforlaw.com; ajohnston@goeforlaw.com; goe.robertp.r@notify.bestcase.com
- <u>Attorneys for Creditor AmTrust North America, Inc. on behalf of Wesco Insurance Company</u>: **Alan Craig Hochheiser**: ahochheiser@mauricewutscher.com; arodriguez@mauricewutscher.com
- <u>Attorneys for Creditors Aja de Coudreaux and Maria De Jesus Vergara, and Attorney Paul Pfeilschiefter</u>: **Paul Pfeilschiefter**: paul.pfeilschiefter@workerrightsattorney.com; paul.pfeilschiefter@gmail.com
- <u>Attorneys for Interested Parties Keven Thibeault and Kristen Thibeault</u>: **Craig Ramsdell**: cramsdell@garofololaw.com
- <u>Attorneys for Ally Bank c/o AIS Portfolio Services, LLC</u>: **Amitkumar Sharma**: amit.sharma@aisinfo.com
- <u>Attorneys for Creditor Wells Fargo Bank, N.A. dba Wells Fargo Auto</u>: **Ashley Soto**: ashley.p.soto@wellsfargo.com
- <u>Attorneys for Debtor Kombu Kitchen SF LLC</u>: **Michael Adam Tate**: adam@jbblaw.com
- <u>Attorneys for Creditor Bi-Rite Restaurant Supply Co., Inc.</u>: **Kaipo K.B. Young**: KYoung@BL-Plaw.com
- <u>Attorneys for Creditor Night Heron Oakland, LLC</u>: **A. David Youssefyeh**: david@adylaw.com
- <u>US Trustee's Office</u>: ustpregion16.la.ecf@usdoj.gov; **Ron Maroko**: ron.maroko@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                               **F 9013-3.1.PROOF.SERVICE**

In re Kombu Kitchen SF LLC                                                                  Case No. 2:23-bk-17276-SK

**2. SERVED BY UNITED STATES MAIL**:

**20 Largest:**

California Dept of Tax and Fee Adm
Account Information Group MIC:29
PO Box 942879
Sacramento, CA 94279-0029

City and County of San Francisco
Office of Treasurer & Tax Collector
1 Dr. Carlton B. Goodlett Place
San Francisco, CA 94102

Los Angeles Dept. Water and Power
P.O. Box 30808
Los Angeles, CA 90030

Lee & Associates
c/o Matthew Artukovich
5675 Telegraph Rd., Ste 300
Los Angeles, CA 90040

American Express
P.O. Box 297871
Fort Lauderdale, FL 33329-7812

Aramark
2680 Palumbo Dr.
Lexington, KY 40509

Sysco Corporation
1390 Enclave Pkwy.
Houston, TX 77077

Stanley Produce
2088 Jerrold Ave.
San Francisco, CA 94124

Worldwide Produce
P.O. Box 54399
Los Angeles, CA 90054

Bank Of America
P.O. Box 15184
Wilmington, DE 19850-5184

ZenPayroll Inc dba Gusto
525 20th St
San Francisco, CA 94107

Nevada Department of Taxation
1550 College Parkway, Suite 115
Carson City, NV 89706

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Ramp Card
71 5th Ave., 6th Fl.
New York, NY 10003

Newport Meat Company
48811 Warm Springs Blvd.
Fremont, CA 94539

**Secureds:**

Ally Bank
P.O. Box 380902
Bloomington, MN 55438-0902

Auto Wholesale Company
1013 N. Harbor Blvd.
Santa Ana, CA 92703

Wells Fargo Auto
800 Walnut St.
Des Moines, IA 50309-3605

Ascentium Capital LLC
23970 US Highway 59 North
Kingwood, TX 77339

Land Rover Financial Group
700 Kansas Lane
Monroe, LA 71203-4774

American Express Business Blueprint
P.O. Box 981540
El Paso, TX 79998-1540

U.S. Small Business Administration
Office of General Counsel
312 N. Spring St., 5th Fl.
Los Angeles, CA 90012

U.S. Small Business Administration
14925 Kingsport Rd
Fort Worth, TX 76155-2243

**Special Notice:**

Stan S Mallison Esq
Mallison & Martinez
1939 Harrison St Ste 730
Oakland, CA 94612-3547

US Attorneys Office
Attn Elan S Levey Asst US Attorney
300 N Los Angeles St
Fed Bldg Room 7516
Los Angeles, CA 90012

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                 **F 9013-3.1.PROOF.SERVICE**